FILED
CLERK, U.S. DISTRICT COURT

5/19/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RO _____ DEPUTY

CHRISTOPHER T. BARONE
SELF REPRESENTED LITIGANT
5523 OLD SALT LN.
AGOURA HILLS, CA 91301
EMAIL: THECTB@YAHOO.COM
PHONE: 818-661-9721

FEE PAID

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER T. BARONE,<br><br>Plaintiff,<br><br>    vs.<br><br>LOS ANGELES COUNTY SHERRIF'S DEPARTMENT; and DOES 1 through 10, inclusive,<br><br><br>   Defendants. | Case No.: 2:21-cv-04200-JWH-PD<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. UNLAWFUL SEIZURE OF PERSON (U.S. CONST. AMEND. 4)<br><br>2. UNLAWFUL ENTRY INTO and SEARCH OF PRIVATE PROPERTY (U.S. CONST. AMEND. 4)<br><br>3. MUNICIPAL LIABILITY (*Monell* Liability) FOR FAILURE TO TRAIN AND/OR DISCIPLINE DEPUTIES and OFFICERS (U.S. CONST. AMENDS. 1, 4 & 14)<br><br>4. MUNICIPAL LIABILITY (*Monell* Liability) FOR CUSTOM / PRACTICE / |

COMPLAINT FOR DAMAGES
1

POLICY (U.S. CONST. AMENDS. 1, 4 & 14)

5. FALSE ARREST / FALSE IMPRINSNMENT (UNDER CALIFORNIA STATE LAW)

6. VIOLATION OF CAL. CIVIL CODE § 52.1 (BANE ACT; UNDER CALIFORNIA STATE LAW)

7. NEGLIGENCE (UNDER CALIFORNIA STATE LAW)

8. BATTERY (UNDER CALIFORNIA STATE LAW)

9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (UNDER CALIFORNIA LAW)

**JURY TRIAL DEMANDED**

**COMES NOW** plaintiff CHRISTOPHER T. BARONE and shows this honorable court the following:

## <u>JURISDICTIONAL ALLEGATIONS</u>

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.     As Plaintiff claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff federal question claims, this court has jurisdiction over the Plaintiff California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*. All state law claims are brought against Defendant County of Los Angeles via vicarious liability only.

4.     Plaintiff have timely filed their California State Law Government Claims for Damages against the County of Los Angeles, and said claims were denied less than six months prior to the filing of this action.

## **GENERAL ALLEGATIONS**

5.     Plaintiff CHRISTOPHER T. BARONE, hereinafter referred to as "BARONE" or "Plaintiff BARONE", is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California..

6.     Defendant LOS ANGELES COUNTY SHERIFFS DEPARTMENT, hereinafter also referred to as "LACSD" or "SHERRIFS"

COMPLAINT FOR DAMAGES

3

7.    LACSD is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

8.    Defendant Deputy Parks, hereinafter also referred to as "Parks", is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with defendant LACSD.

9. Defendant Deputy Metcalf, is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of her employment with defendant LACSD.

10.    Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant LACSD and/or otherwise employed by the Los Angeles County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in

4

COMPLAINT FOR DAMAGES

this action, whose identities are, and remain unknown to plaintiff, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by Plaintiff.

11. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Los Angeles County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant LACSD.

12. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Los Angeles County Sheriff's Department and/or defendant County of Los Angeles, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their

COMPLAINT FOR DAMAGES

5

subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Los Angeles County Sheriff's Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) unlawful entry into and unlawful searches of vehicle; 3) fabricating evidence to procure the bogus criminal prosecutions of and the false convictions of innocents; and 4) covering up tortious conduct by Los Angeles County Sheriff's Department peace officers.

13. At all times complained of herein, DOES 7 through 10, inclusive,were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Los Angeles County Sheriff's Department, and/or some other public official(s) with defendant LACSD, and were acting in the course of and within the scope of their employment with defendant LACSD.

14. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace

officers, with the Los Angeles County Sheriff's Department and/or

otherwise with defendant LACSD[1].

15.     Plaintiff is presently unaware of the identities of DOES 1 through

10, inclusive, and will amend their complaint to add and to show the actual names

of said DOE defendants, when made known to Plaintiff.

16.     In addition to the above and foregoing, defendants PARKS AND

METCALF AND DOES 1 through 6, inclusive, acted pursuant to a conspiracy,

agreement and understanding and common plan and scheme to deprive the

Plaintiff of their federal Constitutional and statutory rights, and California

constitutional and statutory state law rights, as complained of in this action.

