UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-04200-JWH-PD                              Date: June 23, 2021

Title    *Christopher T. Barone v. Los Angeles Cty. Sheriff's Department, et al*

Present: The Honorable:    Patricia Donahue, U.S. Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:   (In Chambers) Screening Order Dismissing Plaintiff's Complaint with Leave to Amend**

On May 19, 2021, Plaintiff Christopher T. Barone, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against Defendant Los Angeles County Sheriff's Department ("LACSD"), Deputies Parks and Metcalf, and ten unnamed LACSD employees.  [Dkt. No. 1 at 3-4.]

**I.   Standard of Review**

The Court is required to screen *pro se* complaints and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(a)-(b)(1).  In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the Complaint and views all inferences in a light most favorable to him.  *See Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011).  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Plaintiff is proceeding *pro se*, the Court construes the complaint liberally.  *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-04200-JWH-PD                                      Date: June 23, 2021

Title      *Christopher T. Barone v. Los Angeles Cty. Sheriff's Department, et al*

  To establish liability under Section 1983, a plaintiff must demonstrate that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  Liability under section 1983 arises only upon a showing of personal participation by the defendant.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  There is no vicarious liability in Section 1983 lawsuits.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Hence, a government official – whether subordinate or supervisor – may be held liable under Section 1983 only when his or her own actions have caused a constitutional deprivation.  *See Iqbal*, 556 U.S. at 676.  Allegations regarding section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

## II. The Complaint's Factual Allegations and Claims

  The Complaint alleges Defendants Deputies Parks and Metcalf arrived at Plaintiff's place of employment on an unstated date and called Shelby Wagner to the premises.  Though the Complaint is not clear, it appears to allege that there was an expired restraining order between Plaintiff and Wagner requiring each to stay 100 yards away from the other.  [Dkt. No. 1, ¶¶23-24, 29.]

  The Complaint further alleges that Defendants Deputies Parks, Metcalf, and DOES 1 through 6 asked Wagner to come within 20 feet of Plaintiff and then arrested and searched Plaintiff, sexually groping him in the process.  [*Id.*, ¶¶24, 26, 31.]  After Plaintiff was arrested, Defendants DOES 1 through 6 searched his truck.  [*Id.,* ¶35.]  Plaintiff claims that Wagner was brought to Plaintiff because the deputies had wanted a reason to arrest him.  [*Id.,* ¶30.]  Plaintiff alleges that as a result he was physically, mentally, and emotional injured.  [*Id.,* ¶32.]

  The Complaint raises eight claims: (1) violation of Plaintiff's Fourth Amendment rights by Parks, Metcalf and Does 1 through 6 for unlawfully searching and seizing him; (2) violation of Plaintiff's Fourth Amendment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-04200-JWH-PD                                Date: June 23, 2021

Title   *Christopher T. Barone v. Los Angeles Cty. Sheriff's Department, et al*

rights by Does 1 through 6 for the unlawful search and seizure of his truck; (3) *Monell* liability against LACSD for failure to properly train the deputies; (4) *Monell* liability for LACSD's policies, customs, usages and practices which caused Plaintiff's injury; (5) California state law false arrest and false imprisonment claim against all defendants; (6) violation of the Bane Act, a California state law, against all defendants; (7) negligence against all defendants for breaching a duty of care to Plaintiff; and (8) intentional infliction of emotional distress against all defendants.  [*Id.*, ¶¶19-76.]

### III.   Discussion

#### A. Rule 8

"Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests." *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013).  Under Rule 8, a complaint is required to contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege factual allegations to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted).

If a complaint does not clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the complaint fails to comply with Rule 8.  *See, e.g., Exmundo v. Kane*, 553 F. App'x 742, 743 (9th Cir. 2014) (affirming district court dismissal of Section 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").  A plaintiff's failure to state the date of the alleged conduct is grounds for dismissal as it "deprives defendants of fair notice." *Ucci v. Los Angeles, Cal. Police Dep't*, No. CV 15-08386-CAS, 2016 WL 1162250, at *3 (C.D. Cal. Mar. 1, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-04200-JWH-PD                                              Date: June 23, 2021

Title      *Christopher T. Barone v. Los Angeles Cty. Sheriff's Department, et al*

     Here, Plaintiff's complaint fails to state the date of the alleged occurrence of these events and thus, fails to meet the requirements of Rule 8. Additionally, Plaintiff's claim against Defendants for their use of excessive force during his arrest, even if construed liberally, does not sufficiently provide enough factual allegations to put the defendants on notice of their individual conduct.  Fed. R. Civ. P. 8(a).  Fourth Amendment claims brought under 42 U.S.C. § 1983 are examined under an objective reasonableness inquiry.  *Graham v. Connor*, 409 U.S. 386 (1989).  Such an inquiry requires careful attention to the facts and circumstances of each particular case. *Id*.  If Plaintiff wishes to proceed with a claim of excessive force, he must amend his complaint to contain facts alleging which party was responsible for the conduct that constituted excessive force as the present complaint does not contain said facts.

     Therefore, the Complaint should be dismissed with leave amend.

