CHRISTOPHER T. BARONE
SELF REPRESENTED LITIGANT
5523 OLD SALT LN.
AGOURA HILLS, CA 91301
EMAIL: THECTB@YAHOO.COM
PHONE: 818-661-9721



**FILED**
CLERK, U.S. DISTRICT COURT

September 20, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ IM _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER T. BARONE,<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY SHERRIF'S DEPARTMENT; and DOES 1 through 10, inclusive,<br><br><br>Defendants. | Case No.: 2:21-cv-04200-JWH-PD<br><br>FIRST AMENDED COMPLAINT:<br><br>1. UNLAWFUL SEIZURE OF PERSON (U.S. CONST. AMEND. 4)<br><br>2. UNLAWFUL ENTRY INTO and SEARCH OF PRIVATE PROPERTY (U.S. CONST. AMEND. 4)<br><br>3. MUNICIPAL LIABILITY (*Monell* Liability) FOR FAILURE TO TRAIN AND/OR DISCIPLINE DEPUTIES and OFFICERS (U.S. CONST. AMENDS. 1, 4 & 14)<br><br>4. MUNICIPAL LIABILITY (*Monell* Liability) FOR CUSTOM / PRACTICE / |

POLICY (U.S. CONST. AMENDS. 1, 4 & 14)

5. FALSE ARREST / FALSE IMPRINSNMENT (UNDER CALIFORNIA STATE LAW)

6. VIOLATION OF CAL. CIVIL CODE § 52.1 (BANE ACT; UNDER CALIFORNIA STATE LAW)

7. NEGLIGENCE (UNDER CALIFORNIA STATE LAW)

8. BATTERY (UNDER CALIFORNIA STATE LAW)

9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (UNDER CALIFORNIA LAW)

**JURY TRIAL DEMANDED**

**COMES NOW** plaintiff CHRISTOPHER T. BARONE and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.    As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.    As Plaintiff claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff federal question claims, this court has jurisdiction over the Plaintiff California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*. All state law claims are brought against Defendant County of Los Angeles via vicarious liability only.

4.    Plaintiff have timely filed their California State Law Government Claims for Damages against the County of Los Angeles, and said claims were denied less than six months prior to the filing of this action.

### **GENERAL ALLEGATIONS**

5.    Plaintiff CHRISTOPHER T. BARONE, hereinafter referred to as "BARONE" or "Plaintiff BARONE", is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California..

6.    Defendant LOS ANGELES COUNTY SHERIFFS DEPARTMENT, hereinafter also referred to as "LACSD" or "SHERRIFS"

COMPLAINT FOR DAMAGES

3

7.     LACSD is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

8.     Defendant Deputy Parks, hereinafter also referred to as "Parks", is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with defendant LACSD.

9. Defendant Deputy Metcalf, is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of her employment with defendant LACSD.

10.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant LACSD and/or otherwise employed by the Los Angeles County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in

4

COMPLAINT FOR DAMAGES

this action, whose identities are, and remain unknown to plaintiff, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by Plaintiff.

11.    At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Los Angeles County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant LACSD.

12.    Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Los Angeles County Sheriff's Department and/or defendant County of Los Angeles, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their

COMPLAINT FOR DAMAGES

5

subordinates and/or other officers), and such as by creating and/or causing the

creation of and/or contributing to the creation of the policies and/or practices

and/or customs and/or usages of the Los Angeles County Sheriff's Department

for, *inter alia*,: 1) for unlawfully seizing persons; 2) unlawful entry into and

unlawful searches of  vehicle; 3) fabricating evidence to procure the bogus

criminal prosecutions of and the false convictions of innocents; and 4) covering

up tortious conduct by Los Angeles County Sheriff's Department peace officers.

13. At all times complained of herein, DOES 7 through 10, inclusive,were

acting as individual persons acting under the color of state law, pursuant to their

authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or

Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy

making and/or final policy making officials with the Los Angeles County

Sheriff's Department, and/or some other public official(s) with defendant

LACSD, and were acting in the course of and within the scope of their

employment with defendant LACSD.

14. At all times complained of herein, defendants DOES 7 through

10, inclusive, were acting as individual persons under the color of state law; under

and pursuant to their status and authority as peace officers and/or Supervisory

peace officers (as described herein, above and below), and/or policy making peace

officers, with the Los Angeles County Sheriff's Department and/or

otherwise with defendant LACSD[1].

15.    Plaintiff is presently unaware of the identities of DOES 1 through

10, inclusive, and will amend their complaint to add and to show the actual names

of said DOE defendants, when made known to Plaintiff.

16.    In addition to the above and foregoing, defendants PARKS AND

METCALF AND DOES 1 through 6, inclusive, acted pursuant to a conspiracy,

agreement and understanding and common plan and scheme to deprive the

Plaintiff of their federal Constitutional and statutory rights, and California

constitutional and statutory state law rights, as complained of in this action.

17.    Defendants PARKS and METCALF  and DOES 1 through 10,

inclusive, acted in joint and concerted action to so deprive the Plaintiff of those

rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise

in violation of United States (Constitutional and statutory) law and California

(Constitutional and statutory) state law.

18.    Said conspiracy / agreement / understanding / plan / scheme / joint

action / concerted action, above-referenced, was a proximate cause of the

violation of the plaintiff's federal and state constitutional and statutory rights, as

complained  of herein.

---

[1] Such as a LACSD executive officer.

COMPLAINT FOR DAMAGES

7

## BACKGROUND VITAL TO THIS COURT

On Wednesday February 12th, 2020 while working as the Chief Executive Officer at the Lake Lindero Country Club at 5719 Lake Lindero Dr., Agoura Hills, CA 91301, and not a expired or if current protected person around, he noticed a Black and White Los Angeles County Sheriff's vehicle pull into the parking lot. Plaintiff walked out to greet the deputies. Plaintiff met Defendant Deputy Parks, herein after also called "Parks", and Defendant Deputy Metcalf herein after also called "Metcalf", and at all times complained of herein, were, a peace officers and Deputy Sheriffs employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in their individual capacity and employed by the Los Angeles County Sheriff's Department. At some point discussions regarding a TRO against the Plaintiff was discussed and the Plaintiff explained that he was never served and although Plaintiff openly admitted had heard speculation TRO he wasn't aware of its contents. This fact is in court records and proven by the removed link from Michael Allan's website. (Ex. ) The Superior Court in line with its tyrannical culture didn't care. The TRO case number was 20CHRO00060 (Ex. ) and the non-attorney Defendant defeated the law firm of Kulik Gottesman Siegel and Ware who showed up to a 2 or 3 day trial with no witnesses, no declarations, and under false representation.

