UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-04200-JWH-PD                                Date: October 29, 2021

Title     *Christopher T. Barone v. Los Angeles County Sheriff's Department, et al.*

Present: The Honorable:     Patricia Donahue, United States Magistrate Judge

|  Isabel Martinez  | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) Order Authorizing Early Discovery to Learn Names of Doe Defendants**

   On May 19, 2021, Plaintiff Christopher T. Barone, a California resident proceeding pro se, filed a civil rights complaint alleging that Defendants Los Angeles County Sheriff's Department ("LASD"), Deputies Park and Metcalf, and Does 1-10 violated his rights under the United States Constitution and in state law in connection with a wrongful arrest and detention.  [Dkt. No. 1.]  On June 23, 2021, the Court screened the initial complaint sua sponte and dismissed it with leave to amend.  [Dkt. No. 4.]  The Court found that the complaint violated Rule 8 of the Federal Rules of Civil Procedure for failing to sufficiently place Defendants on notice of the specific conduct alleged, including when it occurred.  The Court further noted that because Plaintiff did not state the outcome of the arrest, including whether a criminal case was initiated, his claims might be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

   After receiving an extension of time, Plaintiff filed the First Amended Complaint ("FAC") on September 20, 2021.  [Dkt. No. 10.]  In it, Plaintiff alleges that on February 12, 2020, Deputies Park and Metcalf came to his place of business, the Lake Lindero Country Club in Los Angeles County, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-04200-JWH-PD                                              Date: October 29, 2021

Title        *Christopher T. Barone v. Los Angeles County Sheriff's Department, et al.*

called an individual to the premises who had an expired restraining order against Plaintiff.  Plaintiff states that he informed the deputies that he had never been served with the restraining order.  Despite that fact, Plaintiff was arrested when the individual arrived at the country club.  Additionally, six unnamed deputies searched Plaintiff and his truck without a warrant.  The FAC clarified that the criminal case did not result in a conviction against Plaintiff, and that it was "dropped" in January 2021.  [Dkt. No. 10 at 9.]

The FAC states eight causes of action: (1) violation of the Fourth Amendment for unlawful/unreasonable seizure of person by the deputies; (2) violation of the Fourth Amendment for unreasonable/unlawful entry and search and seizure by six unnamed deputies and the LASD; (3) liability under *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), for the failure to properly hire, fire, discipline, and train by the LASD; (4) *Monell* liability for the violation of Plaintiff's federal constitutional rights as a result of an official policy, custom, usage and practice by the LASD; (5) false arrest/false imprisonment under state law by all defendants; (6) violation of state law Bane Act by all defendants; (7) negligence under state law by all defendants; (8) intentional infliction of emotional distress under state law by all defendants.  Plaintiff seeks compensatory and punitive damages.  [Dkt. No. 10 at 14-27.]

In a separate order, the Court directs service of the Summons and First Amended Complaint on Deputy Park, Deputy Metcalf, and the LASD.

In the FAC, Plaintiff alleges that unnamed deputies seized him and searched him and his truck in violation of the Fourth Amendment and state law.  Doe pleading is generally disfavored in this Circuit.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-04200-JWH-PD                                           Date: October 29, 2021

Title      *Christopher T. Barone v. Los Angeles County Sheriff's Department, et al.*

      To further the speedy and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1, the Court concludes that it is in the interest of justice to authorize Plaintiff to conduct early discovery under Federal Rule of Civil Procedure 26(d)(1).  The Court finds that limited discovery is appropriate to the extent that Plaintiff needs further information to identify the Doe defendants and enable service upon them.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." (quoting *Gillespie*, 629 F.2d at 642 (alterations omitted))).

      Accordingly, the Court authorizes Plaintiff to serve an interrogatory on the LASD to learn the names of the Doe defendants identified in the FAC who are alleged to have caused Plaintiff's injuries.  Plaintiff shall serve the interrogatory no later than **November 15, 2021**.

      No later than **January 4, 2022**, Plaintiff shall file one of the following three documents:

(1)     If no Defendant has yet responded to the FAC, Plaintiff shall file a Second Amended Complaint identifying the Doe defendants by name;

(2)     If a Defendant has responded to the FAC, Plaintiff shall file a motion for leave to file a Second Amended Complaint, attaching as an exhibit to the motion a copy of the Second Amended Complaint identifying the Doe defendants by name; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-04200-JWH-PD                                                     Date: October 29, 2021

Title       *Christopher T. Barone v. Los Angeles County Sheriff's Department, et al.*

(3)   If Plaintiff has not received a response to the interrogatory, or if the interrogatory response does not identify the Doe defendants, Plaintiff shall file a Status Report stating when the interrogatory was served and affirming that no response was received, or, if a response was received, that the response did not identify the Doe defendants.  Plaintiff shall attach to the Status Report a copy of the interrogatory served on the LASD including the proof of service, and a copy of any response received from the LASD to the interrogatory.

**IT IS SO ORDERED.**

|                             | :   |
|----------------------------:|-----|
| **Initials of Preparer**    | im  |