FILED
CLERK, U.S. DISTRICT COURT

November 12, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ IM _____ DEPUTY

1  Christopher T. Barone
2  5523 Old Salt Ln.
   Agoura Hills, CA 91301
3  818.661.9721
4  thectb@yahoo.com
   Self Represented
5

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER T. BARONE, | Case No.: **2:21-cv-04200-JWH-PD** |
| Plaintiff, | |
| vs. | **PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE** |
| Los Angeles County Sheriff Department AND DOES 1-10 | |
| Defendants(s) | |

PROPOUNDING PARTY  :      Christopher T. Barone

RESPONDING PARTY   :      Los Angeles County Sheriff's Department

SET NUMBER: ONE

Plaintiff Christopher T. Barone respectfully requests that Defendant Los Angeles County Sheriff's Department answer fully the following set of Special Interrogatories, in writing and under oath, under California Code of Civil Procedure. Section 2030.010, and those said answers be signed, verified, and served within thirty (30) days after service.

In answering these interrogatories, please furnish all information that is available to you. If you cannot answer an interrogatory completely, answer it to the extent possible.

**PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE - 1**

If you do not have personal knowledge sufficient to respond fully to an interrogatory, please so state, but make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations.

These Interrogatories are continuing to require you to file supplementary answers if you obtain further or different information before trial. Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the Subject Incident and personal injuries mentioned or complained of.

Where name and identity of a person is required, please state full name, home address and also business address, if known.  Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorney's. When answer is made by corporate defendant, state the name, address and title of persons supplying the information and making the affidavit, and announce the source of his or her information.

"PLAINTIFF" shall mean PLAINTIFF Christopher T. Barone. "IDENTIFY" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principle place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of the place of employment. "SUBJECT INCIDENT" means and refers to the incident on described in PLAINTIFF's Complaint upon which this suit is founded.

If you do not have personal knowledge sufficient to respond fully to an interrogatory, please so state, but make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations.

These Interrogatories are continuing to require you to file supplementary answers if you obtain further or different information before trial. Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the Subject Incident and personal injuries mentioned or complained of.

Where name and identity of a person is required, please state full name, home address and also business address, if known.  Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorney's. When answer is made by corporate defendant, state the name, address and title of persons supplying the information and making the affidavit, and announce the source of his or her information.

"PLAINTIFF" shall mean PLAINTIFF Christopher T. Barone. "IDENTIFY" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principle place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of the place of employment. "SUBJECT INCIDENT" means and refers to the incident on described in PLAINTIFF's Complaint upon which this suit is founded.

**PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE - 3**

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Please state YOUR full name, home address your employer's name and address.

**SPECIAL INTERROGATORY NO. 2:**

Please state your position and duties at the time of the SUBJECT INCIDENT and at the present time.

**SPECIAL INTERROGATORY NO. 3:**

Please state in detail YOUR itinerary on the date of the SUBJECT INCIDENT, including each place at which YOU were present, YOUR length of stay at each such place, and a detailed account of whom YOU saw and what YOU did at each such place.

**SPECIAL INTERROGATORY NO. 4:**

Please IDENTIFY all persons known to YOU to have personal and/or professional knowledge of the facts and/or details pertaining to the SUBJECT INCIDENT, and indicate their names, positions, titles of those persons.

**SPECIAL INTERROGATORY NO. 5**:

Please IDENTIFY all persons you know that who investigated the cause and circumstances of  SUBJECT INCIDENT.

**SPECIAL INTERROGATORY NO. 6:**

Please IDENTIFY all persons who arrived at the scene of the SUBJECT INCIDENT ar 5719 Lake Lindero Dr. in Agoura Hills, CA.

**SPECIAL INTERROGATORY NO. 7:**

Please IDENTIFY all persons who you reported this  SUBJECT INCIDENT to and their titles and positions.

**PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE - 4**

**SPECIAL INTERROGATORY NO. 8:**

Please IDENTIFY all persons who Deputy Parks spoke to in person and on a cell phone while at 5719 Lake Lindero Dr. Agoura Hills, CA 91301 on the day of the SUBJECT INCIDENT.

**SPECIAL INTERROGATORY NO. 9:**

Please IDENTIFY all person Deputy Metcalf spoke to in person and on/or on a cell phone while at 5719 Lake Lindero Dr. Agoura Hills, CA 91301 on the day of the the SUBJECT INCIDENT.

