private property off of their property; 3) that taking persons off of their property on an expired court order unreasonable and unlawful; and 4) that seizing private citizen in the absence of a warrant is unlawful.

43. LACSD was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

44. The failure of LACSD to provide adequate training caused the deprivation of Plaintiff rights by defendants LACSD and DOES 1 through 6, inclusive.

45. LACSD's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused Plaintiff injuries.

46. As a direct and proximate result of the actions of defendants PARKS, METCALF and DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $1,000,000.00 for the plaintiff.

**FOURTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(By BARONE, Against Defendant LACSD)**

COMPLAINT FOR DAMAGES

14

47.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 46 inclusive, above, as if set forth in full herein.

48.     As shown above, the actions of defendants LACSD and DOES 1 through 6, inclusive, deprived the Plaintiff of their particular rights under the United States Constitution, as described above.

49.     At all times complained of herein, defendants LACSD and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Los Angeles LACSD Sheriff's Department /defendant LACSD: 1) unlawfully entering and searching private property, including performing unlawful "Sexual groping" of a civilian;  2) for seizing a civilian in unnecessarily degrading and humiliating manner, such as by taking them out in front of all employees, clients and within 20ft of a lawfully restrained person SHELBY WAGNER; 3)  for covering-up unlawful and tortuous conduct by Los Angeles County Sheriff's Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the Plaintiff in this action.

50.     Said actions of said defendants were done by them under the color of  state law.

51.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants LACSD, above-described, said defendants committed said actions complained of above.

52.     As a direct and proximate result of the actions of defendants LACSD, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $1,000,000.00 for the plaintiff.

### FIFTH CAUSE OF ACTION
**False Arrest / False Imprisonment**
**Under California State Law**
**(By BARONE, Against All Defendants)**

53. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52 inclusive, above, as if set forth in full herein.

54. Defendants LACSD and DOES 1 through 6, inclusive, restrained, humiliated and deprived Plaintiff of his liberty..

//
//
//

55.  Defendants LACSD and DOES 1 through 6, inclusive, intentionally deprived Plaintiff of their freedom of movement by use of physical force and violence.

56.  Plaintiff did not consent to said deprivation of their freedom of movement by defendants LACSD and DOES 1 through 6, inclusive, or to the use of force and violence upon them.

57.  Plaintiff suffered harm because of said deprivation of their freedom of movement by defendants LACSD and DOES 1 through 6, inclusive.

58.  The actions committed by defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of Plaintiff under California state law.

59.  Defendants LACSD and DOES 1 through 6, inclusive, are liable to Plaintiff for said false arrest / false imprisonment, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.2, 820.4, 820.8, and otherwise pursuant to the common-law.

60.  The actions committed by defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, proximately caused Plaintiff to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other

COMPLAINT FOR DAMAGES

17

costs and expenses, in an amount to be proven at trial which is in excess of

$1,000,000.00. .

61. The actions of defendants LACSD and DOES 1

through 6, inclusive, were committed maliciously, oppressively and constituted

despicable conduct, sufficient for an award of punitive / exemplary damages

against PARKS, METCALF and DOES 1 through 6, inclusive, in an amount to

be proven at trial which is in excess of $1,000,000.00 for plaintiff.

## SIXTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1 (Bane Act)
### Under California State Law
### (Against All Defendants)

62. Plaintiff hereby realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 68, inclusive, above, as if set forth in full herein.

63. The actions of defendants LACSD and DOES 1

through 6, inclusive, as complained of herein, interfered with, and/or attempted to

interfere with, by use of threats, intimidation, and coercion, the exercise or

enjoyment by Plaintiff of the rights secured to them by the Constitution and laws

of the United States, and of the rights secured to them by the California

Constitution and otherwise by California law, in violation of California Civil

Code.§52.1.

64. Defendants LACSD and DOES 1 through 6, inclusive,

are liable to Plaintiff for said violations of their constitutional rights,

pursuant to California Civil Code §52.1, and California Government Code §815.2(a), 815.6, 820, 820.4, 820.8.

65.   As a direct and proximate result of the actions of defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $1,000,000.00. .

