UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER T. BARONE,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No. 2:21-cv-04200-SSS-PD<br><br>**CASE MANAGEMENT AND SCHEDULING ORDER** |

# I.
# BACKGROUND

To secure the just, speedy, and inexpensive determination of this action, the Court hereby enters the following Case Management and Scheduling Order ("Order").

# II.

# PRETRIAL DEADLINES

| EVENT | DEADLINE |
|---|---|
| Serve Initial Disclosures | **September 23, 2022** |
| Exchange Documents Listed in Initial Disclosures | **October 14, 2022** |
| File Status Report Regarding Discovery | **October 31, 2022** |
| File Any Motions to Amend the Pleadings | **November 2, 2022** |
| Serve Opposing Parties with Interrogatories, Requests for Admission, and Requests for Production of Documents and Things | **December 16, 2022** |
| Serve Deposition Notices | **January 3, 2023** |
| Begin Depositions | **January 25, 2023** |
| Complete Fact Discovery | **February 1, 2023** |
| File Discovery Motions | **February 15, 2023** |
| File Substantive Motions (including Summary Judgment Motions) | **March 2, 2023** |

# III.

# CASE MANAGEMENT PROCEDURES

**A.     Compliance with Rules**

All parties must comply with the Federal Rules of Civil Procedure ("FRCP") and the Local Civil Rules of the Central District of California unless compliance is expressly excused by this Order or another order of the Court. The parties in this case are excused from complying with Local Rule 16 (governing final pretrial conferences and trial preparation), Local Rule 26-1 (requiring pretrial scheduling conferences), and Local Rules 37 and 45 (requiring use of joint stipulation procedure for filing discovery motions). The FRCP are available at: https://www.federalrulesofcivilprocedure.org/frcp, and the Local Civil Rules are available at: https://www.cacd.uscourts.gov/court-

procedures/local-rules.

**B.    Method of Filing Documents with the Court as a Pro Se Party**

Because Plaintiff is proceeding pro se (meaning Plaintiff is not represented by an attorney), Plaintiff may file documents with the Court using any of the following four methods:

1.    Filing by Mail:  Because Plaintiff is *pro se*, Plaintiff is exempt from the requirement to file documents electronically.  *See* Local Rule 5-4.2(a)(1).  Plaintiff generally should file documents by mailing them to the Courtroom Deputy Clerk for Judge Donahue at 255 East Temple Street, Los Angeles, CA 90012-1565.

2.    Plaintiff may submit documents in person at the Clerk's intake window at one of the Central District of California's courthouses.   Filing windows have returned to their normal hours from before the COVID-19 pandemic.  More information about the courthouses' hours and parking can be found on the Court's website at: http://www.cacd.uscourts.gov.

3.    Plaintiff may use the Clerk's Electronic Document Submission System ("EDSS").[1]   Using EDSS requires Plaintiff to have internet access and an email account.  To access EDSS and for more information, visit the Court's website at: https://apps.cacd.uscourts.gov/edss.

4.    Plaintiff may seek permission to e-file documents using the Court's CM/ECF System.  E-filing documents through CM/ECF may be faster than submitting documents through EDSS, but it requires more technical and legal knowledge.  If Plaintiff wishes to use CM/ECF, Plaintiff should complete

---

[1] Attorneys may not use EDSS to submit documents on behalf of their clients. Attorneys are required by the local rules to file documents electronically using the Court's CM/ECF System.

an Application for Permission for Electronic Filing (Form CV-005) and file it with the Court. The form is available on the Court's website at: http://www.cacd.uscourts.gov/forms/application-permission-electronic-filing.

**C.     Plaintiff's Mailing Address**

The mailing address listed in Plaintiff's filings will be presumed correct and will be used to communicate with Plaintiff. Plaintiff must notify the Court immediately if his mailing address changes by filing a Notice of Change of Address. Failure to update Plaintiff's mailing address may result in this action being dismissed for failure to prosecute. *See* Local Rule 41-6 ("If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.").

**D.     Initial Disclosures**

1.     **Deadline**: The parties shall exchange initial disclosures as described in the FRCP 26(a)(1)(A)(i)-(iv) by **September 23, 2022**.

2.     **Document Exchange**: With regard to documents, FRCP 26(a)(1)(A)(ii) requires the parties to provide "a copy – or a description by category and location" of documents anticipated to be relevant to the parties' claims and defenses. If a party initially provides only "a description by category and location," then that party shall provide actual copies of the documents identified (and, if needed, a privilege log identifying all relevant documents pre-dating this lawsuit withheld on the basis of privilege) by **October 14, 2022**. The parties should meet and confer (in person or telephonically) to reach an agreement concerning how documents will be exchanged (e.g., paper copies, scanned images on a CD, native computer files on a CD, etc.). The parties will each bear the cost of copying their own

documents.

