PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
ERIK ISACHSEN, State Bar No. 343843
eisachsen@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
Los Angeles County Sheriff's Department,
Deputy Alexandria Metcalf, and Deputy Heather Parks

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER T. BARONE,<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-04200-JWH-PD<br><br>Honorable Patricia A. Donahue<br><br>**DEFENDANTS' DISCOVERY STATUS REPORT** |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Pursuant to this Court's August 1, 2022 Case Management and Scheduling Order (ECF 27), Defendants Los Angeles County Sheriff's Department ("LASD"), Deputy Alexandra Metcalf, and Deputy Heather Parks (collectively "Defendants") hereby submit the following Status Report.

/ / /

1

# STATUS REPORT

## A. Statement Of Principal Issues Raised By Case.

Plaintiff's First Amended Complaint ("FAC") alleges that his arrest and detention by the LASD on February 12, 2020, violated the Fourth Amendment. The FAC includes allegations of Municipal/*Monell* liability for LASD's alleged failure to train and discipline its deputies and for allegedly unconstitutional practices or policies. In addition to his federal claims, the FAC alleges state law claims based on the same conduct: Negligence, Battery, Intentional Infliction of Emotional Distress, and violation of Civil Code § 52.1. The principal issues are:

1. Whether Plaintiff has sufficiently pleaded his causes of action;

2. Whether Plaintiff violated one or more Temporary Restraining Orders entered against him by the Los Angeles Superior Court, which caused his arrest;

3. Whether, following his arrest, Plaintiff was subject to a search that violated his rights;

4. Whether Plaintiff complied with the California Tort Claims Act; and

5. The nature and scope of Plaintiff's alleged damages.

## B. Status Of Service.

Defendants filed their Answer to the FAC on July 26, 2022 (ECF 24).

## C. Defendants' Discovery Plan.

On September 23, 2022, in accordance with this Court's Order, Defendants served Plaintiff with their Initial Disclosures. Also, on October 13, 2022, Defendants served Plaintiff with the Documents listed in their Initial Disclosures. *Plaintiff has not provided Defendants with any Initial Disclosures or any of the Documents listed therein.*

By December 16, 2022, Defendants will serve Plaintiff with Interrogatories, Requests for Admission, and Requests for Production of Documents and Things. Thereafter, Defendants will attempt to take Plaintiff's

deposition in January, with an eye to completing Fact Discovery on or about February 1, 2023.

### D. Contemplated Motions.

Defendants will file a Motion for Full and/or Partial Summary Judgment by the Court's March 2, 2023 deadline. Also, Plaintiff's pleading contains various deficiencies. For example, it improperly seeks punitive damages against a public entity; it improperly asserts claims against a public entity (e.g., negligence, intentional infliction of emotional distress) that have no statutory basis, as required by state law; and has duplicative *Monell* claims. Defendants could file a motion per Rule 12(c) of the FRCP to address these issues if the Court prefers, or Defendants can address these issues on summary judgment.

### E. Settlement Negotiations.

The parties have not engaged in settlement negotiations as of this time.

### F. If And When Parties Would Be Willing To Attend A Settlement Conference With Magistrate Judge.

Plaintiff has not provided Defendants with any settlement demand, or with a detailed schedule of his purported damages, or facts or proof in support thereof. Frankly, based upon everything known to Defendants to date, they do not believe that they did anything wrong. Namely, (1) the Superior Court had entered a restraining order against Plaintiff [see **Exhibit "1"** hereto]; admittedly, Plaintiff was at the protected person's workplace (Lake Lindero Country Club) (FAC p. 8), one of the locations he was not allowed to be per the Superior Court's proceedings; said restraining order was in full force and effect pursuant to an Order on Request to Continue Hearing [see **Exhibits "2"** and **"3"** hereto] and (3) as a result, Plaintiff was taken into custody and detained at the local Sheriff's

station, where he was later released.[1]  Defendants are willing to stipulate to this Court (or any other judicial officer) conducting a settlement conference, or participate in any other process that could promptly resolve this matter so as to not further waste the resources of the Court or Defendants, but Defendants are not hopeful that Plaintiff will approach the process reasonably.

