PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
Los Angeles County Sheriff's Department,
Deputy Alexandria Metcalf, and Deputy Heather Parks

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER T. BARONE,<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-04200-JWH-PD<br><br>Honorable Patricia A. Donahue<br><br>**DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY ALEXADRIA METCALF, AND DEPUTY HEATHER PARKS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>SAC filed: March 2, 2023 |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

COME NOW Defendants Los Angeles County Sheriff's Department, Deputy Alexandria Metcalf, and Deputy Heather Parks (collectively, "Defendants"), answering Plaintiff Christopher T. Barone's ("Plaintiff") Second Amended Complaint ("SAC") herein for themselves and for no other defendants, admit, deny, and allege as follows:

1

1. Answering Paragraphs 1 and 3 of the SAC, Defendants admit that, under the facts alleged, jurisdiction is proper.

2. Answering Paragraph 2 of the SAC, Defendants admit that, under the facts alleged, venue is proper.

3. Answering Paragraphs 5, 10-15, the allegations on the unnumbered and/or mis-numbered pages that are stamped by the Court's filing system 8 through 13 of ECF 39, 20-21, and 56 of the SAC, Defendants admit that on or about February 12, 2020, they had a lawful encounter with Plaintiff at the Lake Lindero County Club, performed an investigation, and that it resulted in the lawful arrest of Plaintiff. With respect to the balance of said allegations, Defendants do not have sufficient information or belief to enable them to answer said paragraphs and, on that ground, deny each and every allegation contained therein, and specifically deny that they violated Plaintiff's rights.

4. Answering Paragraphs 6 and 7 of the SAC, Defendants admit that the County of Los Angeles is a public entity and that the Los Angeles County Sheriff's Department is a subdivision of the former. As to the remainder of the allegations set forth in said paragraphs of the SAC, these Defendants do not have sufficient information or belief to enable them to answer said paragraphs and, on that ground, deny each and every allegation contained therein.

5. Answering Paragraphs 8 and 9 of the SAC, Defendants admit that at all relevant times Defendants Parks and Metcalf were deputies of the Los Angeles County Sheriff's Department and acting under color of law and within the course and scope of their employment. As to the remainder of the allegations set forth in said paragraphs of the SAC, these Defendants do not have sufficient information or belief to enable them to answer said paragraphs and, on that ground, deny each and every allegation contained therein.

6. Answering Paragraphs 4, 16-18, 31-33, 35-39, 48-52, 54-55, 57-61, 63-67, 69-70, 72-77 and the Prayer of the SAC, Defendants deny generally and specifically each and every allegation contained therein.

7. Answering Paragraph 19 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 18 as though fully set forth herein.

8. Answering Paragraphs 22 and 23-30 of the SAC, Defendants admit that on or about February 12, 2020, they had a lawful encounter with Plaintiff at the Lake Lindero County Club, performed an investigation, and that it resulted in the lawful arrest of Plaintiff. With respect to the balance of said allegations, these Defendants do not have sufficient information or belief to enable them to answer said paragraphs and, on that ground, deny each and every allegation contained therein, and specifically deny that they violated Plaintiff's rights.

9. Answering Paragraph 34 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 33 as though fully set forth herein.

10. Answering Paragraph 47 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 46 as though fully set forth herein.

11. Answering Paragraph 53 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 52 as though fully set forth herein.

12. Answering Paragraph 62 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 68 as though fully set forth herein.

13. Answering Paragraph 68 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 67 as though fully set forth herein.

14. Answering Paragraph 71 of the SAC, Defendants incorporate by reference their responses to Paragraphs 1 through 70 as though fully set forth herein.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

15. The SAC fails to state a claim.

### SECOND AFFIRMATIVE DEFENSE

16. Plaintiff's SAC fails to state a cause of action against this public entity defendant for, pursuant to *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy, practice, or custom.