17.     Defendants PARKS and METCALF  and DOES 1 through 10,

inclusive, acted in joint and concerted action to so deprive the Plaintiff of those

rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise

in violation of United States (Constitutional and statutory) law and California

(Constitutional and statutory) state law.

18.     Said conspiracy / agreement / understanding / plan / scheme / joint

action / concerted action, above-referenced, was a proximate cause of the

violation of the plaintiff's federal and state constitutional and statutory rights, as

complained  of herein.

---

[1] Such as a LACSD executive officer.

COMPLAINT FOR DAMAGES

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure of Person
### (By BARONE, Against Defendants PARKS AND DEPUTY
### METCALFE and DOES 1 through 6, inclusive)

19.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in full herein.

20.  Plaintiff Barone is a United States Marine Corp Veteran, honorably discharged and served with distinction including Presidential detail and Embassy duty.  He is a proud Husband of 22 years and Father of 3 young children.

21. Plaintiff Barone is part owner, manadtory member, and employee working at 5719 Lake Lindero Dr., Agoura Hills, CA 91301 as the CEO of the Lake Lindero Country Club. Plaintiff is part owner of the property and was an employee hire by the Lake Lindero HOA Board of Directors.

22.     Apparently, at approximately 2:30 p.m.,  Deputies Parks and DEPUTY METCALF of the Los Angeles County Sheriff's Department came to the Lake Lindero Country Club and were met pleasantly by the CEO.

23.     Defendants PARKS AND  METCALF proceeded to call a restrained person SHELBY WAGNER to the country club.

24. Defendents PARKS and METCALF were notified several times of the court order restricting SHELBY WAGNER from coming within 100 yards of the BARONE. Defendant PARKS and  METCALF allowed

and requested SHELBY WANGER to come within 20 feet of BARONE .

Parks proceeded to laugh and point at Barone with SHELBY WAGNER.

25.     At approximately 3:00 p.m., Plaintiff BARONE was frisked, sexually  groped and handcuffed. Stuffed into the back of the LACSD Vehicle and hauled to jail.

26.     PARKS  was on the phone getting guidance and instructions Plaintiff Barone overheard parts of the phone conversation and Parks was hard saying "are you sure?" prior to Barone being sexually groped and handcuffed

27.     PARKS ordered BARONE to put his hands behind his back and BARONE complied.

28.      METCALF then handcuffed BARONE, sexually groped him, and humiliated him without stating any reason why.  Barone was in front his employees and clients at the Country Club in the parking lot.

29.   BARONE tried to explain to PARKS and  METCALF that not only wasn't he served but that the restraining order had already expired.

30. As complained of herein above, none of the defendants to this action had a warrant for Plaintiff's arrest.  The reason SHELBY WAGNER came to the club and violated the restraining order against her was because the deputies wanted a reason to arrest Barone knowing she was not allowed at the Country Club, knowing BARONE was never served and knowing BARONE stated the restraining order was expired.

COMPLAINT FOR DAMAGES

committed a crime, nor reasonable suspicion of criminality afoot by the Plaintiff,

or any suspicion that the Plaintiff was a danger to anyone or anything.

31.     Accordingly, the seizure of Plaintiff by defendants LACSD and

DOES 1 through 6, inclusive, by threatened use of force, and while working and

on display outside in front of employees and clients, constituted an unlawful and

unreasonable seizure of Plaintiff, in violation of his rights under the Fourth

Amendment to the United States Constitution.

32.     As a direct and proximate result of the actions of defendants

PARKS and  METCALF and DOES 1 through 6, inclusive, as complained of

herein, Plaintiff BARONE: 1) was substantially physically, mentally and

emotionally injured; 2) incurred medical and psychological costs, bills and

expenses and 3) incurred other special and general damages and expenses in an

amount to be proven at trial which is in excess of $1,000,000.

33.     The actions by said defendants were committed maliciously,

oppressively and in reckless disregard of Plaintiff' constitutional rights, sufficient

for an award of punitive / exemplary damages against all defendants and each of

them in an amount to be proven at trial in excess of $1,000,000.00 for the

plaintiff.

**SECOND CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation Of Fourth Amendment Rights**
**Unreasonable / Unlawful Entry Into and Search and**
**Seizure of Private Residence**

COMPLAINT FOR DAMAGES

**(By BARONE Against Defendants LACSD and DOES 1
through 6, inclusive)**

34.     Plaintiff hereby realleges and incorporates by reference the allegations
set forth in paragraphs 1 through 33, inclusive, above, as if set forth in full herein.