**B.** *Heck* **Bar**

     Plaintiff's claim of False Arrest / False Imprisonment is potentially barred by *Heck v. Humphrey*. 512 U.S. 477, 486-87 (1994).  Under *Heck*, if a judgment in favor of plaintiff on a civil rights action necessarily will imply the invalidity of his conviction or sentence, the complaint must be dismissed unless Plaintiff can show that the conviction or sentence already has been invalidated.  *Id.* at 486-87.  "[A] court may properly dismiss a *Heck*-barred claim under rule 12(b)(6) if there exists an obvious bar to securing relief on the face of the complaint."  *Washington v. Los Angeles Cty. Sheriff's Dep't.*, 833 F.3d 1048, 1056 (9th Cir. 2016) (finding *Heck* deficiency plain from face of complaint where plaintiff sought a recall of his allegedly unlawful sentence).

     Here, while it is unclear, Plaintiff's claim against all Defendants for false arrest may be barred by *Heck* as it arises out of the same transaction as his arrest.  False imprisonment is the violation of another's liberty without lawful privilege.  *Asgari v. City of Los Angeles*, 937 P.2d 273, 277 (1997).  Courts will dismiss claims of false arrest in the event plaintiffs fail to allege "confine[ment] without lawful privilege."  *Tarkington v. Cty. of Los Angeles*, No. CV 18-07636-CJC-JC, 2019 WL 1744214, at *7 (C.D. Cal. Mar. 5, 2019).  False arrest claims, as the one presently asserted by Plaintiff, that are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-04200-JWH-PD                                    Date: June 23, 2021

Title     *Christopher T. Barone v. Los Angeles Cty. Sheriff's Department, et al*

"predicated on the arrest itself [] fail[] as a matter of law." *Garcia v. San Bernardino Cty.*, No. 519CV00421VAPSPX, 2020 WL 2502429, at *5 (C.D. Cal. Jan. 29, 2020).  Because the Complaint fails to state the outcome of the arrest, is unclear as to the status of any criminal case and the claim itself may be barred.

Additionally, Plaintiff's Fourth Amendment claims of unlawful search and seizure of his person against Defendants Deputies Parks and Metcalf and against DOES 1 through 6 for the search of his car may similarly be precluded by *Heck*.  Success on Plaintiff's claim of alleged unlawful search and seizure of his person and car would likely imply the invalidity of his arrest.

### C. Municipal Liability Claims

Plaintiff's claim against LACSD for failure to properly train employees and for its policies, practices, or customs does not state a cognizable claim.  Under § 1983, "municipalities, including counties and their sheriff's departments, can only be liable under § 1983 if an unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (quoting *Monell v. Dep't of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690 (1978)).  Even if there is no explicit policy, a plaintiff can establish liability by demonstrating the existence of a practice or norm in place that perpetuates the alleged constitutional violation.  *See City of St. Louis v. Praprtnik*, 148 U.S. 112, 127 (1988).

Here, Plaintiff's claim first fails to show a LACSD practice or norm that permits employees to perpetuate Fourth Amendment violations.  To prevail on this claim, Plaintiff would need to demonstrate that LACSD has, or had at the time of his arrest, a policy, custom or norm that permitted employees to execute unconstitutional searches and/or seizures.  *See also Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016).

Next, a municipality can be liable for failing to train their employees "only if the failure reflects a 'conscious' choice by the government."  *See id.* quoting *Bd. Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997).  The standard for "failure-to" claims under § 1983 is deliberate indifference.  *City of Canton*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-04200-JWH-PD                                              Date: June 23, 2021

Title    *Christopher T. Barone v. Los Angeles Cty. Sheriff's Department, et al*

*v. Harris*, 489 U.S. 378 (1989).  This standard is objective and is satisfied by either actual or constructive knowledge.  *See Id*.  Plaintiff's claim regarding LACSD's failure to properly hire / fire / discipline is not cognizable because he fails to establish an actual connection between LACSD's conduct and Plaintiff's alleged deprivation of Fourth Amendment rights.  Absent any evidence of LACSD policy which shows that it endorses the type of constitutional violations which occurred, Plaintiff falls short of stating a cognizable claim for municipal liability.

## IV.   Order

For the foregoing reasons, the Complaint is dismissed with leave to amend.  Because the Complaint may be amended to state cognizable claims, Plaintiff may file a First Amended Complaint no later than **July 19, 2021**.  Plaintiff is advised that a First Amended Complaint would entirely replace the Complaint in this action.

Any amended complaint must:

(a) be labeled "First Amended Complaint;"

(b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;

(c) contain a "short plain" statement of the claim(s) for relief, see Fed. R. Civ. P. 8(a);

(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);

(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); and

(f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-04200-JWH-PD                                             Date: June 23, 2021

Title      *Christopher T. Barone v. Los Angeles Cty. Sheriff's Department, et al*


      If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by **July 19, 2021** which will result in the voluntary dismissal of this action without prejudice.

      **Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

      **Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate his filing of a First Amended Complaint if he elects to proceed in that fashion.**

      **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | im |