Attorney Justin Nash did not represent the HOA and lied to the court about his representation to secure a contract that was terminated by Barone in 2020. That contract was for Lordon Management who Thomas M. Ware II works under the guise of the HOA's representation but make no mistake, his partner is Lordon Management. The fraudulently representing law firm of Kulik Gottesman Siegel and Ware have been business partners with Lordon Management long before the this fraud.

Oddly, the District Attorneys office with a strong recommendation from the Sheriff's Department decided to take this no-win case. LAVOVW00295-01 and was dropped In January of 2021.

Deputies Parks and Metcalf and DOES 1-10 took it upon themselves in their capacity as both individuals acting on their own to humiliate, jail, deny medical treatment then put in solitary confinement to coerce him to sign a document/release he refused to sign initially because it contained false information.

This arrest even made it to the front page of a local newspaper whose Senior Editor is none other than John Loesing the former VP of LLHOA that was the biggest cheerleader of the criminal cartel. Loesing also watched the HOA's Reserve account go from around $1,000,000 to just $2,000 when Barone took over. Within just 10 months the Association had new equipment a better golf course and an over 10,000    increase to over $200,000 in the reserve account which has been stagnant since Tyrant Watkins took over and appointed her board by violating numerous recall,

elections corporation and civil laws paving the way for the criminals to get away scot-free. It was the unveiling of how much money the Country Club was making and the criminals were hiding that concerned the cartel the most. The plaintiff had to go and Tyrant Watkins received something for her help.

This is how vigilante justice is born, and while the Plaintiff has no interest or intention of participating, to be absent minded of the knowledge that this is happening to others would be na ve. The undercurrent of toxicity bubbling in the Superior Court is unhealthy and will boil over.Case 19VECV01634 demonstrates how tyrant judges like Theresa M. Traber stay protected. She has been transferred to another courthouse in a Vatican-like shuffle after granting a frivolous anti-SLAPP motion, it's nearly laughable given the fact the attorney who filed it colluded with the Defendant and then asked to be dismissed as legal counsel. On the 57th and on the 58th day proxy Attorney Alex Herrera files the slap. 60 days or less is when anti-SLAPP must be filed.

Defendant in that case was video recorded breaking federal law at 1:30am outside the Co-Plaintiff's house that evening. She was caught rummaging through a mailbox and placing flyers on mailboxes at 1:30am which is unlawful because:Civil Code §4515 (b) (4) : Canvassing and petitioning the members, the association board, and residents for the activities described in paragraphs (1) and (2) at reasonable hours and in a reasonable manner.. Assembly for Political Purposes; Flyers.

1:30am isn't reasonable hours

That case in which evidence was not allowed because it was turned in 7 days early opposed to the 9 or 10 days proves how corrupt the Tyrant Traber is and how protective and enabling the Superior Court is.

Case 20VECP00041: Imagine a recall where the person being recalled starts a simultaneous recall, and then sends out all the recall and election material himself with the help of a member (Gary Klezek) who is suing the association LC107535 then all by himself chooses the inspector of elections, the brings his own attorney to the "membership only" meetings before the simultaneous recall can be looked at. Imagine that person saying under oath he was acting as a member while he was actually on the Board of Directors and signed the contract with the inspector of elections and proving his title as "Director". Imagine if that same person was the recipient of an illegal land acquisition of 2500sqft from the very association he is a Director of and fails to disclose the details of it which under any circumstance was unlawful because the association as a whole must vote on it. The same director creates a website www.llhoaupdate.com during the recall and as a director makes salacious accusations that after 18 months, he can't substantiate any of it.

How does any of the last few paragraphs relate to this case? The Sheriffs took part, they actually did their part to destroy the Plaintiff's life and they did so knowing all of the acrimony involved. They piled on and they did so with malicious intentions.

Deputy Parks walked away and was on the phone for approximately 15 minutes before returning to say she had someone coming to bring the TRO, when Plaintiff asked who was bringing it Parks responded by saying "Shelby Wagner". Shelby Wagner works for a criminal enterprise named Lordon Management. Lordon was hired to handle the financial arm of the Lake Lindero Country Club and Lake Lindero HOA. They were caught red-handed stealing money from the LLHOA Reserve account three times when Plaintiff was the CEO and have been doing it again according to the Tyrant Watkins Board  The absurdity of that case, the purposeful lies, proven perjury go unchecked for now but Plaintiff promises this court, there will be another filing that includes the Los Angeles Superior Court, Atain Specialty Insurance Co. and approximately 12 other law firms plus a few more entities.

The LACSD is an undisciplined bunch as proven by the plane crash involving Lakers star Kobe Bryant.  Deputies passed out photos of the remains of the people on that plane as well as crash site photos and admitted as much in court proceedings.  These deputies and the LACSD enjoy the free meals and money from Marco Gonzalez:

https://www.youtube.com/watch?v=shpdeX5HB64

Gonzalez V. Barone - 19STCV18983
Gonzalez v Barone 19CHRO00156

# https://youtu.be/3EYlfjoiItU

See Exhibits

The rest of the page is Blank

COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(By BARONE, Against Defendants PARKS AND DEPUTY**
**METCALFE and DOES 1 through 6, inclusive)**

19.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in full herein.

20.  Plaintiff Barone is a United States Marine Corp Veteran, honorably discharged and served with distinction including Presidential detail and Embassy duty.  He is a proud Husband of 22 years and Father of 3 young children.

21. Plaintiff Barone is part owner, manadtory member, and employee working at 5719 Lake Lindero Dr., Agoura Hills, CA 91301 as the CEO of the Lake Lindero Country Club. Plaintiff is part owner of the property and was an employee hire by the Lake Lindero HOA Board of Directors.

22.    Apparently, at approximately 2:30 p.m.,  Deputies Parks and DEPUTY METCALF of the Los Angeles County Sheriff's Department came to the Lake Lindero Country Club and were met pleasantly by the CEO.