**SPECIAL INTERROGATORY NO. 10:**

Please Identify The Supervisor on Duty at the Lost Hill/Malibu Sheriff Station at the time of the Subject Incident

**SPECIAL INTERROGATORY NO. 11:**

Please Identify the deputy who took fingerprints of PLAINTIFF prior to putting him in jail.  The names of the two deputies (One of them was a Black female) who were called to the solitary confinement-like cell when the Plaintiff pushed a "button" inside the cell requesting medical assistance.

# This Space is intentionally Blank.  Please go to the next page #6

**SPECIAL INTERROGATORY NO. 12:**

Please IDENTIFY the person in the picture below:



Nov. 12th, 2021

By: _Christopher T. Barone_

Christopher T. Barone

Self Represented Plaintiff

**PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE - 6**

CHRISTOPHER T. BARONE
SELF REPRESENTED LITIGANT
5523 OLD SALT LN.
AGOURA HILLS, CA 91301
EMAIL: THECTB@YAHOO.COM
PHONE: 818-661-9721



**FILED**
CLERK, U.S. DISTRICT COURT

September 20, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____IM_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER T. BARONE,<br><br>Plaintiff,<br><br>    vs.<br><br>LOS ANGELES COUNTY SHERRIF'S DEPARTMENT; and DOES 1 through 10, inclusive,<br><br><br>    Defendants. | Case No.:  2:21-cv-04200-JWH-PD<br><br>FIRST AMENDED COMPLAINT:<br><br>1. UNLAWFUL SEIZURE OF PERSON (U.S. CONST. AMEND. 4)<br><br>2. UNLAWFUL ENTRY INTO and SEARCH OF PRIVATE PROPERTY (U.S. CONST. AMEND. 4)<br><br>3. MUNICIPAL LIABILITY (*Monell* Liability) FOR FAILURE TO TRAIN AND/OR DISCIPLINE DEPUTIES and OFFICERS (U.S. CONST. AMENDS. 1, 4 & 14)<br><br>4. MUNICIPAL LIABILITY (*Monell* Liability) FOR CUSTOM / PRACTICE / |

POLICY (U.S. CONST. AMENDS. 1, 4 & 14)

5. FALSE ARREST / FALSE IMPRINSONMENT (UNDER CALIFORNIA STATE LAW)

6. VIOLATION OF CAL. CIVIL CODE § 52.1 (BANE ACT; UNDER CALIFORNIA STATE LAW)

7. NEGLIGENCE (UNDER CALIFORNIA STATE LAW)

8. BATTERY (UNDER CALIFORNIA STATE LAW)

9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (UNDER CALIFORNIA LAW)

**JURY TRIAL DEMANDED**

**COMES NOW** plaintiff CHRISTOPHER T. BARONE and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

COMPLAINT FOR DAMAGES

2

2.      As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As Plaintiff claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff federal question claims, this court has jurisdiction over the Plaintiff California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*. All state law claims are brought against Defendant County of Los Angeles via vicarious liability only.

4.      Plaintiff have timely filed their California State Law Government Claims for Damages against the County of Los Angeles, and said claims were denied less than six months prior to the filing of this action.

## **GENERAL ALLEGATIONS**

5.      Plaintiff CHRISTOPHER T. BARONE, hereinafter referred to as "BARONE" or "Plaintiff BARONE", is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California..

6.      Defendant LOS ANGELES COUNTY SHERIFFS DEPARTMENT, hereinafter also referred to as "LACSD" or "SHERRIFS"

COMPLAINT FOR DAMAGES

3

7.    LACSD is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

8.    Defendant Deputy Parks, hereinafter also referred to as "Parks", is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with defendant LACSD.

9. Defendant Deputy Metcalf, is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of her employment with defendant LACSD.

10.    Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant LACSD and/or otherwise employed by the Los Angeles County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in

4

COMPLAINT FOR DAMAGES

this action, whose identities are, and remain unknown to plaintiff, who will amend

their complaint to add and to show the actual names of said DOE defendants

when ascertained by Plaintiff.

11.     At all times complained of herein, DOES 1 through 6, inclusive, were

acting as individual persons acting under the color of state law, pursuant to their

authority as sworn peace officers and/or deputy sheriffs and/or Special Officers

and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.)

and/or dispatchers, employed by the Los Angeles County Sheriff's Department,

and were acting in the course of and within the scope of their employment with

defendant LACSD.

12.     Defendants DOES 7 through 10, inclusive, are sworn peace officers

and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains

and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or

policy making and/or final policy making officials, employed by Los Angeles

County Sheriff's Department and/or defendant County of Los Angeles, who are in

some substantial way liable and responsible for, or otherwise proximately caused

and/or contributed to the occurrences complained of by plaintiff in this action,

such as via supervisory liability (i.e. failure to properly supervise, improperly

directing subordinate officers, approving actions of subordinate officers), via

bystander liability (failing to intervene in and stop unlawful actions of their

COMPLAINT FOR DAMAGES

5

subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Los Angeles County Sheriff's Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) unlawful entry into and unlawful searches of vehicle; 3) fabricating evidence to procure the bogus criminal prosecutions of and the false convictions of innocents; and 4) covering up tortious conduct by Los Angeles County Sheriff's Department peace officers.