66.   The actions of defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against LACSD and DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $1,000,000.00 for the plaintiff.

67.   In addition, as a result of the actions of defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, Plaintiff are entitled attorney fees and related costs to an award of treble compensatory damages against all defendants, and each of them.

## SEVENTH CAUSE OF ACTION
COMPLAINT FOR DAMAGES

**Negligence**
**Under California State Law**
**(By BARONE, Against all Defendants)**

68.     Plaintiff hereby realleges and incorporate by reference the allegations

set forth in paragraphs 1 through 67, inclusive, above, as if set forth in full herein.

69.   The actions committed by defendants LACSD and

DOES 1 through 6, inclusive, as complained of herein and as described above

constituted a breach of defendants' duty to use due care toward Plaintiff, by

unlawfully entering the residence and unlawfully seizing Plaintiff.

70.    As a direct and proximate result of the actions committed by

Defendants LACSD and DOES 1 through 6, inclusive, as complained of herein,

Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2)

incurred medical and psychological costs, bills and expenses and 3) incurred

other special and general damages and expenses in an amount to be proven at

trial, which is in excess of $1,000,000.00. .

**EIGHTH CAUSE OF ACTION**
**Intentional Infliction Of Emotional Distress**
**Under California State Law**
**(Against All Defendants)**

71.     Plaintiff hereby realleges and incorporate by reference the allegations

set forth in paragraphs 1 through 70, inclusive, above, as if set forth in full herein.

72.     Defendants LACSD and DOES 1 through 6, inclusive, knew and/or

should have known that Plaintiff was susceptible to suffering severe emotional

COMPLAINT FOR DAMAGES
20

distress from the actions taken and committed against Plaintiff as complained of herein.

73.   The actions committed by Defendants LACSD and DOES 1 through 6, inclusive, during the incident as complained of herein, were malicious, oppressive, and/or in reckless disregard for Plaintiff's constitutional rights, was despicable and of such an outrageous nature as to be shocking to the conscience.

74.   The actions of Defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, committed against Plaintiff, directly and proximately caused Plaintiff to suffer severe emotional distress.

75.   Defendants LACSD and DOES 1 through 6, inclusive, are liable to Plaintiff for said intentional infliction of emotional distress pursuant to California state law, and otherwise pursuant to the common-law.

76.   As a direct and proximate result of the actions of defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $1,000,000.00.

77.     The actions committed by Defendants LACSD and DOES 1 through 6, inclusive, as complained of herein, were malicious, oppressive and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against all defendants in an amount to be proven at trial which is in excess of $1,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)  For a judgment against all defendants for compensatory damages in an amount in excess of $1,000,000.00 for the plaintiff;

b)  For a judgment against all defendants, for punitive damages in an amount in excess of $1,000,000.00 for the plaintiff;

c)  For an award of reasonable attorney's fees and/or costs associated;

d)  For a trial by jury; and

e)  For such other and further relief as this honorable court deems just and equitable.

CHRISTOPHER T. BARONE



# Lake Lindero HOA 'lost its way," judge says

With Agoura Hills club mired in legal disputes, leadership team is thrown out
*April 20, 2020*

An April 7 ruling by the California Superior Court in Van Nuys validates a new leadership team at the troubled Lake Lindero Home Owners Association and puts to an end much of the strife that has racked the Agoura Hills HOA for the past three years.

The ruling upholds the dismissal of Lake Lindero general manager Chris Barone in December 2019–and it affirms a recall election held in the same month that stripped authority from the board of directors he controlled.

The former board under Barone that fought to stay in power had "lost its way," according to the ruling earlier this month by judge Shirley Watkins.



ON THE PROPERTY—Worr ed homeowners are concerned about the appearance of Lake L ndero tenn s and sw m c ub n Agoura H s Most vendors have abandon the c ub out of exasperat on A court ru ng affirmed a new eadersh p team because the o d one, the court sa d, " ost ts way"

Lost Hills Sheriff's deputies arrested Barone Feb. 12 for violating a temporary restraining order that required him to keep away from the tennis and swim club at Thousand Oaks Boulevard and Lake Lindero Drive.