    3.    **Protective Order**: To facilitate the exchange of relevant records that may contain sensitive confidential information (such as medical or financial records), the parties may apply to the Court for a protective order. In drafting a proposed protective order, the parties are encouraged to use as a starting point the example protective order on the Court's website at: http://www.cacd.uscourts.gov/honorable-patricia-donahue.

    4.    **Preservation**: All parties to a lawsuit are obligated to take reasonable steps to keep and preserve all records or other evidence (whether in paper or electronic form) that may be relevant to the claims or defenses asserted by any party to the lawsuit. Such reasonable steps may include, without limitation, disabling automatic delete functions on email accounts, printing online records that may subsequently become unavailable, preventing the automatic overwriting of surveillance camera footage, and saving voicemail recordings.

**E.    Discovery**

    1.    **Availability:** The parties may commence discovery. Parties may obtain discovery regarding any matter that is: (a) not privileged, (b) relevant to the claims or defenses of any party, and (c) proportional to the needs of the case. *See* FRCP 26(b)(1). Self-represented litigants are entitled to discovery to the same extent as parties represented by counsel. The Court expects that parties responding to discovery requests drafted by *pro se* litigants will interpret the requests in a common-sense fashion and provide available, relevant information.

    2.    **Serving Parties with Requests for Discovery:** The parties should serve discovery requests on opposing parties as described in FRCP 5. A party may not serve a discovery request by email unless the opposing party

5

has consented to such service. *See* FRCP 5(b)(2)(E). If a discovery request is served by mail without a proof of service declaration, then the responding party should use the date it was signed as the service date to calculate when responses are due. Discovery requests do not need to be filed with the Court unless they are being used to support or oppose a motion. *See* Local Rule 26-2.

3. **Fact Discovery Cut-Off:** The fact discovery cut-off date is **February 1, 2023**. All non-expert discovery must be ***completed*** on or prior to the fact discovery cut-off date.[2] Discovery taken by written requests (such as interrogatories, requests for admissions, requests for the production of documents or things, and subpoenas for documents) is considered completed on the date when the written response to the request is due.

4. **Interrogatories:** All interrogatories shall be served by **December 16, 2022**.

5. **Requests for Admission:** All requests for admission shall be served by **December 16, 2022**. The subject matter of requests for admission may be deemed "admitted" by a party who fails to serve a timely response. *See* FRCP 36(a)(3).

6. **Requests for Production of Documents or Things ("RFPs"):** All RFPs shall be served by **December 16, 2022**. In drafting RFPs, parties should limit their requests to the time periods and subject matters that appear relevant to the claims and defenses in the litigation. Any objections to an RFP must state whether any responsive materials are being withheld on the basis of that objection. *See* FRCP 34(b)(2)(C). Relevant, responsive

---

[2] If appropriate, the Magistrate Judge or District Judge assigned to this case may later set a deadline for completing expert discovery.

6

documents that pre-date the filing of the litigation and are withheld on the basis of privilege should be identified in a privilege log. *See* FRCP 26(b)(5).

7. **Depositions:** All non-expert deposition notices or subpoenas seeking depositions shall be served by **January 3, 2023**. All depositions shall be scheduled to commence by **January 25, 2023**.

8. **Non-Party Discovery:** Parties proceeding *pro se* can apply to the Court to issue subpoenas to obtain documents and/or deposition testimony from non-parties following the procedures set forth in FRCP 45. Copies of the Central District of California's standard subpoena forms for civil actions are available on the Court's website at: http://www.cacd.uscourts.gov/court-procedures/forms. If issued by the Court, the subpoena will be stamped by the Clerk and returned to the self-represented party for service by mail in accordance with FRCP 45. Parties seeking discovery via subpoena should note that, even if the Court has granted them leave to proceed *in forma pauperis*, this does not relieve them of their obligation to pay any witness fees or copying costs that may be required to compensate the non-parties who are subpoenaed.

10. **Discovery Status Report**: By **October 31, 2022**, each party shall file and serve a status report containing the following information: (a) a statement of the principal issues raised by the case, (b) a statement as to whether all parties have been served and, if not, a proposed deadline for completing service, (c) a summary of what discovery has occurred, and the anticipated schedule for completing future discovery, (d) a list of contemplated motions, and the anticipated dates for filing such motions, (e) the status of settlement negotiations, including whether or not plaintiff has made a settlement demand and defendant has responded with a counteroffer, and (f) if and when the parties would be willing to attend a settlement conference with the Magistrate Judge assigned to the case, or another Magistrate Judge,

and (g) any other suggestions the parties may wish to make regarding the management of this action. Where feasible, the parties are encouraged to meet and confer and file a joint status report.