### G.    Suggestions Regarding Management Of The Action.

Other than requiring Plaintiff to comply with this Court's orders and the Local Rules (e.g., comply with discovery disclosures), none at this time.

Dated: October 31, 2022               LAWRENCE BEACH ALLEN & CHOI, PC


By  _____/s/  Paul B. Beach_____
         Paul B. Beach
         Erik Isachsen
         Attorneys for Defendants
         Los Angeles County
         Sheriff's Department,
         Deputy Alexandria Metcalf, and
         Deputy Heather Parks

---

[1] Apparently, Plaintiff, on the one hand, and the Country Club and its representatives, on the other hand, became embroiled in various civil disputes and claims against each other, which for purposes of Defendants, are irrelevant.  The only relevant fact was that Plaintiff violated an order of the Superior Court, which Defendants had legal authority to enforce.

station, where he was later released.[1]  Defendants are willing to stipulate to this Court (or any other judicial officer) conducting a settlement conference, or participate in any other process that could promptly resolve this matter so as to not further waste the resources of the Court or Defendants, but Defendants are not hopeful that Plaintiff will approach the process reasonably.

### G.    Suggestions Regarding Management Of The Action.

Other than requiring Plaintiff to comply with this Court's orders and the Local Rules (e.g., comply with discovery disclosures), none at this time.

Dated: October 31, 2022               LAWRENCE BEACH ALLEN & CHOI, PC


By  _____/s/  Paul B. Beach_____
         Paul B. Beach
         Erik Isachsen
         Attorneys for Defendants
         Los Angeles County
         Sheriff's Department,
         Deputy Alexandria Metcalf, and
         Deputy Heather Parks

---

[1] Apparently, Plaintiff, on the one hand, and the Country Club and its representatives, on the other hand, became embroiled in various civil disputes and claims against each other, which for purposes of Defendants, are irrelevant.  The only relevant fact was that Plaintiff violated an order of the Superior Court, which Defendants had legal authority to enforce.

# EXHIBIT 1

| **WV-110** | **Temporary Restraining Order** | Clerk stamps date here when form is filed. |

**FILED**
Superior Court of California
County of Los Angeles
JAN 13 2020
Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Yvonne Villarreal

① **Petitioner (Employer)**
   a. Name: Lake Lindero Homeowner Association
      Lawyer for Petitioner (if any, for this case):
      Name: _____  State Bar No.: _____
      Firm Name: _____
   b. Your Address (If you have a lawyer, give your lawyer's information.):
      Address: 1275 Center Court Drive
      City: Covina      State: CA   Zip: 91724
      Telephone: 626-967-7921    Fax: _____
      E-Mail Address: clientcare2003@mylordon.com

Fill in court name and street address:
Superior Court of California, County of
Los Angeles
Chatsworth Courthouse
9425 Penfield Ave.
Chatsworth, CA 91311

② **Employee (Protected Person)**
   Full Name: Michael Allan

③ **Respondent (Restrained Person)**
   Full Name: Christopher T. Barone
   Description:

Court fills in case number when form is filed.
Case Number: **20CHRO00060**

| Sex: ☒ M ☐ F | Height: 5'7" | Weight: 220 lb | Date of Birth: 10/1/1974 |
| Hair Color: gray black | Eye Color: brown | Age: 45 | Race: Caucasian |
| Home Address (if known): 5523 Old Salt Lane | | | |
| City: Agoura Hills | | State: CA | Zip: 91301 |
| Relationship to Employee: Former Employee | | | |

④ ☒ **Additional Protected Persons**
   In addition to the employee, the following family or household member or other employee are protected by the temporary order indicated below:

| Full Name | Sex | Age | Household Member? | Relation to Employee |
|---|---|---|---|---|
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |

   ☒ Additional protected persons are listed at the end of this Order on Attachment 4.

⑤ **Expiration Date**
   *This Order expires at the end of the hearing scheduled for the date and time below:*
   Date: 2/5/20    Time: 8:30    ☒ a.m. ☐ p.m.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2017, Mandatory Form
Code of Civil Procedure, §§ 527.8 and 527.9
Approved by DOJ

**Temporary Restraining Order (CLETS—TWH)**
(Workplace Violence Prevention)

WV-110, Page 1 of 5 →

Case Number: **20CHRO00060**

**To the Respondent:**

The court has issued the temporary orders checked as granted below. If you do not obey these orders, you can be arrested and charged with a crime. You may have to go to jail for up to one year, pay a fine of up to $1,000, or both.

**(6) Personal Conduct Orders**

☐ Not Requested ☐ Denied Until the Hearing ☒ Granted as Follows:

a. You are ordered not do the following thing to the employee
   ☒ and to the other protected per on li ted in (4):

   (1) ☒ Hara , mole t, trike, a ault (exually or otherwi e), batter, abu e, de troy per onal property of, or di tur the peace of the per on.
   (2) ☒ Commit act of violence or make threat of violence again t the per on.
   (3) ☒ Follow or talk the per on during work hour or to or from the place of work.
   (4) ☒ Contact the per on, either directly or indirectly, in any way, including, but not limited to, in per on, by telephone, in writing, by public or private mail, by e-mail, by fax, or by other electronic mean .
   (5) ☒ Enter the workplace of the per on.
   (6) ☒ Take any action to obtain the per on' addre or location. If thi item i not checked, the court ha found good cau e not to make thi order.
   (7) ☐ Other *(specify)*:
       ☐ Other per onal conduct order are attached at the end of thi Order on Attachment 6a(7).

   _____
   _____
   _____
   _____

b. Peaceful written contact through a lawyer or a proce e rver or other per on for ervice of legal paper related to a court ca e i allowed and doe n ot violate thi order. However, you may have your paper e rved by mail on the petitioner.

**(7) Stay-Away Order**

☐ Not Requested ☐ Denied Until the Hearing ☒ Granted as Follows:

a. You must tay at lea t **100** yard away from *(check all that apply)*:

   (1) ☒ The employee                        (7) ☐ The employee' children' place of child care
   (2) ☐ Each other protected per on li ted in (4)   (8) ☒ The employee' vehicle
   (3) ☒ The employee' workplace             (9) ☐ Other *(specify)*:
   (4) ☒ The employee' home
   (5) ☐ The employee' c hool
   (6) ☐ The employee' children' chool

b. Thi tay-away order doe not prevent you from going to or from your home or place of employment.

**This is a Court Order.**

Case Number: **20CHR000060**

⑧ **No Guns or Other Firearms and Ammunition**
  a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.
  b. You must:
   (1) Sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms in your immediate possession or control. This must be done within 24 hours of being served with this Order.
   (2) File a receipt with the court within 48 hours of receiving this Order that proves that your guns or firearms have been turned in, sold, or stored. *(You may use form WV-800, Proof of Firearms Turned In, Sold, or Stored for the receipt.)*
  c. ☒ The court has received information that you own or possess a firearm.

⑨ **Other Orders**
  ☒ Not Requested   ☐ Denied Until the Hearing   ☐ Granted as Follows *(specify)*:

  _____
  _____

  ☐ Additional orders are attached at the end of this Order on Attachment 9.

**To the Petitioner:**

⑩ **Mandatory Entry of Order Into CARPOS Through CLETS**
This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*
  a. ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.
  b. ☐ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.
  c. ☒ By the close of business on the date that this Order is made, the employer or the employer's lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agencies listed below to enter into CARPOS:

  Name of Law Enforcement Agency: _Malibu - Lost Hills_   Address (City, State, Zip): _27050 Agoura Rd, Agoura CA 91801_

  ☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 10.

⑪ **No Fee to Serve (Notify) Restrained Person**   ☒ Ordered   ☐ Not Ordered
The sheriff or marshal will serve this Order without charge because:
  a. ☒ The Order is based on a credible threat of violence or stalking.
  b. ☐ The petitioner is entitled to a fee waiver.

**This is a Court Order.**

Revised January 1, 2017 | **Temporary Restraining Order (CLETS—TWH)** (Workplace Violence Prevention) | WV-110, Page 3 of 5 →

Case Number: **20CHRO00060**

(12) Number of pages attached to this Order, if any: _____

Date: **JAN 1 3 2020**

_Judicial Officer_ **JONATHAN L. ROSENBLOOM**

## Warnings and Notices to the Restrained Person in ❷

### You Cannot Have Guns or Firearms

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control as stated in item ⑧ above. The court will require you to prove that you did so.

### Notice Regarding Nonappearance at Hearing and Service of Order

If you have been personally served with this Temporary Restraining Order and form WV-109, *Notice of Court Hearing*, but you do not appear at the hearing either in person or by a lawyer, and a restraining order that is the same as this Temporary Restraining Order except for the expiration date is issued at the hearing, a copy of the order will be served on you by mail at the address in item ③.

If this address is not correct or you wish to verify that the Temporary Restraining Order was converted into a restraining order at the hearing without substantive change, or to find out the duration of the order, contact the clerk of the court.

### After You Have Been Served With a Restraining Order

- Obey all the orders. Any intentional violation of this Order is a misdemeanor punishable by a fine or by imprisonment in a county jail, or by both fine and imprisonment. (Pen. Code, § 273.6.)
- Read form WV-120-INFO, *How Can I Respond to a Petition for Orders to Stop Workplace Violence?*, to learn how to respond to this Order.
- If you want to respond, fill out form WV-120, *Response to Petition for Workplace Violence Restraining Orders*, and file it with the court clerk. You do not have to pay any fee to file your response if the petition claims that you threatened violence against or stalked the employee, or placed the employee in reasonable fear of violence.
- You must have form WV-120 served on the petitioner or the petitioner's attorney by mail. You cannot do this yourself. The person who does the service should complete and sign form WV-250, *Proof of Service of Response by Mail*. File the completed proof of service with the court clerk before the hearing date or bring it with you to the hearing.

- In addition to the response, you may file and have declarations served, signed by you and other persons who have personal knowledge of the facts. You may use form MC-030, *Declaration*, for this purpose. It is available from the clerk's office at the court shown on page 1 of this form or at *www.courts.ca.gov/forms*. If you do not know how to prepare a declaration, you should see a lawyer.
- Whether or not you file a response, you should attend the hearing. If you have any witnesses, they must also go to the hearing.
- At the hearing, the judge can make restraining orders against you that last for up to three years. Tell the judge why you disagree with the orders requested.

### This is a Court Order.



Case Number: **20CHR000060**

## Instructions for Law Enforcement

### Enforcing the Restraining Order
This order is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Restraining and Protective Order System (CARPOS). Agencies are encouraged to enter violation messages into CARPOS. If the law enforcement agency has not received proof of service on the restrained person, the agency must advise the restrained person of the terms of the order and then must enforce it. Violation of this order are subject to criminal penalties.

### Start Date and End Date of Orders
This order *starts* on the date next to the judge's signature on page 4. The order *ends* on the expiration date in item 5 on page 1.

### If the Protected Person Contacts the Restrained Person
Even if the protected person invites or consents to contact with the restrained person, this order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The order can be changed only by another court order. (Pen. Code, § 13710(b).)

### Conflicting Orders—Priorities for Enforcement
**If more than one restraining order has been issued, the orders must be enforced according to the following priorities:** (See Pen. Code, § 136.2, Fam. Code, §§ 6383(h)(2), 6405(b).)
1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order:* If none of the orders include a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting term of the civil restraining order remains in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

*(Clerk will fill out this part.)*
—**Clerk's Certificate**—

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date: **JAN 13 2020**   Clerk, by _____, Deputy
C. CASTELLANOS

**This is a Court Order.**

# EXHIBIT 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Family Division
## Chatsworth Dept. - F50

20CHRO00060
Homeowners Assn., Lake Lindero Club
vs
Barone, Christopher T.

January 29, 2020
8:30 AM

Honorable David A. Rosen, Judge

Michael Adams, Judicial Assistant

---

**NATURE OF PROCEEDINGS:** Non-Appearance Case Review

The following parties are present for the aforementioned proceeding:

    No Appearances

The matter is not called for hearing.

The Court finds that the following cases, 20CHRO00029, 20CHRO00027, 19CHRO01634, 20CHRO00060, 19CHRO01496, 19CHRO01603, 19CHRO00156, 20CHRO00136, 20CHRO00137, and 20CHRO00144 are related within the meaning of Los Angeles Superior Court Local Rule 5.4.

The Court deems 19CHRO00156 the lead case.

Pursuant to calendar congestion and judicial economy this matter is deemed Long Cause and thus is sent to Department 2-SMC, from which it will be assigned to a Long Case court hearing. The matter will trail from day to day in Dept. 2 until so assigned.

The 02/05/2020 Restraining Order Hearing is advanced to this date and is continued to Friday, March 13, 2020 at 8:30 AM in Department 2.

Any temporary orders are to remain in full force and effect until the continued hearing date. Order on Request to Continue Court Hearing is signed and filed this date.

Clerk is to give notice.

### CLERK'S CERTIFICATE OF MAILING/ NOTICE OF ENTRY OF ORDER

I, Sherri R. Carter, Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Entry of the above minute order of January 29, 2020 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States Mail at the courthouse in Chatsworth, California, one copy of the original

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Family Division**

**Chatsworth Dept. - F50**

**20CHRO00060**
**Homeowners Assn., Lake Lindero Club**
**vs**
**Barone, Christopher T.**

**January 29, 2020**
**8:30 AM**

filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: February 25, 2020                          By:   /s/ Michael Adams
                                                  Michael Adams, Deputy Clerk

Lake Lindero Club Homeowners Assn
1275 Center Court Drive
Covina, CA 91724




Christopher T. Barone
5523 Old Salt Ln.
Canoga Park, CA 91304

# EXHIBIT 3

**WV-116   Order on Request to Continue Hearing**

Clerk stamps date here when form is filed.

**FILED**
Superior Court of California
County of Los Angeles
JAN 2 9 2020
Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Michael Adams

Complete items ① and ② only.

① **Petitioner (Employer):** Lake Lindero Club Homeowners Assoc.

② **Respondent:** Christopher T. Barone

— The court will complete the rest of this form —

③ **Next Court Date**

a. ☐ The request to reschedule the court date is **denied**.
   Your court date is: _____
   (1) Any *Temporary Restraining Order* (form WV-110) already granted stays in full force and effect until the next court date.
   (2) Your court date is not rescheduled because: _____

Fill in court name and street address:
Superior Court of California, County of Los Angeles
Chatsworth Courthouse
9425 Penfield Ave
Chatsworth, CA 91311

Fill in case number:
**Case Number:** 20CHRO00060

b. ☒ The request to reschedule the court date is **granted**. Your court date is rescheduled for the day and time listed below. See ④–⑧ for more information.

**New Court Date** → Date: March 13, 2020   Time: 08:30 am
Dept.: 2   Room: _____

Name and address of court, if different from above:
Stanley Mosk Courthouse
111 N. Hill St
Los Angeles, CA 90012

④ **Temporary Restraining Order**

a. ☐ There is no *Temporary Restraining Order* (TRO) in this case until the next court date because:
   (1) ☐ A TRO was not previously granted by the court.
   (2) ☐ The court terminates (cancels) the previously granted TRO because: _____

b. ☒ A *Temporary Restraining Order* (TRO) is still in full force and effect.
   (1) ☒ The court extends the TRO previously granted on *(date)*: January 13, 2020
       It now expires on *(date)*: _____
       *(If no date is listed, the TRO expires at the end of the court date listed in 3b.)*
   (2) ☐ The court changes the TRO previously granted and signs a new TRO (form WV-110).

c. ☐ Other *(specify)*: _____

**Warning and Notice to the Respondent:**
If ④ b is checked, a temporary restraining order has been issued against you. You must follow the orders until they expire.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2020, Mandatory Form
Code of Civil Procedure, § 527.8(p)

**Order on Request to Continue Hearing
(Temporary Restraining Order) (CLETS-TWH)
(Workplace Violence Prevention)**

WV-116, Page 1 of 3



| Case Number: |
|---|
| 20CHRO00060 |

## ⑤ Reason Court Date Is Rescheduled

a. ☐ There is good cause to reschedule the court date *(check one)*:

    (1) ☐ The petitioner has not served the respondent.

    (2) ☐ Other: _____

_____

_____

b. ☐ This is the first time that the respondent has asked for more time to prepare.

c. ☒ The court reschedules the court date on its own motion.

## ⑥ Serving (Giving) Order to Other Party

The request to reschedule was made by the:

a. ☐ **Petitioner (Employer)**   b. ☐ **Respondent**   c. ☒ **Court**

(1) ☐ You do not have to serve the respondent because they or their lawyer were at the court date or agreed to reschedule the court date.

(1) ☐ You do not have to serve the petitioner because they or their lawyer were at the court date or agreed to reschedule the court date.

(1) ☐ Further notice is not required.

(2) ☐ You must have the respondent personally served with a copy of this order and a copy of all documents listed on form WV-109, item ⑥, by *(date):* _____

(2) ☐ You must have the petitioner personally served with a copy of this order by *(date):* _____

(2) ☒ The court will mail a copy of this order to all parties by *(date): February 25, 2020*

(3) ☐ You must serve the respondent with a copy of this order. This can be done by mail. You must serve by *(date):* _____

(3) ☐ You must serve the petitioner with a copy of this order. This can be done by mail. You must serve by *(date):* _____

(3) ☐ Other: _____
_____
_____
_____
_____

(4) ☐ Other: _____
_____
_____
_____

(4) ☐ Other: _____
_____
_____
_____

**This is a Court Order.**

Revised January 1, 2020     **Order on Request to Continue Hearing (Temporary Restraining Order) (CLETS-TWH) (Workplace Violence Prevention)**     WV-116, Page 2 of 3



Case Number: 20CHRO00060

**(7) No Fee to Serve (Notify) Respondent**   ☒ Ordered   ☐ Not Ordered

The sheriff or marshal will serve this order for free because:

a. ☒ The order is based on unlawful violence, a credible threat of violence, or stalking.

b. ☐ The person in ① is entitled to a fee waiver.

**(8) ☐ Other Orders**

_____
_____
_____
_____

Date: January 29, 2020

_____
Judicial Officer
DAVID A. ROSEN



**Request for Accommodations**

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office or go to www.courts.ca.gov/forms.htm for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

**Instructions to Clerk**

If the hearing is rescheduled and the court extended, modified, or terminated a temporary restraining order, then the court must enter this order into CLETS or send this order to law enforcement to enter into CLETS. This must be done within one business day from the day the order is made.

—Clerk's Certificate—

Clerk's Certificate   I certify that this *Order on Request to Continue Hearing (Temporary Restraining Order) (CLETS-TWH)* (form WV-116) is a true and correct copy of the original on file in the court.

[seal]

Date: _____ Clerk, by _____, Deputy

**This is a Court Order.**

Revised January 1, 2020

**Order on Request to Continue Hearing (Temporary Restraining Order) (CLETS-TWH)**
(Workplace Violence Prevention)

WV-116, Page 3 of 3

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Austin Raymundo, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 150 South Los Robles Avenue, Suite 660, Pasadena, California 91101.

On October 31, 2022, I served the foregoing **DEFENDANTS' DISCOVERY STATUS REPORT** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Christopher T. Barone
5523 Old Salt Ln.
Agoura Hills, CA 91301

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2022, at Pasadena, California.

By     */s/ J. Austin Raymundo*
            Declarant

5