### THIRD AFFIRMATIVE DEFENSE

17. The SAC does not state facts sufficient to constitute a cause of action against Defendants under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527 (1981), is not a federal civil rights violation.

### FOURTH AFFIRMATIVE DEFENSE

18. Pursuant to California Government Code § 818 and *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), this public entity defendant is not liable for exemplary or punitive damages in any sum, or at all.

### FIFTH AFFIRMATIVE DEFENSE

19. Defendants and any individual defendants employed by them are entitled to qualified immunity since they did not violate Plaintiff's rights, the applicable law was not clearly established and since a reasonable official in their position could have believed their conduct was lawful.

///

**SIXTH AFFIRMATIVE DEFENSE**

20. Defendants are entitled to quasi-judicial immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

21. A public employee is not liable under California law for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

**EIGHTH AFFIRMATIVE DEFENSE**

22. There is no civil liability under California law against any peace officer for false arrest or false imprisonment where the arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful.

**NINTH AFFIRMATIVE DEFENSE**

23. To the extent that any force was used, it was privileged as being reasonably necessary, and being believed to be so necessary, to the lawful defense of third parties and/or Defendants.

**TENTH AFFIRMATIVE DEFENSE**

24. Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in Plaintiff's SAC with specificity.

**ELEVENTH AFFIRMATIVE DEFENSE**

25. The County Sheriff and his subordinates act on behalf of the State, not the County, when engaged in law enforcement activities, consequently, any policies, practices or customs alleged in Plaintiff's SAC are not those of the County.

**TWELFTH AFFIRMATIVE DEFENSE**

26. The County is immune from liability under the Eleventh Amendment to the Constitution of the United States.

///

**THIRTEENTH AFFIRMATIVE DEFENSE**

27. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

28. Neither a public employee nor a public entity is liable for any injury caused by the act or omission of another person.

**FIFTEENTH AFFIRMATIVE DEFENSE**

29. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

**SIXTEENTH AFFIRMATIVE DEFENSE**

30. A public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

31. Neither a public entity nor a public employee is liable for any injury caused by adopting or failing to adopt an enactment or by failing to enforce any law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

32. Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

**NINETEENTH AFFIRMATIVE DEFENSE**

33. Neither a public entity nor a public employee is liable for any injury caused by the adoption or failure to adopt an enactment or by the failure to enforce an enactment.

**TWENTIETH AFFIRMATIVE DEFENSE**

34. Any alleged acts or omissions by these answering Defendants were superseded by the negligence and/or intentional acts of Plaintiff and/or third parties whose negligence intervened and was the sole and proximate cause of any detriment that Plaintiff has alleged in the SAC.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

35. The damages, if any, should be in direct proportion to the fault of these Defendants, if any, as provided by Civil Code §§1431 to 1431.5.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

36. The actions of these Defendants and their employees in all respects were reasonable, proper and legal.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

37. Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

38. Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

39. Plaintiff has failed to join all necessary and indispensable parties to this action.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

40. Neither these answering Defendants nor any of their employees acted with deliberate indifference.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

41. Defendants are not liable pursuant to the doctrine of assumption of risk.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

42. Plaintiff has failed to mitigate his damages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

43. Neither a public entity nor a public employee is liable for any injury caused by the institution or prosecution of any judicial proceedings within the scope of the public employee's employment.

### THIRTIETH AFFIRMATIVE DEFENSE

44. To the extent that any force was used in making the arrest, it was privileged as necessary to affect the arrest, to prevent escape, or to overcome resistance.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred by the doctrines of issue and claim preclusion.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred by the doctrine of estoppel, including without limitation equitable estoppel and judicial estoppel.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

47. To the extent that Plaintiff suffered any detriment, such detriment was caused or contributed to by Plaintiff's negligence and damages, if any, should be reduced in direct proportion to his fault.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are improper pursuant to California Government Code § 945.3.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

49. There was reasonable cause to believe that a public offense was being committed in the presence of Defendants or their employees.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

50. Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if public protection service is provided, for failure to provide sufficient police

protection service.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

51. Each of Plaintiff's state law claims are barred by the absolute "official duty" privilege of Civil Code § 47(a).

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

52. Each of Plaintiff's state law claims are barred by the absolute privilege of Government Code § 821.6.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

53. The SAC and individual theories of relief set forth therein are barred by Plaintiff's failure to have complied with the California public entity and public employee claims filing provisions.

### FORTIETH AFFIRMATIVE DEFENSE

54. This action is barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 338, 339, 340, and 342, as well as California Government Code § 911.2.

### FORTY-FIRST AFFIRMATIVE DEFENSE

55. To the extent that any force was used in the incident complained of, it was so used in the exercise of the right of self-defense.

### FORTY-SECOND AFFIRMATIVE DEFENSE

56. Any injury or damage suffered by Plaintiff was caused solely by reason of his wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his office, and not by reason of any unlawful acts or omissions of these Defendants.

### FORTY-THIRD AFFIRMATIVE DEFENSE

57. Plaintiff lacks standing to pursue claims for relief.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

58. Defendants are immune from liability, pursuant to Government Code § 845.8, since any injuries resulted from a criminal suspect resisting or fleeing

from arrest.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims and alleged entitlement to relief (with respect to damages, injunctive, prospective, and/or declaratory relief, as well as attorneys' fees) are barred, in whole or in part, by the Prison Litigation Reform Act.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred by the principles articulated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

61. Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if public protection service is provided, for failure to provide sufficient police protection service.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

62. Pursuant to California Government Code § 844.6, a public entity is not liable for an injury proximately caused by any prisoner or an injury to any prisoner.

### FORTY-NINTH AFFIRMATIVE DEFENSE

63. Pursuant to California Government Code § 845.2, neither a public entity nor its employee is liable for failure to provide a prison, jail or penal or correctional facility or, if such facility is provided, for failure to provide sufficient equipment, personnel or facilities therein.

### FIFTIETH AFFIRMATIVE DEFENSE

64. California Government Code §§ 855.8 and 856 immunize both the public entity and its employees for failure to diagnose or prescribe treatment for mental illness and to confine or not confine for mental illness.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

65. Because Plaintiff's SAC is couched in conclusory terms, these

answering Defendants cannot fully anticipate all of the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendants Los Angeles County Sheriff's Department, Deputy Alexandria Metcalf, and Deputy Heather Parks pray that Plaintiff take nothing by way of his SAC and that Defendants herein recover their costs (including, without limitation, their defense costs pursuant to California Code of Civil Procedure § 1038) and such other and further relief as the Court may deem just and proper.

Dated:  April 6, 2023               LAWRENCE BEACH ALLEN & CHOI, PC


By _____*/s/  Paul B. Beach*_____
    Paul B. Beach
    Attorneys for Defendants
    Los Angeles County
    Sheriff's Department,
    Deputy Alexandria Metcalf, and
    Deputy and Heather Parks

# **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Los Angeles County Sheriff's Department, Deputy Alexandria Metcalf, and Deputy Heather Parks demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated:  April 6, 2023					LAWRENCE BEACH ALLEN & CHOI, PC


					By	*/s/  Paul B. Beach*
						Paul B. Beach
						Attorneys for Defendants
						Los Angeles County
						Sheriff's Department,
						Deputy Alexandria Metcalf, and
						Deputy Heather Parks

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, J. Austin Raymundo, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 150 South Los Robles Avenue, Suite 660, Pasadena, California 91101.

On April 6, 2023, I served the foregoing **DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY ALEXADRIA METCALF, AND DEPUTY HEATHER PARKS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Christopher T. Barone
5523 Old Salt Ln.
Agoura Hills, CA 91301

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 6, 2023, at Pasadena, California.

By    */s/ J. Austin Raymundo*
       Declarant