35.     As shown above, defendants LACSD and DOES 1 to 6, inclusive,
entered the Plaintiff' Private Property by themselves, without a warrant, consent
or an emergency.

36.     Also as shown above, defendants LACSD and DOES 1 to 6,
inclusive, searched the Plaintiff' truck and person without a warrant, consent or an
emergency.

37.     The actions of defendants LACSD and DOES 1 to 6,
inclusive, complained of in this action in entering, searching and seizing
Plaintiff's truck, constituted an unlawful and unreasonable entry into and seizure
of property in the absence of a warrant, consent, or an emergency, in violation of
the Plaintiff rights to be free from such entry, search and seizure of Plaintiff's
property under the Fourth Amendment to the United States Constitution.

38.     As a direct and proximate result of the actions of Defendants
PARKS,  METCALF and DOES 1 to 6, inclusive, Plaintiff was: 1) substantially
physically, mentally and emotionally injured; 2) incurred medical and
psychological costs, bills and expenses, 3) incurred lost wages and profits,

and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $1,000,000.00 for the plaintiff.

39.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiff' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $1,000,000.00 for each defendant.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR**
**FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(By BARONE, Against Defendants LACSD)**

40.     Plaintiff hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

41.     As complained of herein above, the acts of defendants LACSD and DOES 1 through 6, deprived Plaintiff of their rights under the laws of the United States and The United States Constitution.

42.     The training policies of LACSD were not adequate to train its police officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted Plaintiff, including training on: 1) when deputy sheriffs are lawfully permitted to enter and search a property and person; 2) when deputy sheriffs are lawfully permitted to take employees of

COMPLAINT FOR DAMAGES

13

private property off of their property; 3) that taking persons off of their property on an expired court order unreasonable and unlawful; and 4) that seizing private citizen in the absence of a warrant is unlawful.

43.    LACSD was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

44.    The failure of LACSD to provide adequate training caused the deprivation of Plaintiff rights by defendants LACSD and DOES 1 through 6, inclusive.

45.    LACSD's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused Plaintiff injuries.

46.    As a direct and proximate result of the actions of defendants PARKS, METCALF and DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $1,000,000.00 for the plaintiff.

**FOURTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(By BARONE, Against Defendant LACSD)**

COMPLAINT FOR DAMAGES

14

47.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 46 inclusive, above, as if set forth in full herein.

48.     As shown above, the actions of defendants LACSD and DOES 1 through 6, inclusive, deprived the Plaintiff of their particular rights under the United States Constitution, as described above.

49.     At all times complained of herein, defendants LACSD and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Los Angeles LACSD Sheriff's Department /defendant LACSD: 1) unlawfully entering and searching private property, including performing unlawful "Sexual groping" of a civilian;  2) for seizing a civilian in unnecessarily degrading and humiliating manner, such as by taking them out in front of all employees, clients and within 20ft of a lawfully restrained person SHELBY WAGNER; 3)  for covering-up unlawful and tortuous conduct by Los Angeles County Sheriff's Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the Plaintiff in this action.

50.     Said actions of said defendants were done by them under the color of state law.

51.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants LACSD, above-described, said defendants committed said actions complained of above.

52.     As a direct and proximate result of the actions of defendants LACSD, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $1,000,000.00 for the plaintiff.

**FIFTH CAUSE OF ACTION**
**False Arrest / False Imprisonment**
**Under California State Law**
**(By BARONE, Against All Defendants)**

53. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52 inclusive, above, as if set forth in full herein.

54. Defendants LACSD and DOES 1 through 6, inclusive, restrained, humiliated and deprived Plaintiff of his liberty..

//
//
//

COMPLAINT FOR DAMAGES
16

55.  Defendants LACSD and DOES 1 through 6, inclusive, intentionally deprived Plaintiff of their freedom of movement by use of physical force and violence.

56.  Plaintiff did not consent to said deprivation of their freedom of movement by defendants LACSD and DOES 1 through 6, inclusive, or to the use of force and violence upon them.

57.  Plaintiff suffered harm because of said deprivation of their freedom of movement by defendants LACSD and DOES 1 through 6, inclusive.

58.  The actions committed by defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of Plaintiff under California state law.

59.  Defendants LACSD and DOES 1 through 6,inclusive, are liable to Plaintiff for said false arrest / false imprisonment, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.2, 820.4, 820.8, and otherwise pursuant to the common-law.

60.  The actions committed by defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, proximately caused Plaintiff to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other

COMPLAINT FOR DAMAGES

17

costs and expenses, in an amount to be proven at trial which is in excess of

$1,000,000.00. .

61.  The actions of defendants LACSD and DOES 1

through 6, inclusive, were committed maliciously, oppressively and constituted

despicable conduct, sufficient for an award of punitive / exemplary damages

against PARKS,  METCALF and DOES 1 through 6, inclusive, in an amount to

be proven at trial which is in excess of $1,000,000.00 for plaintiff.

## SIXTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1 (Bane Act)
### Under California State Law
### (Against All Defendants)

62.     Plaintiff hereby realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 68, inclusive, above, as if set forth in full herein.

63.     The actions of defendants LACSD and DOES 1

through 6, inclusive, as complained of herein, interfered with, and/or attempted to

interfere with, by use of threats, intimidation, and coercion, the exercise or

enjoyment by Plaintiff of the rights secured to them by the Constitution and laws

of the United States, and of the rights secured to them by the California

Constitution and otherwise by California law, in violation of California Civil

Code.§52.1.

64.     Defendants LACSD and DOES 1 through 6, inclusive,

are liable to Plaintiff for said violations of their constitutional rights,

COMPLAINT FOR DAMAGES

pursuant to California Civil Code §52.1, and California Government Code §815.2(a), 815.6, 820, 820.4, 820.8.

65.     As a direct and proximate result of the actions of defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $1,000,000.00. .

66.     The actions of defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against LACSD and DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $1,000,000.00 for the plaintiff.

67.     In addition, as a result of the actions of defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, Plaintiff are entitled attorney fees and related costs to an award of treble compensatory damages against all defendants, and each of them.

### SEVENTH CAUSE OF ACTION

COMPLAINT FOR DAMAGES

**Negligence**
**Under California State Law**
**(By BARONE, Against all Defendants)**

68.    Plaintiff hereby realleges and incorporate by reference the allegations

set forth in paragraphs 1 through 67, inclusive, above, as if set forth in full herein.

69.   The actions committed by defendants LACSD and

DOES 1 through 6, inclusive, as complained of herein and as described above

constituted a breach of defendants' duty to use due care toward Plaintiff, by

unlawfully entering the residence and unlawfully seizing Plaintiff.

70.    As a direct and proximate result of the actions committed by

Defendants LACSD and DOES 1 through 6, inclusive, as complained of herein,

Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2)

incurred medical and psychological costs, bills and expenses and 3) incurred

other special and general damages and expenses in an amount to be proven at

trial, which is in excess of $1,000,000.00. .

**EIGHTH CAUSE OF ACTION**
**Intentional Infliction Of Emotional Distress**
**Under California State Law**
**(Against All Defendants)**

71.    Plaintiff hereby realledge and incorporate by reference the allegations

set forth in paragraphs 1 through 70, inclusive, above, as if set forth in full herein.

72.    Defendants LACSD and DOES 1 through 6, inclusive, knew and/or

should have known that Plaintiff was susceptible to suffering severe emotional

distress from the actions taken and committed against Plaintiff as complained of herein.

73.    The actions committed by Defendants LACSD and DOES 1 through 6, inclusive, during the incident as complained of herein, were malicious, oppressive, and/or in reckless disregard for Plaintiff's constitutional rights, was despicable and of such an outrageous nature as to be shocking to the conscience.

74.    The actions of Defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, committed against Plaintiff, directly and proximately caused Plaintiff to suffer severe emotional distress.

75.    Defendants LACSD and DOES 1 through 6, inclusive, are liable to Plaintiff for said intentional infliction of emotional distress pursuant to California state law, and otherwise pursuant to the common-law.

76.    As a direct and proximate result of the actions of defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $1,000,000.00.

COMPLAINT FOR DAMAGES

77.     The actions committed by Defendants LACSD

and DOES 1 through 6, inclusive, as complained of herein, were malicious,

oppressive and constituted despicable conduct, sufficient for an award of

punitive / exemplary damages against all defendants in an amount to be proven at

trial which is in excess of $1,000,000.00.


**WHEREFORE**, plaintiff prays for judgment as follows:

a)  For a judgment against all defendants for compensatory damages
    in an amount in excess of $1,000,000.00 for the plaintiff;

b)  For a judgment against all defendants, for punitive damages in an
    amount in excess of $1,000,000.00 for the plaintiff;

c)  For an award of reasonable attorney's fees and/or costs associated;

d)  For a trial by jury; and

e)  For such other and further relief as this honorable court deems just
    and equitable.


CHRISTOPHER T. BARONE