23.    Defendants PARKS AND  METCALF proceeded to call a restrained person SHELBY WAGNER to the country club.

24.Defendents PARKS and METCALF were notified several times of the court order restricting SHELBY WAGNER from coming within 100 yards of the BARONE. Defendant PARKS and  METCALF allowed

COMPLAINT FOR DAMAGES
8

and requested SHELBY WANGER to come within 20 feet of BARONE .

Parks proceeded to laugh and point at Barone with SHELBY WAGNER.

25.    At approximately 3:00 p.m., Plaintiff BARONE was frisked, sexually  groped and handcuffed. Stuffed into the back of the LACSD Vehicle and hauled to jail.

26.    PARKS  was on the phone getting guidance and instructions Plaintiff Barone overheard parts of the phone conversation and Parks was hard saying "are you sure?" prior to Barone being sexually groped and handcuffed

27.    PARKS ordered BARONE to put his hands behind his back and BARONE complied.

28.    METCALF then handcuffed BARONE, sexually groped him, and humiliated him without stating any reason why.  Barone was in front his employees and clients at the Country Club in the parking lot.

29.  BARONE tried to explain to PARKS and  METCALF that not only wasn't he served but that the restraining order had already expired.

30. As complained of herein above, none of the defendants to this action had a warrant for Plaintiff's arrest.  The reason SHELBY WAGNER came to the club and violated the restraining order against her was because the deputies wanted a reason to arrest Barone knowing she was not allowed at the Country Club, knowing BARONE was never served and knowing BARONE stated the restraining order was expired.

COMPLAINT FOR DAMAGES

committed a crime, nor reasonable suspicion of criminality afoot by the Plaintiff, or any suspicion that the Plaintiff was a danger to anyone or anything.

31.    Accordingly, the seizure of Plaintiff by defendants LACSD and DOES 1 through 6, inclusive, by threatened use of force, and while working and on display outside in front of employees and clients, constituted an unlawful and unreasonable seizure of Plaintiff, in violation of his rights under the Fourth Amendment to the United States Constitution.

32.    As a direct and proximate result of the actions of defendants PARKS and METCALF and DOES 1 through 6, inclusive, as complained of herein, Plaintiff BARONE: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $1,000,000.

33.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiff' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them in an amount to be proven at trial in excess of $1,000,000.00 for the plaintiff.

## SECOND CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
**Violation Of Fourth Amendment Rights**
**Unreasonable / Unlawful Entry Into and Search and**
**Seizure of Private Residence**

COMPLAINT FOR DAMAGES

11

**(By BARONE Against Defendants LACSD and DOES 1
through 6, inclusive)**

34.     Plaintiff hereby realleges and incorporates by reference the allegations
set forth in paragraphs 1 through 33, inclusive, above, as if set forth in full herein.

35.     As shown above, defendants LACSD and DOES 1 to 6, inclusive,
entered the Plaintiff' Private Property by themselves, without a warrant, consent
or an emergency.

36.     Also as shown above, defendants LACSD and DOES 1 to 6,
inclusive, searched the Plaintiff' truck and person without a warrant, consent or an
emergency.

37.     The actions of defendants LACSD and DOES 1 to 6,
inclusive, complained of in this action in entering, searching and seizing
Plaintiff's truck, constituted an unlawful and unreasonable entry into and seizure
of property in the absence of a warrant, consent, or an emergency, in violation of
the Plaintiff rights to be free from such entry, search and seizure of Plaintiff's
property under the Fourth Amendment to the United States Constitution.

38.     As a direct and proximate result of the actions of Defendants
PARKS,  METCALF and DOES 1 to 6, inclusive, Plaintiff was: 1) substantially
physically, mentally and emotionally injured; 2) incurred medical and
psychological costs, bills and expenses, 3) incurred lost wages and profits,

and 4) suffered terrible physical injury, pain and suffering, as well as mental and

emotional pain and suffering, and 5) suffered / is suffering lost wages and profits;

all in an amount to be proven at trial; in excess of $1,000,000.00 for the plaintiff.

39.    The actions of said defendants, and each of them, as complained of

herein, were committed maliciously, oppressively and in reckless disregard of

Plaintiff' constitutional rights, sufficient for an award of punitive / exemplary

damages against said defendants, in an amount to be proven at trial, in excess of

$1,000,000.00 for each defendant.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (By BARONE, Against Defendants LACSD)

40.    Plaintiff hereby realplege and incorporate by reference the allegations

set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

41.    As complained of herein above, the acts of defendants LACSD and

DOES 1 through 6, deprived Plaintiff of their rights under the

laws of the United States and The United States Constitution.

42.    The training policies of LACSD were not adequate to train its

police officer employees to properly and lawfully handle situations similar to the

one they were presented with when they confronted Plaintiff, including training

on: 1) when deputy sheriffs are lawfully permitted to enter and search a property

and person; 2) when deputy sheriffs are lawfully permitted to take employees of

COMPLAINT FOR DAMAGES

private property off of their property; 3) that taking persons off of their property on an expired court order unreasonable and unlawful; and 4) that seizing private citizen in the absence of a warrant is unlawful.

43.   LACSD was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

44.   The failure of LACSD to provide adequate training caused the deprivation of Plaintiff rights by defendants LACSD and DOES 1 through 6, inclusive.

45.   LACSD's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused Plaintiff injuries.

46.   As a direct and proximate result of the actions of defendants PARKS, METCALF and DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $1,000,000.00 for the plaintiff.

**FOURTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(By BARONE, Against Defendant LACSD)**

COMPLAINT FOR DAMAGES

14

47.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 46 inclusive, above, as if set forth in full herein.

48.    As shown above, the actions of defendants LACSD and DOES 1 through 6, inclusive, deprived the Plaintiff of their particular rights under the United States Constitution, as described above.

49.    At all times complained of herein, defendants LACSD and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Los Angeles LACSD Sheriff's Department /defendant LACSD: 1) unlawfully entering and searching private property, including performing unlawful "Sexual groping" of a civilian;  2) for seizing a civilian in unnecessarily degrading and humiliating manner, such as by taking them out in front of all employees, clients and within 20ft of a lawfully restrained person SHELBY WAGNER; 3)  for covering-up unlawful and tortuous conduct by Los Angeles County Sheriff's Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the Plaintiff in this action.

50.    Said actions of said defendants were done by them under the color of state law.

51.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants LACSD, above-described, said defendants committed said actions complained of above.

52.     As a direct and proximate result of the actions of defendants LACSD, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $1,000,000.00 for the plaintiff.

### FIFTH CAUSE OF ACTION
**False Arrest / False Imprisonment**
**Under California State Law**
**(By BARONE, Against All Defendants)**

53. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52 inclusive, above, as if set forth in full herein.

54. Defendants LACSD and DOES 1 through 6, inclusive, restrained, humiliated and deprived Plaintiff of his liberty..

//
//
//

COMPLAINT FOR DAMAGES

55.  Defendants LACSD and DOES 1 through 6, inclusive, intentionally deprived Plaintiff of their freedom of movement by use of physical force and violence.

56.  Plaintiff did not consent to said deprivation of their freedom of movement by defendants LACSD and DOES 1 through 6, inclusive, or to the use of force and violence upon them.

57.  Plaintiff suffered harm because of said deprivation of their freedom of movement by defendants LACSD and DOES 1 through 6, inclusive.

58.  The actions committed by defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of Plaintiff under California state law.

59.  Defendants LACSD and DOES 1 through 6, inclusive, are liable to Plaintiff for said false arrest / false imprisonment, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.2, 820.4, 820.8, and otherwise pursuant to the common-law.

60.  The actions committed by defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, proximately caused Plaintiff to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other

costs and expenses, in an amount to be proven at trial which is in excess of

$1,000,000.00. .

61.  The actions of defendants LACSD and DOES 1

through 6, inclusive, were committed maliciously, oppressively and constituted

despicable conduct, sufficient for an award of punitive / exemplary damages

against PARKS,  METCALF and DOES 1 through 6, inclusive, in an amount to

be proven at trial which is in excess of $1,000,000.00 for plaintiff.

**SIXTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1 (Bane Act)**
**Under California State Law**
**(Against All Defendants)**

62.     Plaintiff hereby realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 68, inclusive, above, as if set forth in full herein.

63.     The actions of defendants LACSD and DOES 1

through 6, inclusive, as complained of herein, interfered with, and/or attempted to

interfere with, by use of threats, intimidation, and coercion, the exercise or

enjoyment by Plaintiff of the rights secured to them by the Constitution and laws

of the United States, and of the rights secured to them by the California

Constitution and otherwise by California law, in violation of California Civil

Code.§52.1.

64.     Defendants LACSD and DOES 1 through 6, inclusive,

are liable to Plaintiff for said violations of their constitutional rights,

COMPLAINT FOR DAMAGES

18

pursuant to California Civil Code §52.1, and California Government Code §815.2(a), 815.6, 820, 820.4, 820.8.

65.    As a direct and proximate result of the actions of defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $1,000,000.00. .

66.    The actions of defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against LACSD and DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $1,000,000.00 for the plaintiff.

67.    In addition, as a result of the actions of defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, Plaintiff are entitled attorney fees and related costs to an award of treble compensatory damages against all defendants, and each of them.

## SEVENTH CAUSE OF ACTION

COMPLAINT FOR DAMAGES

19

**Negligence**
**Under California State Law**
**(By BARONE, Against all Defendants)**

68.     Plaintiff hereby realleges and incorporate by reference the allegations

set forth in paragraphs 1 through 67, inclusive, above, as if set forth in full herein.

69.   The actions committed by defendants LACSD and

DOES 1 through 6, inclusive, as complained of herein and as described above

constituted a breach of defendants' duty to use due care toward Plaintiff, by

unlawfully entering the residence and unlawfully seizing Plaintiff.

70.     As a direct and proximate result of the actions committed by

Defendants LACSD and DOES 1 through 6, inclusive, as complained of herein,

Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2)

incurred medical and psychological costs, bills and expenses and 3) incurred

other special and general damages and expenses in an amount to be proven at

trial, which is in excess of $1,000,000.00. .

**EIGHTH CAUSE OF ACTION**
**Intentional Infliction Of Emotional Distress**
**Under California State Law**
**(Against All Defendants)**

71.     Plaintiff hereby realleges and incorporate by reference the allegations

set forth in paragraphs 1 through 70, inclusive, above, as if set forth in full herein.

72.     Defendants LACSD and DOES 1 through 6, inclusive, knew and/or

should have known that Plaintiff was susceptible to suffering severe emotional

distress from the actions taken and committed against Plaintiff as complained

of herein.

73.     The actions committed by Defendants LACSD

and DOES 1 through 6, inclusive, during the incident as complained of herein,

were malicious, oppressive, and/or in reckless disregard for Plaintiff's

constitutional rights, was despicable and of such an outrageous nature as to be

shocking to the conscience.

74.     The actions of Defendants LACSD and DOES 1 through 6, inclusive,

as complained of herein, committed against Plaintiff, directly and proximately

caused Plaintiff to suffer severe emotional distress.

75.     Defendants LACSD and DOES 1 through 6, inclusive, are liable to

Plaintiff for said intentional infliction of emotional distress pursuant to California

state law, and otherwise pursuant to the common-law.

76.     As a direct and proximate result of the actions of defendants LACSD

and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was

substantially physically, mentally and emotionally injured; 2) suffered great

mental and emotional pain, suffering and distress, 4) incurred medical and

psychological costs, bills and expenses and 3) incurred other special and general

damages and expenses in an amount to be proven at trial which is in excess of

$1,000,000.00.

77.     The actions committed by Defendants LACSD

and DOES 1 through 6, inclusive, as complained of herein, were malicious,

oppressive and constituted despicable conduct, sufficient for an award of

punitive / exemplary damages against all defendants in an amount to be proven at

trial which is in excess of $1,000,000.00.


**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages
   in an amount in excess of $1,000,000.00 for the plaintiff;

b) For a judgment against all defendants, for punitive damages in an
   amount in excess of $1,000,000.00 for the plaintiff;

c) For an award of reasonable attorney's fees and/or costs associated;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just
   and equitable.


CHRISTOPHER T. BARONE

COMPLAINT FOR DAMAGES



# Lake Lindero HOA 'lost its way," judge says

With Agoura Hills club mired in legal disputes, leadership team is thrown out

*April 20, 2020*

An April 7 ruling by the California Superior Court in Van Nuys validates a new leadership team at the troubled Lake Lindero Home Owners Association and puts to an end much of the strife that has racked the Agoura Hills HOA for the past three years.

The ruling upholds the dismissal of Lake Lindero general manager Chris Barone in December 2019–and it affirms a recall election held in the same month that stripped authority from the board of directors he controlled.

The former board under Barone that fought to stay in power had "lost its way," according to the ruling earlier this month by judge Shirley Watkins.



ON THE PROPERTY—Worried homeowners are concerned about the appearance of Lake Lindero tennis and swim club in Agoura Hills. Most vendors have abandon the club out of exasperation. A court ruling affirmed a new leadership team because the old one, the court said, "lost its way."

Lost Hills Sheriff's deputies arrested Barone Feb. 12 for violating a temporary restraining order that required him to keep away from the tennis and swim club at Thousand Oaks Boulevard and Lake Lindero Drive.

Officials reported that following his ouster as manager, Barone had removed more than $200,000 from the HOA bank account and directed dues from the association's 459 members be sent to his private home address.

Sandy Sandler of Westlake Village told *The Acorn* she was fired from her job at Union bank because of the incident, saying that she was "misled" by Barone that the withdrawal was authorized when it was not.

Barone was was also questioned by deputies for an alleged assault on club property in 2019.

"The former board abrogated its legal and fiscal responsibilities to Mr. Barone, who made decisions outside the inquisitive eyes of the association members, in secret, without accountability, about important decisions . . . with the transparency required by state law," Watkins said.

←

Ads by Google

Stop seeing this ad    Why this ad?  ▷

Judge White, for alleged theft. The HOA said that White, who was fired as Barone's administrative assistant last December, went to the club in January and demanded an employee hand over money from a cash drawer. When the employee declined the request White picked up the cash drawer and departed, the complaint said.

The events prompted the April 7 court ruling, which said Barone and White were "not credible," and supports a new HOA board of directors under president Michael Allan.

"This is the beginning of a new chapter for the HOA that signifies the members finally being heard," Allan said. "The community is the real winner. We are looking forward to the reopening of the facility to the members once the pandemic is deemed concluded."

"I respect the tentative ruling of the court," Barone told *The Acorn*, but said he believed the newspaper will not be able to "report the story objectively as it is false."

While Lake Lindero still faces multiple lawsuits involving disgruntled vendors and the club's former manager, David Smith—who sued the HOA over alleged breach of contract in 2017—the latest charge of election tampering and misappropriation of homeowner funds was resolved by this month's court ruling.

"I couldn't be happier," said Barbara Biglow, a resident of the Lake Lindero neighborhood for 29 years. ". . . We can move forward."

*—Acorn staff report*

**Marco Gonzalez**
November 21, 2018 · 🌐

Lost Hills Sheriffs Dept. is in the house gettin' that Thanksgiving Feast!



👍❤️ 60

1 Comment  4 Shares

👍 Like          💬 Comment          ➤ Share

Marco Gonzalez - Facebook

      

**Marco Gonzalez**

🔍 sheriff

Posts You've Seen

Most Recent

Tagged Location ▼

Date Posted ▼

 **Marco Gonzalez**
November 19, 2018 · 🌐

A little love from the Lost Hills Sheriff Department:

"Thank you for having us at your fine establishment, we really enjoyed the food and the atmosphere. Your hospitality and support was greatly appreciated. We felt at home. Thank you again!" - Monica Rodriguez Lost Hills Sheriffs Department.

Thank you to Monica and all at the Lost Hills Sheriffs Dept.... See More







     



👍❤️ 125                                                    3 Comments  15 Shares

| 👍 Like | 💬 Comment | ↪ Share |
|---------|-----------|---------|

 **Marco Gonzalez**
October 2, 2020 · 🌐

This is a beautiful gesture from the Lost Hills Sheriff's department and I am truly grateful to receive such an honor.  I'm about community support,schools,YMCA, and our local law-enforcement and firefighters. When we work together as a community we will get stronger as a community. I love my community.  This community is my family!!  Love you all!



https://www.facebook.com/profile/100009040588425/search/?q=sheriff

2/4

  

  

🖒 Like          💬 Comment          ➤ Share

 **Marco Gonzalez** is at **Lost Hills Sheriff's Station**.
October 29, 2019 · Calabasas, CA · 🌐     •••

Feeding our local sheriffs department.



👍❤️ 157                                    19 Comments  3 Shares

🖒 Like          💬 Comment          ➤ Share

PRINT

CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 20CHRO00029
BARONE, CHRISTOPHER T. VS WAGNER, SHELBY LYNN

**Filing Courthouse:**  Chatsworth Courthouse

**Filing Date:** 01/07/2020
**Case Type:**  Civil Harassment Prevention (General Jurisdiction)
**Status:**  Statistical Disposition 03/13/2020

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

None

PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

BARONE CHRISTOPHER T. - Petitioner

WAGNER SHELBY LYNN - Respondent

Documents Filed

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

Documents Filed (Filing dates listed in descending order)

**03/13/2020** Minute Order

**03/13/2020** Minute Order

**01/29/2020** Notice - Hearing & Order on Reissuance TRO (Form 116)
Filed by Petitioner

**01/29/2020** Minute Order

**01/29/2020** Proof of Service - Mail
Filed by Respondent

**01/29/2020** Response - Civil Harassment
Filed by Respondent

**01/29/2020** Proof of Service
Filed by Petitioner

**01/07/2020** Declaration - Ex Parte Notice (No Notice Given)
Filed by Petitioner

**01/07/2020** Civil Case Cover Sheet

**01/07/2020** Temporary Restraining Order (Form 110) (TRO Granted )
Filed by Petitioner

**01/07/2020** Notice - Court Hearing (Form 109)
Filed by Petitioner

**01/07/2020** Petition - Civil Harassment
Filed by Petitioner

Proceedings Held

---

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

Proceedings Held (Proceeding dates listed in descending order)

**03/13/2020** at 8:30 AM in Department 2, Riff, Lawrence P., Presiding
Restraining Order Hearing - **Transfer - Different Department- This Hearing Only**

**03/13/2020** at 8:30 AM in Department 83, Lipner, Joseph, Presiding
Restraining Order Hearing - **Denied - RO- After Evidence by both**

**01/29/2020** at 8:30 AM in Department F50, Rosen, David A., Presiding
Restraining Order Hearing - **Held - Continued**

Register Of Actions

---

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

Register of Actions (Listed in descending order)

**03/13/2020** at 8:30 AM in Department 2, Riff, Lawrence P., Presiding
Restraining Order Hearing - **Transfer - Different Department- This Hearing Only**

**03/13/2020** at 8:30 AM in Department 83, Lipner, Joseph, Presiding
Restraining Order Hearing - **Denied - RO- After Evidence by both**

**03/13/2020** Minute Order

**03/13/2020** Minute Order

**01/29/2020** at 8:30 AM in Department F50, Rosen, David A., Presiding
Restraining Order Hearing - **Held - Continued**

**01/29/2020** Proof of Service
Filed by Petitioner

**01/29/2020** Minute Order

**01/29/2020** Response - Civil Harassment
Filed by Respondent

**01/29/2020** Proof of Service - Mail
Filed by Respondent

**01/29/2020** Notice - Hearing & Order on Reissuance TRO (Form 116)
Filed by Petitioner

**01/07/2020** Civil Case Cover Sheet

**01/07/2020** Declaration - Ex Parte Notice (No Notice Given)
Filed by Petitioner

**01/07/2020** Notice - Court Hearing (Form 109)
Filed by Petitioner

**01/07/2020** Temporary Restraining Order (Form 110) (TRO Granted )
Filed by Petitioner

**01/07/2020** Petition - Civil Harassment
Filed by Petitioner











**Xavier Becerra**
**Attorney General**



**DEPARTMENT OF JUSTICE**
**State of California**
Page 1 of 3

---

## CALIFORNIA DEPARTMENT OF JUSTICE
## POLICY GOVERNING CITIZEN COMPLAINTS AGAINST LAW ENFORCEMENT

### PURPOSE

This general policy establishes guidelines governing the manner in which the Department of Justice will respond to complaints by members of the public against a law enforcement agency or its employees.

### GENERAL POLICY

It is the Department of Justice general policy that local government will be primarily responsible for citizen complaints against law enforcement agencies or employees of law enforcement agencies, and that appropriate local resources (e.g. sheriff or police department and district attorney) be utilized for resolution of such complaints prior to a request for intervention by the Attorney General.

The Attorney General will review citizen complaints against a law enforcement agency or its employees for possible investigation when substantive allegations of unlawful conduct are made and all appropriate local resources for redress have been exhausted, or when the local district attorney is the subject of the complaint. Allegations of police misconduct that are not criminal are handled exclusively by the law enforcement agency.

### ADMINISTRATION OF GENERAL POLICY

All complaints against law enforcement agencies or employees of those agencies will be initially processed and reviewed by the Attorney General's Public Inquiry Unit (PIU). To expedite processing and ensure accuracy, all complaints must be submitted to the PIU in writing. Those which do not meet the policy criteria above will be responded to by the Public Inquiry Unit. This response will inform complainants of the appropriate local resources to be contacted for resolution of complaints and/or request clarifying information as needed.

Complaints appearing to meet the aforementioned policy criteria will be immediately forwarded by the Public Inquiry Unit for acknowledgment and handling to both the Senior Assistant Attorney General, Criminal Law Division (CLD), in the area having geographical jurisdiction and also to the Senior Assistant Attorney General of the Civil Rights Enforcement Section (CRES) of the Division of Public Rights. Both recipients of the complaint shall confer, as often as is necessary or prior to any action, to both keep each other informed about developments in their respective evaluations and also to coordinate investigative or litigation activities. All proposed legal actions (i.e. the filing of criminal charges or civil litigation) must be reviewed and approved by the Chief Deputy Attorney General for Legal Affairs.

Where appropriate and requested by the CRES and/or the CLD, the Division of Law Enforcement shall provide investigative assistance.

Questions regarding the guidelines that govern responses to citizen complaints against law enforcement agencies and/or personnel of those agencies should be directed to the Public Inquiry Unit at (916) 210-6276 or toll-free (800) 952-5225.

STATE OF CALIFORNIA
PIU 3 (Rev. 09/2018)

Department of Justice
Page 2 of 3

# COMPLAINT ABOUT PEACE OFFICERS/
# LAW ENFORCEMENT AGENCY
Please read the Information Collection,
Use and Access notice on page 3.

**Xavier Becerra**
**ATTORNEY GENERAL**

PUBLIC INQUIRY UNIT
(916) 210-6276/ (800) 952-5225 Toll Free - CA only
TTY/TDD (800) 735-2929 (California Relay Service)
For TTY/TDD outside California contact your state's relay service
number at  http://www.fcc.gov/cgb/dro/trsphonebk.html
AG Web Site:  http://www.ag.ca.gov/

**Mail Form to:**

**Public Inquiry Unit**
**Office of the Attorney General**
**P.O. Box 944255**
**Sacramento, CA 94244-2550**

NOTE: We do not provide an on-line filing
process for this type of complaint because
document attachments are needed.

| PRINT FORM | RESET FORM |
|---|---|

## SECTION 1  -  POLICY FOR REVIEWING CITIZEN COMPLAINTS AGAINST LAW ENFORCEMENT

Under the general policy of the Department of Justice, your complaint about a law enforcement agency or its employee(s) must be addressed first to appropriate local authorities.  The Attorney General will review complaints for possible investigation when substantive allegations of unlawful conduct are made and all appropriate local remedies have been exhausted.

| HAVE YOU EXHAUSTED APPROPRIATE LOCAL REMEDIES? | NO ☐ | Please contact appropriate local authorities (e.g. sheriff or police department and district attorney). |
|---|---|---|
| | YES ✓ | PROCEED WITH COMPLAINT FORM. |

## SECTION 2  -  TYPE OF COMMUNICATION

| This is a complaint about a law enforcement officer. | | This is a complaint about a law enforcement agency. | ✓ |
|---|---|---|---|

## SECTION 3 - YOUR CONTACT INFORMATION (To receive a response in writing, you must provide your mailing address)

| First Name:  Christopher | MI:  T. | Last Name:  Barone |
|---|---|---|

Address: 5523 Old Salt In

| City:   Agoura Hills | State:   CA | Zip Code:   91301 |
|---|---|---|

| Phone:   818-661-9721 | E-mail Address:  thectb@yahoo.com |
|---|---|

## SECTION 4 - LAW ENFORCEMENT AGENCY OR EMPLOYEE INFORMATION

Employee's Name:  Deputy Park and Sheriff Alex Villanueva

Agency Name:   Los Angeles County Sheriffs Department - Lost Hills/Malbu

Agency Address:   27050 Agoura Rd

| City:   Calabasas | State:   CA | Zip Code:   91301 |
|---|---|---|

Agency/Official's Phone:   (818) 878-1808

## SECTION 5 - LOCAL REMEDIES SOUGHT

| Have you contacted the local law enforcement agency about your complaint? | YES ✓ | NO ☐ |
|---|---|---|

If so, what agency/agencies?  Lost Hills Sheriffs Department - They couldn't care less.

| Have you filed a complaint with the county district attorney? | YES ✓ | NO ☐ |
|---|---|---|
| Have you contacted an attorney for assistance? | YES ☐ | NO ✓ |

If so, provide the attorney's name and phone number:

## SECTION 6 - YOUR COMPLAINT

Provide specific information about the alleged unlawful conduct and detail your efforts to obtain local remedies.  If more space is needed, attach additional pages.  ALSO ATTACH A COPY OF YOUR COMPLAINT(S) TO THE LOCAL AUTHORITIES AND THEIR RESPONSE(S). *Do Not Send Original Documents.*

Total # Pages Attached:

On February 12th, 2020 I was wrongly imprisoned held against my will.  I was arrested for disobeying a court order that was a expired and never served.  3 times I told the deputies this, whomever they were speaking to on the phone ensured I was arresed.  I was inappropriately groped by two females deputies TWICE, handcuffed, stuffed in the back of their vehicle and thrown in jail and then silitary confinement.  In Solitary I was tortured as I have severe medical issues that are documented and real.  I am a US Marine who served honorably for 6 years two of those years were upon request of the Department of State after serving 4 years protecting US Embassies in foriegn countries.  The deputies also called Shelby Wagner to the scene who I told 3 times that I had a restraining order against her and she was to be 100yds away.  That was ignored as they had her drop of the TRO within 5yds of me.

[If you need more space and are using this fillable form, create a document (e.g. MS Word) to print and attach.]

| Signature: *Christopher T. Barone* | Date: 2/9/2021 |
|---|---|

STATE OF CALIFORNIA
PIU 3 (Rev. 09/2018)

DEPARTMENT OF JUSTICE
Page 3 of 3

**Xavier Becerra**
**Attorney General**

## COMPLAINT ABOUT PEACE OFFICERS/LAW ENFORCEMENT AGENCY

### Information Collection, Use and Access

**Collection and Use of Personal Information.** The Public Inquiry Unit of the Department of Justice collects the information requested on this form as authorized by Government Code Section 11180 and Civil Code Section 52.3. The Unit uses this information to review your complaint. In addition, any personal information collected by state agencies is subject to the limitations in the Information Practices Act and state policy. The Department of Justice's general privacy policy is available at

http://oag.ca.gov/privacy-policy.

**Providing Personal Information.** You do not have to provide the personal information requested. If you do not wish to provide personal information, such as your name, home address, or home telephone number, you may remain anonymous. In that case, however, we may not be able to contact you or help resolve your complaint.

**Access to Your Information.** You may review the records maintained by the Public Inquiry Unit in the Department of Justice that contain you personal information, as permitted by the Information Practices Act.  See below for contact information.

**Possible Disclosure of Personal Information.** In order to follow up on your complaint, we may need to share the information you give us with the party you complained about or with other government agencies.

The information you provide may also be disclosed in the following circumstances:

- With other persons or agencies where necessary to perform their legal duties, and their use of your information is compatible and complies with state law, such as investigations or for licensing, certification, or regulatory purposes;

- To another government agency as required by state or federal law.

**Contact Information:** For questions about a written complaint that you submitted to the Public Inquiry Unit, please fill-out and submit our online form, available at:

http://oag.ca.gov/contact/general-comment-question-or-complaint-form

Please specify in the "Your Comments" section the specific Public Inquiry Unit record that you are seeking. Or you may mail your request to Analyst, Public Inquiry Unit, Office of the Attorney General, P.O. Box 944255, Sacramento, CA 94244-2550. In addition, if you are seeking records maintained by another Department of Justice program, you should contact that program directly.



### UNITED STATES POSTAL SERVICE.

AGOURA HILLS
5158 CLARETON DR
AGOURA HILLS, CA 91301-9998
(800)275-8777

02/08/2021                    12:01 PM

---------------------------------------------

Product              Qty    Unit        Price
                            Price

---------------------------------------------

Priority Mail® 2-Day 1                  $7.95
Window FR Env
    Sacramento, CA  94244
    Flat Rate
    Expected Delivery Date
        Fri 02/12/2021
    Tracking #:
        9505 5156 3723 1039 4749 93
    Insurance                           $0.00
        Up to $50.00 included
Total                                   $7.95

---------------------------------------------

Grand Total:                            $7.95

---------------------------------------------

Credit Card Remitted                    $7.95
    Card Name: VISA
    Account #: XXXXXXXXXXXX3644
    Approval #: 71389D
    Transaction #: 056
    AID: A0000000031010          Chip
    AL: VISA CREDIT
    PIN: Not Required

---------------------------------------------

************************************************
USPS is experiencing unprecedented volume
    increases and limited employee
    availability due to the impacts of
COVID-19. We appreciate your patience.
************************************************

## Todays posting on llupdate

From: REDACTED

To: thectb@yahoo.com

Date: Monday, January 6, 2020, 01:19 PM PST

This was posted a few minutes ago...letter to the Sheriffs



January 5, 2020

Dear Alex Villanueva, Sheriff of LA County

I write you as a homeowner and President of the Board of Directors of the Lake Lindero Homeowners Association (LLHOA) to respectfully request your office take action to protect LLHOA properties by enforcement of the results of our recent recall election. Enforcement is urgently needed to stop board members who lost in the election and a former employee from further dismantling of the LLHOA operational and managerial structures. Since the election, they have sought to fire the management company, the Human Resource company, the security company, the point-of-sales company; they moved the LLHOA bank accounts, threatened vendors with termination if rent is not paid to them instead of the HOA, and instructed members to pay their monthly dues to them instead of the management company.

 **Marco Gonzalez**
November 21, 2018 · 🌐

HUGE LOVE from the Los Angeles County Sheriff's Department Malibu/Lost Hills Station.

Its been our pleasure to continue to serve you all!

-Marco



## OFFICE OF THE SHERIFF

### COUNTY OF LOS ANGELES
### HALL OF JUSTICE

JIM McDONNELL, SHERIFF

November 13, 2018

Tavern 101 Grill and Tap House
28434 Roadside Drive
Agoura Hills, California 91301

Dear Marco Gonzalez:

Please accept my sincerest gratitude for the meals you provided to the personnel working at Malibu/Lost Hills Sheriff's Station during the Woolsey Fire.

I am truly thankful for the generosity you have shown to our station and want you to know that nothing could mean more to us **than seeing** our community safe.

On behalf of the men and women assigned to the Malibu/Lost Hills Sheriff's Station, please accept my sincerest appreciation for your extraordinary expression of kindness.

Sincerely,

JIM McDONNELL, SHERIFF

Joshua W. Thai, Captain
Malibu/Lost Hills Sheriff's Station

211 WEST TEMPLE STREET, LOS ANGELES, CALIFORNIA 90012

*A Tradition of Service*
— Since 1850 —

👍❤️ 240                              21 Comments  29 Shares



**Marco Gonzalez**
November 17, 2018 · 🌐

These guys were really hungry they couldn't wait to eat. Sending them 40 sandwiches for their team.Lost Hills sheriffs department.



190

20 Comments  12 Shares

Like          Comment          Share

**Marco Gonzalez**
November 21, 2018 · 🌐

Lost Hills Sheriffs Dept. is in the house gettin' that Thanksgiving Feast!



👍❤️ 60                                        1 Comment  4 Shares

👍 Like          💬 Comment          ➤ Share

 **Marco Gonzalez**
November 22, 2018 · 🌐

• • •

HAPPY THANKSGIVING!

Sending a quick spread to Lost Hills Sheriffs Dept and Cornell Fire Station!

Have a great day everyone!!



 46                                    3 Comments  7 Shares

 Like           Comment           Share

**Marco Gonzalez**
October 31, 2019 · 🌐



**Lost Hills Sheriff's Station**
October 29, 2019 · 🌐

A HUGE thank you to Tavern 101 for providing our station with a delicious cooked meal!

 53                                    2 Comments

👍 Like          💬 Comment          ↗ Share



**Marco Gonzalez**
November 17, 2018 · 🌐



**Marco Gonzalez**
November 17, 2018 · 🌐

These guys were really hungry they couldn't wait to eat. Sending them 40 sandwiches for their team.Lost Hills sheriffs department.



22

👍 Like          💬 Comment          ↗ Share

**Tavern 101 Grill & Tap House**
March 15, 2019 · 🌐

I just want to say THANK YOU to the Sheriff's department for my new favorite jacket and to the firefighters for sending me additional patches from their firehouse that we added. Have a great weekend!

#oneofakind #sohonored #proudtorepresent #tavernsupportslawinforcementfirefighters



👍❤️ 220                                                                                          15 Comments

👍 Like                    💬 Comment                    ↪ Share



**Tavern 101 Grill & Tap House**
November 19, 2018 · 🌐

· · ·



**Marco Gonzalez**
November 19, 2018 · 🌐

A little love from the Lost Hills Sheriff Department:

"Thank you for having us at your fine establishment, we really enjoyed the food and the atmosphere. Your hospitality and support was greatly appreciated. We felt at home. Thank you again!" - Monica Rodriguez Lost Hills Sheriffs Department.

Thank you to Monica and all at the Lost Hills Sheriffs Dept.

- Marco

👍❤️ 111                                                                                    10 Shares

 Like             Comment             Share

Our HOA, an association of 459 homeowners/members located in Agoura Hills, CA 91301, conducted a recall election on Dec 19, 2019 to recall (remove) the entire Board of Directors. The recall was successful and a new Board of directors was elected on Dec 23, 2019. The election results were certified by an independent inspector of election. Two independent HOA attorneys provided legal opinions stating the results of our recall election were valid and enforceable. The certified election results and the legal opinions are available for viewing online at the link below.
https://www.llhoaupdate.com/post/two-independent-hoa-attorneys-provided-legal-opinions-recall-election-was-valid-and-enforceable

Three former Board members who were recalled and a former employee ignored the results of our election and refused to step aside for the new board.  They staged a coup d'état effectively voiding the results of our recall election by refusing to turn over the LLHOA properties.

The Lost Hills Sheriff's office was called on 12/31/2019 to prevent the former employee from changing the locks to HOA properties.  The sheriffs arrived, talked to members of the new board and the former employee, then decided to do nothing, stating it was a civil matter.  They may have believed their decision was fair and impartial; it was neither.  It did not maintain the status quo; it enabled the former employee and his supporters to continue to dismantle the HOA.

As stipulated in the law, civil code §5110(d), election results certified by the Inspector of Election, in the eyes of the law and the court, are **"prima facie evidence"** of the results and **stand** until challenged in court and voided by court order. The law provides a legal process to challenge the election (CA Corp §7616 & Civ §5145). Anyone with an interest in the outcome of the election has the right to file a complaint of the election. Nothing in the law allows HOA members or Board members to ignore the results of an election without a court order.

Per civil code mentioned above, it is the legal right of the HOA that our election results are recognized by government agencies, including the LA County sheriffs, until it is challenged in court and a court order issued. Our election results can only be voided by court order.  No challenge to our election has been filed in court or been voided by court order, therefore the results stand, are valid and to be enforced.

As the saying goes, not to decide is to decide. For county sheriff at Lost Hills Station to decide that our election was a civil matter therefore not honoring the request to protect HOA properties made by our duly elected new board is to void the election results and nullify the authority of the legally elected new board.

We hereby respectfully request Sheriff Alex Villanueva recognize and enforce our election results to protect the HOA properties. This will allow any challenge to the election to be filed and heard.  It would preserve the LLHOA properties while the courts hear the challenges, if any. The LLHOA properties could always be dismantled later if a challenge prevails. This would be the fair and impartial action by the Sheriffs.

Should you need additional information, please contact me at: LakeLinderoCountryClub@gmail.com or call me at 818-xxx-xxxx.

Your immediate attention to this matter is highly appreciated.

Sincerely

Michael Allan, President
LLHOA Board of Directors

**Note**: This letter was sent online via LA county Sheriff's Department's Contact us page at  Contact Us – General | Los Angeles County Sheriff's Department .



**Contact Us – General | Los Angeles County Sheriff's Department**