13. At all times complained of herein, DOES 7 through 10, inclusive,were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Los Angeles County Sheriff's Department, and/or some other public official(s) with defendant LACSD, and were acting in the course of and within the scope of their employment with defendant LACSD.

14. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace

officers, with the Los Angeles County Sheriff's Department and/or

otherwise with defendant LACSD[1].

15.    Plaintiff is presently unaware of the identities of DOES 1 through

10, inclusive, and will amend their complaint to add and to show the actual names

of said DOE defendants, when made known to Plaintiff.

16.    In addition to the above and foregoing, defendants PARKS AND

METCALF AND DOES 1 through 6, inclusive, acted pursuant to a conspiracy,

agreement and understanding and common plan and scheme to deprive the

Plaintiff of their federal Constitutional and statutory rights, and California

constitutional and statutory state law rights, as complained of in this action.

17.    Defendants PARKS and METCALF  and DOES 1 through 10,

inclusive, acted in joint and concerted action to so deprive the Plaintiff of those

rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise

in violation of United States (Constitutional and statutory) law and California

(Constitutional and statutory) state law.

18.    Said conspiracy / agreement / understanding / plan / scheme / joint

action / concerted action, above-referenced, was a proximate cause of the

violation of the plaintiff's federal and state constitutional and statutory rights, as

complained  of herein.

---

[1] Such as a LACSD executive officer.

COMPLAINT FOR DAMAGES

7

## BACKGROUND VITAL TO THIS COURT

On Wednesday February 12th, 2020 while working as the Chief Executive Officer at the Lake Lindero Country Club at 5719 Lake Lindero Dr., Agoura Hills, CA 91301, and not a expired or if current protected person around, he noticed a Black and White Los Angeles County Sheriff's vehicle pull into the parking lot. Plaintiff walked out to greet the deputies. Plaintiff met Defendant Deputy Parks, herein after also called "Parks", and Defendant Deputy Metcalf herein after also called "Metcalf", and at all times complained of herein, were, a peace officers and Deputy Sheriffs employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in their individual capacity and employed by the Los Angeles County Sheriff's Department. At some point discussions regarding a TRO against the Plaintiff was discussed and the Plaintiff explained that he was never served and although Plaintiff openly admitted had heard speculation TRO he wasn't aware of its contents. This fact is in court records and proven by the removed link from Michael Allan's website. (Ex. ) The Superior Court in line with its tyrannical culture didn't care. The TRO case number was 20CHRO00060 (Ex. ) and the non-attorney Defendant defeated the law firm of Kulik Gottesman Siegel and Ware who showed up to a 2 or 3 day trial with no witnesses, no declarations, and under false representation.

Attorney Justin Nash did not represent the HOA and lied to the court about his representation to secure a contract that was terminated by Barone in 2020. That contract was for Lordon Management who Thomas M. Ware II works under the guise of the HOA's representation but make no mistake, his partner is Lordon Management. The fraudulently representing law firm of Kulik Gottesman Siegel and Ware have been business partners with Lordon Management long before the this fraud.

Oddly, the District Attorneys office with a strong recommendation from the Sheriff's Department decided to take this no-win case. LAVOVW00295-01 and was dropped In January of 2021.

Deputies Parks and Metcalf and DOES 1-10 took it upon themselves in their capacity as both individuals acting on their own to humiliate, jail, deny medical treatment then put in solitary confinement to coerce him to sign a document/release he refused to sign initially because it contained false information.

This arrest even made it to the front page of a local newspaper whose Senior Editor is none other than John Loesing the former VP of LLHOA that was the biggest cheerleader of the criminal cartel. Loesing also watched the HOA's Reserve account go from around $1,000,000 to just $2,000 when Barone took over. Within just 10 months the Association had new equipment a better golf course and an over 10,000    increase to over $200,000 in the reserve account which has been stagnant since Tyrant Watkins took over and appointed her board by violating numerous recall,

COMPLAINT FOR DAMAGES

elections corporation and civil laws paving the way for the criminals to get away scot-free. It was the unveiling of how much money the Country Club was making and the criminals were hiding that concerned the cartel the most. The plaintiff had to go and Tyrant Watkins received something for her help.

This is how vigilante justice is born, and while the Plaintiff has no interest or intention of participating, to be absent minded of the knowledge that this is happening to others would be na ve. The undercurrent of toxicity bubbling in the Superior Court is unhealthy and will boil over.Case 19VECV01634 demonstrates how tyrant judges like Theresa M. Traber stay protected. She has been transferred to another courthouse in a Vatican-like shuffle after granting a frivolous anti-SLAPP motion, it's nearly laughable given the fact the attorney who filed it colluded with the Defendant and then asked to be dismissed as legal counsel. On the 57th and on the 58th day proxy Attorney Alex Herrera files the slap. 60 days or less is when anti-SLAPP must be filed.

Defendant in that case was video recorded breaking federal law at 1:30am outside the Co-Plaintiff's house that evening. She was caught rummaging through a mailbox and placing flyers on mailboxes at 1:30am which is unlawful because:Civil Code §4515 (b) (4) : Canvassing and petitioning the members, the association board, and residents for the activities described in paragraphs (1) and (2) at reasonable hours and in a reasonable manner.. Assembly for Political Purposes; Flyers.

1:30am isn't reasonable hours

That case in which evidence was not allowed because it was turned in 7 days early opposed to the 9 or 10 days proves how corrupt the Tyrant Traber is and how protective and enabling the Superior Court is.

Case 20VECP00041: Imagine a recall where the person being recalled starts a simultaneous recall, and then sends out all the recall and election material himself with the help of a member (Gary Klezek) who is suing the association LC107535 then all by himself chooses the inspector of elections, the brings his own attorney to the "membership only" meetings before the simultaneous recall can be looked at. Imagine that person saying under oath he was acting as a member while he was actually on the Board of Directors and signed the contract with the inspector of elections and proving his title as "Director". Imagine if that same person was the recipient of an illegal land acquisition of 2500sqft from the very association he is a Director of and fails to disclose the details of it which under any circumstance was unlawful because the association as a whole must vote on it. The same director creates a website www.llhoaupdate.com during the recall and as a director makes salacious accusations that after 18 months, he can't substantiate any of it.

How does any of the last few paragraphs relate to this case? The Sheriffs took part, they actually did their part to destroy the Plaintiff's life and they did so knowing all of the acrimony involved. They piled on and they did so with malicious intentions.

Deputy Parks walked away and was on the phone for approximately 15 minutes before returning to say she had someone coming to bring the TRO, when Plaintiff asked who was bringing it Parks responded by saying "Shelby Wagner". Shelby Wagner works for a criminal enterprise named Lordon Management. Lordon was hired to handle the financial arm of the Lake Lindero Country Club and Lake Lindero HOA. They were caught red-handed stealing money from the LLHOA Reserve account three times when Plaintiff was the CEO and have been doing it again according to the Tyrant Watkins Board  The absurdity of that case, the purposeful lies, proven perjury go unchecked for now but Plaintiff promises this court, there will be another filing that includes the Los Angeles Superior Court, Atain Specialty Insurance Co. and approximately 12 other law firms plus a few more entities.

The LACSD is an undisciplined bunch as proven by the plane crash involving Lakers star Kobe Bryant.  Deputies passed out photos of the remains of the people on that plane as well as crash site photos and admitted as much in court proceedings.  These deputies and the LACSD enjoy the free meals and money from Marco Gonzalez:

https://www.youtube.com/watch?v=shpdeX5HB64

Gonzalez V. Barone - 19STCV18983
Gonzalez v Barone 19CHRO00156

# https://youtu.be/3EYlfjoiItU

See Exhibits

## The rest of the page is Blank

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure of Person
### (By BARONE, Against Defendants PARKS AND DEPUTY
### METCALFE and DOES 1 through 6, inclusive)

19.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in full herein.

20.  Plaintiff Barone is a United States Marine Corp Veteran, honorably discharged and served with distinction including Presidential detail and Embassy duty.  He is a proud Husband of 22 years and Father of 3 young children.

21. Plaintiff Barone is part owner, manadtory member, and employee working at 5719 Lake Lindero Dr., Agoura Hills, CA 91301 as the CEO of the Lake Lindero Country Club. Plaintiff is part owner of the property and was an employee hire by the Lake Lindero HOA Board of Directors.

22.    Apparently, at approximately 2:30 p.m.,  Deputies Parks and DEPUTY METCALF of the Los Angeles County Sheriff's Department came to the Lake Lindero Country Club and were met pleasantly by the CEO.

23.    Defendants PARKS AND  METCALF proceeded to call a restrained person SHELBY WAGNER to the country club.

24.Defendents PARKS and METCALF were notified several times of the court order restricting SHELBY WAGNER from coming within 100 yards of the BARONE. Defendant PARKS and  METCALF allowed

COMPLAINT FOR DAMAGES
8

and requested SHELBY WANGER to come within 20 feet of BARONE .

Parks proceeded to laugh and point at Barone with SHELBY WAGNER.

25.    At approximately 3:00 p.m., Plaintiff BARONE was frisked, sexually  groped and handcuffed. Stuffed into the back of the LACSD Vehicle and hauled to jail.

26.    PARKS  was on the phone getting guidance and instructions Plaintiff Barone overheard parts of the phone conversation and Parks was hard saying "are you sure?" prior to Barone being sexually groped and handcuffed

27.    PARKS ordered BARONE to put his hands behind his back and BARONE complied.

28.     METCALF then handcuffed BARONE, sexually groped him, and humiliated him without stating any reason why.  Barone was in front his employees and clients at the Country Club in the parking lot.

29.  BARONE tried to explain to PARKS and  METCALF that not only wasn't he served but that the restraining order had already expired.

30. As complained of herein above, none of the defendants to this action had a warrant for Plaintiff's arrest.  The reason SHELBY WAGNER came to the club and violated the restraining order against her was because the deputies wanted a reason to arrest Barone knowing she was not allowed at the Country Club, knowing BARONE was never served and knowing BARONE stated the restraining order was expired.

COMPLAINT FOR DAMAGES

committed a crime, nor reasonable suspicion of criminality afoot by the Plaintiff, or any suspicion that the Plaintiff was a danger to anyone or anything.

31.     Accordingly, the seizure of Plaintiff by defendants LACSD and DOES 1 through 6, inclusive, by threatened use of force, and while working and on display outside in front of employees and clients, constituted an unlawful and unreasonable seizure of Plaintiff, in violation of his rights under the Fourth Amendment to the United States Constitution.

32.     As a direct and proximate result of the actions of defendants PARKS and METCALF and DOES 1 through 6, inclusive, as complained of herein, Plaintiff BARONE: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $1,000,000.

33.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiff' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them in an amount to be proven at trial in excess of $1,000,000.00 for the plaintiff.

**SECOND CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation Of Fourth Amendment Rights**
**Unreasonable / Unlawful Entry Into and Search and**
**Seizure of Private Residence**

COMPLAINT FOR DAMAGES

**(By BARONE Against Defendants LACSD and DOES 1
through 6, inclusive)**

34.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 33, inclusive, above, as if set forth in full herein.

35.     As shown above, defendants LACSD and DOES 1 to 6, inclusive, entered the Plaintiff' Private Property by themselves, without a warrant, consent or an emergency.

36.     Also as shown above, defendants LACSD and DOES 1 to 6, inclusive, searched the Plaintiff' truck and person without a warrant, consent or an emergency.

37.     The actions of defendants LACSD and DOES 1 to 6, inclusive, complained of in this action in entering, searching and seizing Plaintiff's truck, constituted an unlawful and unreasonable entry into and seizure of property in the absence of a warrant, consent, or an emergency, in violation of the Plaintiff rights to be free from such entry, search and seizure of Plaintiff's property under the Fourth Amendment to the United States Constitution.

38.     As a direct and proximate result of the actions of Defendants PARKS,  METCALF and DOES 1 to 6, inclusive, Plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits,

COMPLAINT FOR DAMAGES

and 4) suffered terrible physical injury, pain and suffering, as well as mental and

emotional pain and suffering, and 5) suffered / is suffering lost wages and profits;

all in an amount to be proven at trial; in excess of $1,000,000.00 for the plaintiff.

39.     The actions of said defendants, and each of them, as complained of

herein, were committed maliciously, oppressively and in reckless disregard of

Plaintiff' constitutional rights, sufficient for an award of punitive / exemplary

damages against said defendants, in an amount to be proven at trial, in excess of

$1,000,000.00 for each defendant.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR
### FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (By BARONE, Against Defendants LACSD)

40.     Plaintiff hereby reallege and incorporate by reference the allegations

set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

41.     As complained of herein above, the acts of defendants LACSD and

DOES 1 through 6, deprived Plaintiff of their rights under the

laws of the United States and The United States Constitution.

42.     The training policies of LACSD were not adequate to train its

police officer employees to properly and lawfully handle situations similar to the

one they were presented with when they confronted Plaintiff, including training

on: 1) when deputy sheriffs are lawfully permitted to enter and search a property

and person; 2) when deputy sheriffs are lawfully permitted to take employees of

COMPLAINT FOR DAMAGES