Officials reported that following his ouster as manager, Barone had removed more than $200,000 from the HOA bank account and directed dues from the association's 459 members be sent to his private home address.

Sandy Sandler of Westlake Village told *The Acorn* she was fired from her job at Union bank because of the incident, saying that she was "misled" by Barone that the withdrawal was authorized when it was not.

Barone was was also questioned by deputies for an alleged assault on club property in 2019.

"The former board abrogated its legal and fiscal responsibilities to Mr. Barone, who made decisions outside the inquisitive eyes of the association members, in secret, without accountability, about important decisions . . . with the transparency required by state law," Watkins said.

Ads by Google

Stop seeing this ad | Why this ad? ▷

Judge White, for alleged theft. The HOA said that White, who was fired as Barone's administrative assistant last December, went to the club in January and demanded an employee hand over money from a cash drawer. When the employee declined the request White picked up the cash drawer and departed, the complaint said.

The events prompted the April 7 court ruling, which said Barone and White were "not credible," and supports a new HOA board of directors under president Michael Allan.

"This is the beginning of a new chapter for the HOA that signifies the members finally being heard," Allan said. "The community is the real winner. We are looking forward to the reopening of the facility to the members once the pandemic is deemed concluded."

"I respect the tentative ruling of the court," Barone told *The Acorn*, but said he believed the newspaper will not be able to "report the story objectively as it is false."

While Lake Lindero still faces multiple lawsuits involving disgruntled vendors and the club's former manager, David Smith—who sued the HOA over alleged breach of contract in 2017—the latest charge of election tampering and misappropriation of homeowner funds was resolved by this month's court ruling.

"I couldn't be happier," said Barbara Biglow, a resident of the Lake Lindero neighborhood for 29 years. ". . . We can move forward."

*—Acorn staff report*

**Marco Gonzalez**
November 21, 2018 · 🌐

Lost Hills Sheriffs Dept. is in the house gettin' that Thanksgiving Feast!



👍❤️ 60                    1 Comment  4 Shares

👍 Like          💬 Comment          ↗ Share

      

## Marco Gonzalez

🔍 sheriff

Posts You've Seen 

Most Recent 

Tagged Location ▼

Date Posted ▼

---

 **Marco Gonzalez**
November 19, 2018 · 🌐                                    •••

A little love from the Lost Hills Sheriff Department:

"Thank you for having us at your fine establishment, we really enjoyed the food and the atmosphere. Your hospitality and support was greatly appreciated. We felt at home. Thank you again!" – Monica Rodriguez Lost Hills Sheriffs Department.

Thank you to Monica and all at the Lost Hills Sheriffs Dept.... **See More**














🔵❤️ 125                                    3 Comments  15 Shares

👍 Like              💬 Comment              ↪ Share



**Marco Gonzalez**                                    •••
October 2, 2020 · 🌐

This is a beautiful gesture from the Lost Hills Sheriff's department and I am truly grateful to receive such an honor. I'm about community support,schools,YMCA, and our local law-enforcement and firefighters. When we work together as a community we will get stronger as a community. I love my community. This community is my family!! Love you all!



September 29, 2020

Tavern 101
28434 Roadside Drive
Agoura Hills, California 91301

Dear Tavern 101:

Please accept my sincerest gratitude for the ongoing generosity you have shown to the Malibu/Lost Hills Station. We are beyond grateful for a business owners like yourself who admires, respects and appreciates Law Enforcement. Nothing means more than seeing the support from the community directed towards local law enforcement. On behalf of the men and women assigned to the Malibu/Lost Hills Sheriff's Station, please accept my sincerest appreciation for your extraordinary expression of kindness.

Sincerely,

ALEX VILLANUEVA, SHERIFF

Salvador Becerra, Captain
Malibu/Lost Hills Sheriff's Station



      

🖒 Like          💬 Comment          ↗ Share

 **Marco Gonzalez** is at **Lost Hills Sheriff's Station**.     •••
October 29, 2019 · Calabasas, CA · 🌐

Feeding our local sheriffs department.



👍❤️ 157                                    19 Comments  3 Shares

🖒 Like          💬 Comment          ↗ Share

PRINT

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 20CHRO00029
BARONE, CHRISTOPHER T. VS WAGNER, SHELBY LYNN

**Filing Courthouse:** Chatsworth Courthouse

**Filing Date:** 01/07/2020
**Case Type:** Civil Harassment Prevention (General Jurisdiction)
**Status:** Statistical Disposition 03/13/2020

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

None

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

BARONE CHRISTOPHER T. - Petitioner

WAGNER SHELBY LYNN - Respondent

## Documents Filed

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

Documents Filed (Filing dates listed in descending order)

**03/13/2020** Minute Order

**03/13/2020** Minute Order

**01/29/2020** Notice - Hearing & Order on Reissuance TRO (Form 116)
Filed by Petitioner

**01/29/2020** Minute Order

**01/29/2020** Proof of Service - Mail
Filed by Respondent

**01/29/2020** Response - Civil Harassment
Filed by Respondent

**01/29/2020** Proof of Service
Filed by Petitioner

**01/07/2020** Declaration - Ex Parte Notice (No Notice Given)
Filed by Petitioner

**01/07/2020** Civil Case Cover Sheet

**01/07/2020** Temporary Restraining Order (Form 110) (TRO Granted )
Filed by Petitioner

**01/07/2020** Notice - Court Hearing (Form 109)
Filed by Petitioner

**01/07/2020** Petition - Civil Harassment
Filed by Petitioner

---

Proceedings Held

---

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

Proceedings Held (Proceeding dates listed in descending order)

**03/13/2020** at 8:30 AM in Department 2, Riff, Lawrence P., Presiding
Restraining Order Hearing - **Transfer - Different Department- This Hearing Only**

**03/13/2020** at 8:30 AM in Department 83, Lipner, Joseph, Presiding
Restraining Order Hearing - **Denied - RO- After Evidence by both**

**01/29/2020** at 8:30 AM in Department F50, Rosen, David A., Presiding
Restraining Order Hearing - **Held - Continued**

---

Register Of Actions

---

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

Register of Actions (Listed in descending order)

**03/13/2020** at 8:30 AM in Department 2, Riff, Lawrence P., Presiding
Restraining Order Hearing - **Transfer - Different Department- This Hearing Only**

**03/13/2020** at 8:30 AM in Department 83, Lipner, Joseph, Presiding
Restraining Order Hearing - **Denied - RO- After Evidence by both**

**03/13/2020** Minute Order

**03/13/2020** Minute Order

**01/29/2020** at 8:30 AM in Department F50, Rosen, David A., Presiding
Restraining Order Hearing - **Held - Continued**

**01/29/2020** Proof of Service
Filed by Petitioner

**01/29/2020** Minute Order

**01/29/2020** Response - Civil Harassment
Filed by Respondent

**01/29/2020** Proof of Service - Mail
Filed by Respondent

**01/29/2020** Notice - Hearing & Order on Reissuance TRO (Form 116)
Filed by Petitioner

**01/07/2020** Civil Case Cover Sheet

**01/07/2020** Declaration - Ex Parte Notice (No Notice Given)
Filed by Petitioner

**01/07/2020** Notice - Court Hearing (Form 109)
Filed by Petitioner

**01/07/2020** Temporary Restraining Order (Form 110) (TRO Granted )
Filed by Petitioner

**01/07/2020** Petition - Civil Harassment
Filed by Petitioner













**Xavier Becerra**
**Attorney General**

**DEPARTMENT OF JUSTICE**
**State of California**

Page 1 of 3

---

## CALIFORNIA DEPARTMENT OF JUSTICE
## POLICY GOVERNING CITIZEN COMPLAINTS AGAINST LAW ENFORCEMENT


PURPOSE

This general policy establishes guidelines governing the manner in which the Department of Justice will respond to complaints by members of the public against a law enforcement agency or its employees.

GENERAL POLICY

It is the Department of Justice general policy that local government will be primarily responsible for citizen complaints against law enforcement agencies or employees of law enforcement agencies, and that appropriate local resources (e.g. sheriff or police department and district attorney) be utilized for resolution of such complaints prior to a request for intervention by the Attorney General.

The Attorney General will review citizen complaints against a law enforcement agency or its employees for possible investigation when substantive allegations of unlawful conduct are made and all appropriate local resources for redress have been exhausted, or when the local district attorney is the subject of the complaint. Allegations of police misconduct that are not criminal are handled exclusively by the law enforcement agency.

ADMINISTRATION OF GENERAL POLICY

All complaints against law enforcement agencies or employees of those agencies will be initially processed and reviewed by the Attorney General's Public Inquiry Unit (PIU). To expedite processing and ensure accuracy, all complaints must be submitted to the PIU in writing. Those which do not meet the policy criteria above will be responded to by the Public Inquiry Unit. This response will inform complainants of the appropriate local resources to be contacted for resolution of complaints and/or request clarifying information as needed.

Complaints appearing to meet the aforementioned policy criteria will be immediately forwarded by the Public Inquiry Unit for acknowledgment and handling to both the Senior Assistant Attorney General, Criminal Law Division (CLD), in the area having geographical jurisdiction and also to the Senior Assistant Attorney General of the Civil Rights Enforcement Section (CRES) of the Division of Public Rights. Both recipients of the complaint shall confer, as often as is necessary or prior to any action, to both keep each other informed about developments in their respective evaluations and also to coordinate investigative or litigation activities. All proposed legal actions (i.e. the filing of criminal charges or civil litigation) must be reviewed and approved by the Chief Deputy Attorney General for Legal Affairs.

Where appropriate and requested by the CRES and/or the CLD, the Division of Law Enforcement shall provide investigative assistance.

Questions regarding the guidelines that govern responses to citizen complaints against law enforcement agencies and/or personnel of those agencies should be directed to the Public Inquiry Unit at (916) 210-6276 or toll-free (800) 952-5225.

STATE OF CALIFORNIA
PIU 3J (Rev. 09/2018)

Department of Justice
Page 2 of 3

## COMPLAINT ABOUT PEACE OFFICERS/ LAW ENFORCEMENT AGENCY
Please read the Information Collection,
Use and Access notice on page 3.

**Xavier Becerra**
**ATTORNEY GENERAL**

**Mail Form to:**

PUBLIC INQUIRY UNIT
(916) 210-6276/ (800) 952-5225 Toll Free - CA only
TTY/TDD (800) 735-2929 (California Relay Service)
For TTY/TDD outside California contact your state's relay service
number at http://www.fcc.gov/cgb/dro/trsphonebk.html
AG Web Site: http://www.ag.ca.gov/

**Public Inquiry Unit**
**Office of the Attorney General**
**P.O. Box 944255**
**Sacramento, CA 94244-2550**

[ PRINT FORM ]   [ RESET FORM ]

NOTE We do not provide an on-line filing process for this type of complaint because document attachments are needed.

### SECTION 1 - POLICY FOR REVIEWING CITIZEN COMPLAINTS AGAINST LAW ENFORCEMENT

Under the general policy of the Department of Justice, your complaint about a law enforcement agency or its employee(s) must be addressed first to appropriate local authorities. The Attorney General will review complaints for possible investigation when substantive allegations of unlawful conduct are made and all appropriate local remedies have been exhausted.

| HAVE YOU EXHAUSTED APPROPRIATE LOCAL REMEDIES? | NO | | Please contact appropriate local authorities (e.g. sheriff or police department and district attorney). |
|---|---|---|---|
| | YES | ✓ | PROCEED WITH COMPLAINT FORM. |

### SECTION 2 - TYPE OF COMMUNICATION

| This is a complaint about a law enforcement officer. | | This is a complaint about a law enforcement agency. | ✓ |
|---|---|---|---|

### SECTION 3 - YOUR CONTACT INFORMATION (To receive a response in writing, you must provide your mailing address)

First Name: Christopher    MI: T.    Last Name: Barone

Address: 5523 Old Salt In

City: Agoura Hills    State: CA    Zip Code: 91301

Phone: 818-661-9721    E-mail Address: thectb@yahoo.com

### SECTION 4 - LAW ENFORCEMENT AGENCY OR EMPLOYEE INFORMATION

Employee's Name: Deputy Park and Sheriff Alex Villanueva

Agency Name: Los Angeles County Sheriffs Department - Lost Hills/Malibu

Agency Address: 27050 Agoura Rd

City: Calabasas    State: CA    Zip Code: 91301

Agency/Official's Phone: (818) 878-1808

### SECTION 5 - LOCAL REMEDIES SOUGHT

| Have you contacted the local law enforcement agency about your complaint? | YES ✓ | NO |
|---|---|---|

If so, what agency/agencies? Lost Hills Sheriffs Department - They couldn't care less.

| Have you filed a complaint with the county district attorney? | YES ✓ | NO |
|---|---|---|
| Have you contacted an attorney for assistance? | YES | NO ✓ |

If so, provide the attorney's name and phone number:

### SECTION 6 - YOUR COMPLAINT

Provide specific information about the alleged unlawful conduct and detail your efforts to obtain local remedies. If more space is needed, attach additional pages. ALSO ATTACH A COPY OF YOUR COMPLAINT(S) TO THE LOCAL AUTHORITIES AND THEIR RESPONSE(S). *Do Not Send Original Documents.*

Total # Pages Attached:

On February 12th, 2020 I was wrongly imprisoned held against my will. I was arrested for disobeying a court order that was a

expired and never served. 3 times I told the deputies this, whomever they were speaking to on the phone ensured

I was arrested. I was inappropriately groped by two females deputies TWICE, handcuffed, stuffed in the back of their

vehicle and thrown in jail and then silitary confinement. In Solitary I was tortured as I have severe medical issues that are

documented and real. I am a US Marine who served honorably for 6 years two of those years were upon request of the

Department of State after serving 4 years protecting US Embassies in foreign countries. The deputies also called Shelby

Wagner to the scene who I told 3 times that I had a restraining order against her and she was to be 100yds away. That was

ignored as they had her drop of the TRO within 5yds of me.

*[If you need more space and are using this fillable form, create a document (e.g. MS Word) to print and attach.]*

**Signature:** *Christopher T. Barone*    **Date:** 2/9/2021



STATE OF CALIFORNIA
PIU 3 (Rev. 09/2018)

DEPARTMENT OF JUSTICE
Page 3 of 3

**Xavier Becerra
Attorney General**

## COMPLAINT ABOUT PEACE OFFICERS/LAW ENFORCEMENT AGENCY

### Information Collection, Use and Access

**Collection and Use of Personal Information.** The Public Inquiry Unit of the Department of Justice collects the information requested on this form as authorized by Government Code Section 11180 and Civil Code Section 52.3. The Unit uses this information to review your complaint. In addition, any personal information collected by state agencies is subject to the limitations in the Information Practices Act and state policy. The Department of Justice's general privacy policy is available at

http://oag.ca.gov/privacy-policy.

**Providing Personal Information.** You do not have to provide the personal information requested. If you do not wish to provide personal information, such as your name, home address, or home telephone number, you may remain anonymous. In that case, however, we may not be able to contact you or help resolve your complaint.

**Access to Your Information.** You may review the records maintained by the Public Inquiry Unit in the Department of Justice that contain you personal information, as permitted by the Information Practices Act. See below for contact information.

**Possible Disclosure of Personal Information.** In order to follow up on your complaint, we may need to share the information you give us with the party you complained about or with other government agencies.

The information you provide may also be disclosed in the following circumstances:

- With other persons or agencies where necessary to perform their legal duties, and their use of your information is compatible and complies with state law, such as investigations or for licensing, certification, or regulatory purposes;

- To another government agency as required by state or federal law.

**Contact Information:** For questions about a written complaint that you submitted to the Public Inquiry Unit, please fill-out and submit our online form, available at:

http://oag.ca.gov/contact/general-comment-question-or-complaint-form

Please specify in the "Your Comments" section the specific Public Inquiry Unit record that you are seeking. Or you may mail your request to Analyst, Public Inquiry Unit, Office of the Attorney General, P.O. Box 944255, Sacramento, CA 94244-2550. In addition, if you are seeking records maintained by another Department of Justice program, you should contact that program directly.