**F. Motions**

1. **Pre-Filing Meet-and-Confer Requirements:** Parties filing discovery motions and Defendants filing their *first* motion to dismiss shall comply with Local Rule 7-3, which requires a party filing a motion to discuss the substance of the motion and any potential resolution with opposing counsel at least 7 days before filing the motion. Compliance with Local Rule 7-3 is excused for subsequent motions to dismiss and for all motions for summary judgment. Even when pre-filing meet-and-confer is excused, if one party invites another to meet-and-confer, the other party should do so in good faith.

2. **Motions to Amend the Pleadings:** The last day to file and serve a motion to amend the pleadings or add new parties is **November 2, 2022**. Any motion to amend the pleadings shall include a copy of the proposed amended pleading and shall otherwise comply with Local Rules 7-3 and 15. *Any Doe Defendant not identified in an amended pleading by this deadline will be automatically dismissed as of this deadline*.

3. **Discovery Motions:** All motions related to fact discovery (such as motions to compel or motions to quash subpoenas) shall be filed and served not later than **February 15, 2023.** For motions involving the self-represented Plaintiff, the Court hereby excuses the moving and responding parties from compliance with Local Rule 37, and instead orders them to comply with Local Rule 7-3. The motion shall describe what efforts were made to resolve the discovery dispute prior to filing the motion. The Court expects the parties to cooperate to resolve discovery disputes reasonably

8

without resorting to filing discovery motions whenever possible. Oppositions to discovery motions should focus on the merits of the discovery dispute rather than perceived defects in the form of the moving papers.

    4.    Substantive Motions: Any motion directed to the Court's jurisdiction or the merits of any claim or defense (such as a motion to dismiss or a motion for summary judgment) shall be filed and served not later than March 2, 2023. Unless otherwise ordered, any opposition to the motion (or a notice of non-opposition) shall be filed and served within **28 days** of service of the motion, and any reply papers shall be filed and served within **14 days** after service of the opposition. The moving party may notice the motion for hearing at least **56** days after service of the motion, but the Court may elect not to hold oral argument and instead decide the matter on the basis of all timely filed papers. See Local Rule 7-15.

If a defendant plans to include expert-dependent arguments in a motion for summary judgment, then the motion should: (a) clearly separate the expert-dependent arguments from the non-expert dependent arguments, and (b) in the required "Statement of Uncontroverted Facts and Conclusions of Law" (*see* Local Rule 56-1) clearly separate the facts asserted to be material and uncontroverted that are relevant to the expert-dependent arguments versus the non-expert dependent arguments. The Court will address the non-expert dependent arguments first and only reach the expert-dependent arguments if necessary. If the Court needs to reach expert-dependent arguments, then the Court may adjust pre-trial deadlines to give a plaintiff proceeding *in forma pauperis* the opportunity to seek counsel who may, in turn, conduct expert-related discovery and request funds to retain an expert. The Court may also defer deciding such a motion until the District Judge has set a trial date which triggers deadlines to disclose experts and conduct expert discovery. Defendants should not expect the Court to find that an expert

opinion is an undisputed fact simply because an indigent or incarcerated plaintiff lacks the funds or means of communication to retain an expert.

**H.  Settlement Procedures**

    1.    It is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties.  The Court favors any reasonable means to accomplish this goal.  *See* Local Rule 16-15.

    2.    The parties may engage in settlement discussions at any time.  It is the Court's experience that an early, reasonable settlement demand can spur efficient resolution.

    3.    Plaintiff may send Defendants a settlement demand letter marked "confidential."  Any such demands or offers generally may not be used in Court to prove or defeat any claims or defenses.  *See* Fed. R. Evid. 408.[3]

    4.    The Court expects Defendants to treat Plaintiff like a party represented by counsel.  Defendants should respond to any settlement demand letter sent by Plaintiff with either an acceptance, a reasonable counteroffer, or a rejection containing a brief statement of Defendants' reasons for the rejection.

    5.    If the parties would like to engage in an early settlement conference with a Magistrate Judge, then they should alert the Court and the Court will use its best efforts to arrange a conference.

**I.  Extensions of Time**

To request an extension of time for any deadline set by the Court, a party should file a motion demonstrating good cause for the extension.  The motion should explain why an extension of time is needed, despite the party's

---

[3] The Federal Rules of Evidence are available at: https://www.uscourts.gov/sites/default/files/Rules%20of%20Evidence.

10

diligent efforts to meet the initial filing deadline, and should be filed ***before*** the deadline has expired.

DATED: August 01, 2022

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE