1  Christopher T. Barone

2  5523 Old Salt Ln,

   Agoura Hills, CA 91301

3  thectb@yahoo.com

4  (818) 661-9721

5  Self-represented

FILED
CLERK, U.S. DISTRICT COURT

April 18, 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ IV _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Christopher T. Barone,

      Plaintiffs,

    vs.

Los Angeles County Sheriff's Department et al.,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.  2:21-cv-04200-JWH-PD**

**Honorable Patricia A. Donahue**

**NOTICE OF MOTION AND MOTION FOR SANCTIONS**

**IN THE AMOUNT OF $12,186.55 UNDER CODE OF CIVIL PROCEDURE § 128.5**

**AGAINST DEFENDANTS, ATTORNEY PAUL BEACH AND LAWRENCE BEACH ALLEN & CHOI,; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF; EXHIBITS**

TO: ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Barone requests a non-conflicting court date with the Honorable Judge Patricia Donahue.  Plaintiff requests a date to be scheduled in accordance with the courts earliest availability and convenience, so this matter may be heard, and the exploits of the Mr. Beach examined.  Plaintiff Barone will not tell the court when this motion needs to be heard and respectfully requests the soonest time. this motion can be heard:

## INTRODUCTION

Christopher T. Barone, the pro se plaintiff in this matter, respectfully requests the Court to impose sanctions in the amount of $12,186.55 against the defendant's attorney for engaging in bad faith actions and tactics that are frivolous and intended to cause unnecessary delay, pursuant to California Code of Civil Procedure § 128.5. The defendant's attorney's conduct, including filing baseless motions under the guise of response, failing to comply with discovery obligations, and exhibiting a careless attitude toward the proceedings, has caused significant harm to the plaintiff, resulting in financial and emotional distress. The imposition of sanctions is warranted to deter future misconduct and uphold the principles of fairness and integrity in the legal system.

1.      For an order imposing sanction in the amount of no less than $12,186.55 against Mr. Beach, his law firm and/or the Defendants under *Code of Civil Procedure* § 128.5 because they have engaged in bad-faith actions and tactics that are frivolous only intended to cause unnecessary delay in and more emotional stress on Mr. Barone.

The motion shall be based upon this filing, a memorandum of points and authorities, the declaration of Christopher T. Barone and Exhibits attached and on such other oral and/or documentary evidence as presented at the hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

The plaintiff has presented claims for various causes of action, including:

1. Violation of 42 U.S.C. § 1983 (Unlawful seizure of person under the Fourth Amendment)

2.  Violation of 42 U.S.C. § 1983 (Unlawful entry into and search and seizure of private residence under the Fourth Amendment)

3.  Violation of 42 U.S.C. § 1983 (Claim against local governing body based on

4.  official policy, practice, or custom)

5.  False arrest/false imprisonment under California state law

6.  Violation of California Civil Code § 52.1 (Bane Act) under California state law Negligence under California state law

7.  Intentional infliction of emotional distress under California state law.

Mr. Barone presented had already filed incontrovertible evidence and allegations, substantiating the plaintiff's entitlement to relief under the delineated causes of action. A comprehensive 7-hour deposition effectively eradicated any potential doubts.  The defendants' culpability was unequivocally established by Exhibits C and "Deposition Exhibit 14" in the deposition, conclusively eliminating any uncertainty.

The exhibit introduced by the plaintiff demonstrated that the temporary restraining order (TRO) had expired a week prior to Mr. Barone's arrest. Moreover, despite knowledge of an existing court order prohibiting such action, Shelby Wagner, a restrained individual, was brought to Mr. Barone's workplace.

As will be corroborated, deputies frequented the club in excess of 24 instances in response to violations of restraining orders, yet abstained from effectuating arrests until the criminal cartel inevitably incited the arrest of Mr. Barone.

Contrarily, Mr. Barone's upstanding character was once again illuminated months after his wrongful imprisonment as he valiantly disrupted a substantial identity theft and package theft operation. Acting with exceptional alacrity, he intercepted two malefactors one who was pillaging his vehicle.  Barone, a US Marine promptly ran to the criminal automobile removing a bag containing

evidence of their crimes and ID's of several victims but revealing the identity of the criminals. Mr. Barone's testimony, surveillance recordings, and positive identification of the perpetrator during a lineup sealed the fate of the criminal enterprise.

In a striking display of irony, a diligent and scrupulous detective at the Sheriff's station went to great lengths to incarcerate the criminal just months after Barone's wrongful imprisonment.

In response to Defendants' general and specific denials, Plaintiff reasserts that the allegations in the Second Amended Complaint are well-founded, established and will continue to establish at trial that Defendants violated Plaintiff's constitutional and civil rights during the encounter and subsequent arrest on February 12, 2020.

As to Defendants' First through Third Affirmative Defenses, Plaintiff maintains that the Second Amended Complaint sufficiently states claim for relief under 42 U.S.C. § 1983 and other relevant statutes. The Defendants' actions were not mere negligence but constituted deliberate and unlawful conduct as shown in Exhibit D.

Regarding the Fourth and Eighteenth Affirmative Defenses, Plaintiff contends that punitive damages are warranted in this case due to Defendants' egregious and malicious conduct, as shown through evidence thus far with evidence and testimony at trial.

Concerning the Fifth Affirmative Defense, Plaintiff argues that Defendants are not entitled to qualified immunity because their actions clearly violated Plaintiff's well-established constitutional rights, and no reasonable officer would have believed such conduct was lawful.

As to the remaining affirmative defenses raised by Defendants, Plaintiff asserts that they are inapplicable, unfounded, or premature at this stage of the

1 litigation. Plaintiff reserves the right to address these defenses in more detail if
2 and when needed.
3 　　　Mr. Barone wishes to formally document that Mr. Beach, with full
4 cognizance and premeditation, altered an exhibit from its original presentation
5 during the deposition. Exhibit C (appended) designated as "Exhibit 19 from the
6 deposition," alongside Exhibit B, delineates the materials Mr. Barone was
7 initially presented with, which stand in stark contrast to those now incorporated
8 in the deposition. The dissimilarity between these documents is not merely
9 superficial, but markedly divergent.
10 　　　Plaintiff requests that the Court deny Defendants' affirmative defenses
11 and allow the Plaintiff to continue to pursue his claims in order to vindicate his
12 rights and secure appropriate relief.
13 　　　In the seminal decision in *Byrd v. Brishke*, 466 F.2d 6 (7th Cir. 1972), the
14 Seventh Circuit held that police officers have a due process duty to protect people
15 from the needless brutality of their fellow officers that occurs in their presence.
16 According to the court, non-involvement will not do where intervention is
17 possible.
18 　　　This duty to intervene even requires subordinates to protect people from
19 the unconstitutional conduct of superiors or supervisors. Byrd was read broadly
20 by the Eighth Circuit in *Putman v. Gerloff*, 639 F.2d 415 (8th Cir. 1981), to
21 impose liability on a subordinate police officer for failure to intervene against his
22 superior where the subordinate was present and knew what his superior was
23 doing.
24 　　　Along the same lines, the Eleventh Circuit declared: "If a police officer,
25 whether supervisory or not, fails or refuses to intervene when a constitutional
26 violation such as an unprovoked beating takes place in his presence, the officer is
27
28

NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER CCP SECTION 128.5

directly liable under Section 1983." *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986).

In a useful statement of the general rule, the Second Circuit said *in Anderson v. Branen* , 17 F.3d 552, 557 (2d Cir. 1994) (citations omitted): "It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence. An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official. In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring. Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise."

1. While the Seventh Circuit's seminal Byrd decision put the duty to intervene in due process terms, the Eighth Circuit, *in Hicks v. Norwood*, 640 F.3d 839 (8th Cir. 2011), put an officer's duty to intervene to protect an arrestee from excessive force by another officer in Fourth Amendment terms.

2. There are relatively few affirmative federal constitutional duties imposed on state and local governments and their officials and employees. See, for example, *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989), which declared that "nothing in the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." The case at bar is distinguishable because deputies Parks and Metcalf along with DOES 1-10 involve LACSD Deputies, state, and

county actors, who fail to prevent "invasions" by other police officers who are also state and county actors.

## I.

## STATEMENT OF FACTS

This case arises from the unlawful arrest and use of excessive force, denial of medical help, loss of Plaintiff's work and employment, defendants blatant and known disregard of a court order by bringing a properly restrained person close to Mr. Barone and against Plaintiff Barone by Defendants Los Angeles County Sheriff's Department, Deputy Alexandria Metcalf, and Deputy Heather Parks. The complaint asserts causes of action for violations of Barone's civil rights, negligence inter alia. See Plaintiff's Complaint on File with the Court.

During the 7-hour recorded testimony of Plaintiff Barone on March 21, 2023, at Attorney Beach's Pasadena office, over an hour from the Plaintiff's residence, "Exhibit 14" was introduced and will be referred to as Exhibit C in this submission. Exhibit C reveals that the restraining order against Mr. Barone lapsed on February 5, 2020, one week prior to the illegal search, inappropriate physical contact, and false imprisonment of the Plaintiff on February 12th, 2020.

The Defendants must contend that they were unable to comprehend simple English words or ascertain the document's meaning or date, but it is improbable that a jury or the esteemed Judge Patricia A. Donahue will accept this rationale. There is no need for further delay or a jury trial in this case. The Defendants' counsel aims to dismiss the entire case based on a frivolous procedural matter and prolong the agony of Mr. Barone. This is not feasible since the case should be heard upon the merits.

## II. ARGUMENT

A. DEFENDANTS SHOULD BE SANCTIONED UNDER CODE OF CIVIL PROCEDURE § 128.5 FOR BAD FAITH FILING AND FRIVOLOUS DELAY TACTICS

Mr. Barone and Mr. Beach convened expressly to deliberate on the subject of dismissing the case, with Exhibit A serving as tangible proof of their discourse and the considerable time and effort Mr. Barone invested in contending against the unfounded petition on its initial presentation. Furthermore, he issued an unambiguous caution that he would pursue sanctions should the defendants attempt such an endeavor again.

Mr. Barone contends that the Court should order sanctions in the amount of $$12,186.55 against Defendants Los Angeles County Sheriff's Department, Deputy Alexandria Metcalf, and Deputy Heather Parks under Code of Civil Procedure § 128.5 because they have engaged in bad-faith actions or tactics that are frivolous or only intended to cause unnecessary delay as they have asserted over 50 affirmative defenses, many of which are factually and legally inapplicable to the present case. Also, Defendants have reserved the right to assert additional affirmative defenses, further complicating proceedings, and consuming valuable judicial resources.

The total of $12,186.55 in sanctions requested includes the minimal costs in subscriptions of Mr. Barone in an effort expended by the Plaintiff in responding to Defendants' frivolous filings, and more expenses incurred because of Defendants' bad-faith tactics. See the declaration of Plaintiff Barone and exhibits attached thereto.

Code of Civil Procedure § 128.5 states that,
"(a) A trial court may order a party, the party's attorney, or both to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. This section also applies to judicial arbitration proceedings under Chapter 2.5 (commencing with *Section* 1141.10) of *Title 3 of Part 3*.
(b) For purposes of this section:

(1) "Actions or tactics" include, but are not limited to, the making or opposing of motions or the filing and service of a complaint, cross-complaint, answer, or other responsive pleading. The mere filing of a complaint without service thereof on an opposing party does not constitute "actions or tactics" for purposes of this section.

(2) "Frivolous" means totally and completely without merit or for the sole purpose of harassing an opposing party.

(c) Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers or, on the court's own motion, after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

A California Court of Appeal has stated in a recently published decision that a party requesting sanctions under *Code of Civil Procedure* § 128.5 does not have to comply with the safe harbor provisions found in *Code of Civil Procedure* § 128.7. See *San Diegans for Open Government v. City of San Die*go, (2016) 247 Cal. App. 4th 1306, 1316-1317.

Here, Defendants have asserted an excessive number of affirmative defenses, many of which are legally and factually inapplicable to the present case and have engaged in tactics aimed at unnecessarily delaying the proceedings. Their actions have required the Plaintiff and his legal team to spend significant resources responding to frivolous filings.

A court may award sanctions under Code of Civil Procedure section 128.5 based upon a party's "entire pattern of conduct over the course of the litigation." *Andrus v. Estrada* (1995) 39 Cal. App.4th 1030, 1042.

**B. THE MOVING PARTY HAS MET THEIR BURDEN OF SHOWING THAT THE ACTIONS OF DEFENDANTS WERE IN BAD FAITH OR FRIVOLOUS**

Barone has met his burden of showing that the actions of Defendants were in bad faith or frivolous because they have shown that:

- Defendants asserted over 50 affirmative defenses, many of which are factually and legally inapplicable to the present case.
- Defendants reserved the right to assert additional affirmative defenses, Further complicating proceedings and consuming valuable judicial resources.
- Defendants' actions have caused unnecessary delay and expense to Plaintiff.

The elements required to find an action frivolous or in bad faith: (1) The action must be found to be without merit; (2) the action is prosecuted for an improper motive, including harassment or delay: or (3) the action indisputably is without merit as any reasonable attorney would agree that the action is totally and completely without merit. See *Winick Corp. v. County Sanitation Dist. No. 2,* (1986) 185 Cal. App. 3d 1170, 1177.

**C. REASONABLE EXPENSES UNDER CODE OF CIVIL PROCEDURE § 128.5 ARE NOT LIMITED TO THE ATTORNEY'S FEES INCURRED IN FILING THE MOTION AND SELF-REPRESENTED PARTIES ARE ENTITLED TO SANCTIONS FOR THEIR REASONABLE EXPENSES**

1   Many published decisions have stated that reasonable expenses under

2   *Code of Civil Procedu*re § 128.5 are not just limited to the attorney's fees

3   incurred in moving for sanctions.

4   The "reasonable expenses" under section 128.5 are not limited to the

5   attorneys' fees incurred in bringing the motion. See *Abandonato v. Coldren*

6   (1995) 41 Cal.App.4th 264, 268 (Abandonato) ("sanctions under that section [(§

7   128.5)] are not limited to court costs and attorney's fees but include those

8   reasonable expenses directly related to and in furtherance of the litigation'").

9   Another California Court of Appeal also relied on the reasoning of

10   Abandonato, supra, 41 Cal.App.4th at pages 267-269. In ruling under a

11   predecessor statute, section 128.5, the court in *Laborde v. Aronson* (2001) 92

12   Cal.App.4th 459, 468-469 (Laborde) noted that Abandonato had distinguished

13   Trope on two grounds: First, sanctions under section 128.5 were not limited to

14   costs and attorney fees, but included other litigation-related expenses incurred

15   because of the bad faith actions and tactics, including time spent by the party's

16   personnel and compensation for airfare and lost vacation time. Second, unlike

17   fees awarded under Civil Code section 1717, judgments for sanctions were " `

18   "not routine and [were] not necessarily related to the size of the recovery or the

19   amount of time billed by the attorney." ' " (Quoting Abandonato, supra, 41

20   Cal.App.4th at pp. 268-269.)

21   While section 128.7 does allow for reimbursement of expenses, including

22   attorney fees, its primary purpose is to deter filing abuses, not to compensate

23   those affected by them. It requires the court to limit sanctions "to what is

24   sufficient to deter repetition of [the sanctionable] conduct or comparable conduct

25   by others similarly situated." (§ 128.7, subd. (d).) Subdivision (d) lists a number

26   of sanctions the court may impose, only one of which relates to compensating the

27

28

moving party for the time and effort of responding to a filing abuse. Even then, subdivision (d) *Musaelian v. Adams,* 45 Cal.4th 512 (Cal. 2009)

Finally, the court in Laborde found persuasive the policy considerations discussed in Abandonato—i.e., " `[h]olding that the attorney in that situation could not be compensated for reasonable expenses would create a separate and artificial category of litigants who would be inadequately protected against another party's bad faith tactics.' " Laborde, at p. 469, quoting Abandonato, at p. 269.

Here, when the defendant's attorney contacted the pro se plaintiff to request a dismissal, the plaintiff responded by properly pointing to relevant case law and legal authorities, showing such a request for dismissal was wrong. The pro se plaintiff also informed the defendant's attorney that if they continued with their wrongful actions, they would face sanctions. This exchange highlights the defendant's attorney's carelessness and disregard for the law, further justifying the imposition of sanctions.

By presenting well-founded legal arguments and referring to pertinent case law, the pro se plaintiff demonstrated a clear understanding of the legal principles governing the case. The plaintiff's response underscores that the defendant's attorney's request for dismissal was not only baseless but also indicative of their lack of due diligence and commitment to professional standards. Such behavior exemplifies the bad-faith actions or tactics that the Court should address through the imposition of sanctions under *Code of Civil Procedure* § 128.5.

The deleterious actions of the defendant's attorney not only impede the expeditious adjudication but also threaten to compromise the integrity of the entire judicial process. These actions reverberate back to the LACSD, fostering an environment of impunity, where they ostensibly escape the consequences of

actions that incontrovertibly contravene the law and infringe upon Mr. Barone's rights. This pernicious cycle underscores the impetus for starting this case and perpetuates the prevalence of cases filed against LACSD, including those involving Captain Seetoo herself. In consideration of these aggravating circumstances, the Court must impose sanctions against the defendant's attorney, with a view to deter such reprehensible conduct, engender accountability, and safeguard the principles of justice and equity that form the bedrock of the legal system.

### III. CONCLUSION

The defendant's persistent and egregious misconduct, demonstrated through their frivolous defenses, vexatious delay tactics, and wanton disregard for the rules of procedure, has not only prejudiced the plaintiff's pursuit of justice but also inflicted undue hardship and distress upon the plaintiff. So, the plaintiff has been compelled to expend significant resources and endure the emotional strain engendered by the defendant's blatant attempts to subvert the judicial process. This conduct epitomizes the very essence of bad faith, rendering it a paradigmatic case for the imposition of sanctions.

Because of the overwhelming evidence of the defendant's reprehensible actions, it is manifestly clear that the plaintiff has been unjustly victimized by the defendant's malevolent machinations.

The Court's intervention is indispensable to restoring the balance of justice and signaling unequivocally that such deplorable conduct will not be tolerated within the hallowed halls of our legal system. By imposing sanctions, the Court shall reaffirm the fundamental principles of fairness, integrity, and accountability upon which our judiciary is founded, thus making sure the plaintiff's victimization is duly acknowledged and remedied.

In conclusion, based on the facts and case law presented, the pro se plaintiff has a strong case for the imposition of sanctions under Code of Civil Procedure §

128.5. The defendant's attorney's bad faith actions and tactics have caused unnecessary delay, wasted resources, and undue emotional strain for the plaintiff. Imposing sanctions would not only serve to deter similar behavior in the future, but also send a clear message that such conduct will not be tolerated in the legal system.

Granting sanctions not only vindicates the plaintiff's rights and redress the harm inflicted but also underscores the Court's unwavering commitment to uphold the rule of law and deter future misconduct.

Respectfully submitted,

April 18th, 2023

Christopher T. Barone
Self-represented Plaintiff

NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER CCP SECTION 128.5

## DECLARATION OF CHRISTOPHER T. BARONE

I, CHRISTOPHER T. BARONE, declare:

I am a party to this action. I am over the age of 18 years. I personally know of the facts in this declaration, and if called as a witness, could and would testify competently to the facts.

I make this declaration supporting the motion for an order imposing sanction in the amount of $12,186.55 against the defendant's attorney under Code of Civil Procedure § 128.5 because they have engaged in bad-faith actions or tactics that are frivolous or only intended to cause unnecessary delay. The defendant's attorney's bad faith actions and tactics have resulted in unnecessary delay, wasted resources, and undue emotional strain for Mr. Barone. Imposing sanctions would not only serve to deter similar behavior in the future but also send a clear message that such conduct will not be tolerated in the legal system.

Due to the actions of the defendant's attorney, I have incurred expenses in the sum of $12,186.55 in fees, the sum of $12,186.55 includes subscription to various subscriptions, court costs and filing fees, and the sum of $ 12,186.55for other related expenses. I request sanctions in the amount of $12,186.55 be ordered against the defendant's attorney. A true and correct copy of the redacted

receipts and invoices for these expenses is attached as Exhibit E and incorporated herein by reference.

More facts that support this motion include the defendant's attorney's attempts to improperly dismiss the case, their careless and unconcerned attitude towards the proceedings, and the impact of their actions on my pursuit of justice. A true and correct copy of relevant email correspondence and case law cited in response to the dismissal request is attached as Exhibit A and incorporated herein by reference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on April 18, 2023, at Agoura Hills, California.

Christopher T. Barone
Self-represented Plaintiff

NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER CCP SECTION 128.5

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this action.

I am a resident of California; my address is: 5523 Old Salt Ln., Agoura Hills, CA 91301.

On April 17th, 2023, I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION FOR SANCTIONS IN THE AMOUNT OF $12,186.55 UNDER CODE OF CIVIL PROCEDURE § 128.5; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER T. BARONE; EXHIBITS** to these parties:

PAUL B. BEACH, State Bar No. 166265
**pbeach@lbaclaw.com**
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
Los Angeles County Sheriff's Department,
Deputy Alexandria Metcalf, and Deputy Heather Parks

**[X] (By email)** I served a true and correct copy by email during regular business hours to attorney Mr. Paul Beach listed above.  Email was successfully transmitted to: **pbeach@lbaclaw.com** and no report of failure to send or receive was given.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: April 18th, 2023

*Dragana Barone*
_____
Dragana Barone

# EXHIBIT A

Email Correspondence; Dismissal
4 pages

Re: C. Barone 2. 23...

From:thectb (thectb@yahoo.com)

To:pbeach@lbaclaw.com

Cc:araymundo@lbaclaw.com

Date:Friday, March 31, 2023 at 02:10 PM PDT

Mr. Beach,

You are including your staff and you are totally misrepresenting my last email where I specifically told The Honorable Mr. Austin Raymundo not to respond to my rhetorical question. This lack of your intellectual and professional integrity will not bode well for you. You should instead be thanking me for the lessons in law I am giving and I say that respectfully not in a braggadocios manner. I am learning from you and I appreciate it but no need to mislead and be dishonest about what is in print and clear.

I am uncertain as to what you are looking for. It sounds like you want me to send you case law on a plaintiff who complies with CTCA as I have done. If in the even you want a free researcher well I am just the guy to call upon and in a sign of my never ending good faith I will present that to you. First, to be clear I would love for you to you file a motion to dismiss but have refrained from showing such enthusiasm because I also feel obligated to tell you, you have about a 17% chance of succeeding completely about a 80% chance of losing complete and a 3% of some alternative outcome.

I will now promise you that I will respond with a request for sanctions because you have evidence I filed it, You know it was filed, I told you I filed it, I put in my original filing I filed it, I stated to the court at our hearing I filed it, you know I sent you a copy of it, you know the declaration you have from the county is prejudicial and doesn't confirm the county didn't recieve it only someone didn't file it in the system and you have absolutely nothing you have presented confirms the county didn't receive it just one person who is making that claim. At best your claim is the person you spoke to didn't find it in the system. The two cases below could be the two weakest cases I am presenting to you but I am not an attorney so I could be wrong.

*Connelly v. County of Fresno, 146 Cal.App.4th 29 (Cal. Ct. App. 2006)* ): In this case, the court held that a plaintiff's late claim for damages against a public entity could be considered timely filed if the public entity failed to timely respond to the claim by either granting, denying, or returning it as insufficient. This case demonstrates that a public entity's failure to follow the CTCA's requirements benefits the plaintiff.

*Stockett v. Association of California Water Agencies Joint Powers Insurance Authority, 34 Cal. 4th 441 (2004)*: Here I think it's clear the court reasoned that as long as the notice of claim informs the public entity of the employment termination cause of action giving rise to the claim and provides sufficient detail for investigation by the public entity, the plaintiff is not precluded from asserting additional theories. This holding single handedly would destroy your false argument that CTCA wasn't complied with in my case. and would require the court to believe that everything I have provided and stated is false and that will not happen but even if it did this case works in my favor. It suggests that as long as my notice of claim provided the" public entity" with enough information to understand the cause of action and investigate the matter, I can't be barred from pursuing my case even if your false argument was true.

Sincerely,

Christopher T. Barone
Not an Attorney of Law

On Friday, March 31, 2023 at 11:14:27 AM PDT, Paul Beach <pbeach@lbaclaw.com> wrote:

Dear Mr. Barone,

In response to your emails of earlier today, if you have any legal authorities in support of your new assertion that Defendants may not file a motion to dismiss the Second Amended Complaint, please provide them. We, of course, have, as you know, conferred about this subject repeatedly, but if you have any new authorities that you would like Defendants to consider, please provide them.

Furthermore, please cease making unsubstantiated threats of filing motions for sanctions, which themselves could expose you to a request for sanctions, which would include, without limitation, a request for reimbursement of any related attorneys' fees. This, of course, should be avoided.

Lastly, please stop trying to communicate with my staff directly, seeking legal advice. It is inappropriate.

Thank you in advance for your attention to this matter.


Very truly yours,



Paul B. Beach




150 South Los Robles, Suite 660
Pasadena, California 91101
Phone: (818) 545-1925 ext. 222
E-mail: pbeach@lbaclaw.com
http://www.lawrencebeach.com


This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925. Thank you.

---

**From:** thectb <thectb@yahoo.com>
**Sent:** Friday, March 31, 2023 9:18 AM
**To:** Paul Beach <pbeach@lbaclaw.com>
**Cc:** Austin Raymundo <araymundo@lbaclaw.com>
**Subject:** Re: C. Barone v. LASD, et al -- Response to Second Amended Complaint


Mr. Beach,

I think your timeliness is way off. You waited way too long raising the issue. You better do a good job of convincing the court that at this stage you think this will not prejudice me.

I am thinking maybe filing for sanctions under Rule 11 (Federal Rules of Civil Procedure) or similar might be compelling. What do you think? Let's talk about this for a second Mr. Beach.

You are raising the CTCA compliance issue in bad faith and without a reasonable basis in law or fact, she will most likely consider it a violation of Rule 11. You are required as an "attorney" to certify that their filings are not being presented for

any improper purpose, and that the legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of existing law.

You are clearly wasting the court's time and resources in raising the CTCA compliance issue without merit and after having received the relevant documentation, you might be seen as trying to prolong the litigation and again wasting the court's time resources.

Clearly you are just trying cause undue delay and raising the issue without merit have caused undue delay. Besides it's clear I have acted in good faith by complying with the CTCA and providing the necessary documentation.

I will argue that your client has not been prejudiced by the alleged non-compliance with the CTCA since you have been actively participating in the litigation, completing discovery, and taking my deposition. This demonstrates that you had enough information to assess the merits of the case and proceed with the litigation but now you are fighting a battle and you are unarmed. Your client isn't in a good spot.

Plus, I will have to add that the grounds for dismissal cited by you are not sufficient to warrant dismissing the case at this stage, especially after investing significant time and resources in the litigation process.

Now like you said, I am not an attorney but I would encourage you to do what you think is best for your client. Sincerely,

Christopher "non-Attorney" Barone

On Friday, March 31, 2023 at 08:30:47 AM PDT, Paul Beach <pbeach@lbaclaw.com> wrote:

Dear Mr. Barone,

As you know, the Court has entered an order that the Defendants should respond to the Second Amended Complaint next week. Please be advised that Defendants intend to file a Rule 12(b)(6) motion to dismiss as to your state law claims due to your failure to comply with the California Tort Claims Act, which we have discussed on multiple occasions going back to last year. Please advise if you have any questions or if you have changed your position with respect to the subject.

Very truly yours,

Paul B. Beach

LAWRENCE BEACH | ATTORNEYS AT LAW
ALLEN & CHOI · PC

150 South Los Robles, Suite 660
Pasadena, California 91101
Phone: (818) 545-1925 ext. 222
E-mail: pbeach@lbaclaw.com
http://www.lawrencebeach.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925. Thank you.

# EXHIBIT B

Exhibit Removal and Replaced
3 pages

March 21, 2023

1      Q.    How has Exhibit 19 been doctored, in your

2    opinion?

3      A.    It's not that hard.  Here, I'll make it as

4    clear as possible.  Here it says on page 1:

5           "THE COURT:  Now, moving on to Number 10,          01:39

6    which is Christopher Barone and Shelby Wagner."

7           And then it states the court -- or the case

8    number.  It says "Sir, you're representing" -- or "Sir,

9    you're Christopher Barone, the petitioner representing

10   yourself?"                                                01:40

11          "Yes, sir."

12          As I continue to read down, it says here that

13   Shelby Wagner agrees that she's going to be the

14   respondent and that her counsel is in Courtroom 48 right

15   now.  So fair enough.                                     01:40

16          Then it says "off the record," which is

17   strange because in all of the court reporting -- I have

18   about 30 or 40 of these -- I don't ever recall seeing a

19   court -- inside-the-courtroom court reporter putting

20   "off the record" on there.  And I'm sure they do it.  It  01:40

21   just seems odd.

22          But then it comes back and says "All right.

23   Number 10 now."  And it doesn't even have a time -- or

24   the time's up here.  But clearly there's a time gap

25   here.  Which normally, when I'd looked at that, I've      01:41

Page 160

1   even, like, a.m./p.m. sessions and times that were

2   related to those.  I don't see that here.  In fact, I've

3   never even seen these transcripts.  And I thought I had

4   just about all the transcripts.

5          And it starts off "Is Ms. Wagner and her          01:41

6   lawyer here," and the bailiff answering, "No, your

7   Honor.  They left."

8          "THE COURT:  They left?"

9          "THE BAILIFF:  Yes, your Honor."

10         "THE COURT:  Sir, you're Christopher Barone,      01:41

11   the petitioner representing yourself in this matter?"

12         "THE PETITIONER:  Yes, your Honor."

13         "THE COURT:  And this is Case 20CHR000029?"

14         "THE PETITIONER:  Yes, your Honor."

15         Here it is.                                       01:41

16         "THE COURT:  Let me have the petitioner sworn

17   in."

18         That's ex parte communication.  At least --

19   follow this.  If you're going to have a hearing now

20   without the other party, seems strange.  Normally that's 01:42

21   unlawful.  In fact, always that's unlawful, unless there

22   was some sort of -- as you know, there are ex parte

23   hearings.  But that's not what this is.

24         And it says "Please raise your right hand.  Do

25   you solemnly swear" -- just at -- that right alone tells  01:42

Page 161

```
 1    me that something is definitely right for a judge to be

 2    swearing me in when they're not present.  I'm not buying

 3    it.  I don't even recall it.  I mean, they said that

 4    they left and then he's swearing me in.  That just is

 5    not proper.                                         01:42

 6        Q.    Have you completed your answer?

 7        A.    Yes, sir.

 8        Q.    Okay.  Do you have any medical conditions?

 9        A.    The ones that I mentioned to you, I sent over

10    to you in the responding paperwork that you had         01:43

11    requested.  That was it.

12        Q.    Sir, I need to ask you --

13        A.    Oh, okay.

14        Q.    For purposes of your deposition --

15        A.    Yeah.                                       01:43

16        Q.    -- today, I need your testimony.  Okay?

17        A.    Sure.

18        Q.    Okay?  What medical conditions do you have?

19        A.    I will ask for you to identify what you mean

20    by "medical conditions."                              01:43

21        Q.    Do you have any health issues?

22        A.    Again, I'd ask what specific health issues

23    you'd be referring to -- that.

24        Q.    Health problems.

25        A.    I just think it's a very broad question.  I    01:43
```

Page 162

# EXHIBIT C

REPLACED EXHIBIT WITHOUT NOTICE OR CONSENT
12 PAGES

1        SUPERIOR COURT OF THE STATE OF CALIFORNIA

2            FOR THE COUNTY OF LOS ANGELES

3   DEPARTMENT F50              HON. DAVID A. ROSEN, JUDGE

4

5   CHRISTOPHER T. BARONE,      )
                                )
6            PETITIONER,         )
                                )
7        VS.                     )    NO. 20CHR000029
                                )
8   SHELBY LYNN WAGNER,          )
                                )
9            RESPONDENT.         )
    _____)

10

11

12          REPORTER'S TRANSCRIPT OF PROCEEDINGS

13            WEDNESDAY, JANUARY 29, 2020

14

15

16

17   APPEARANCES:

18   FOR THE PETITIONER:    CHRISTOPHER T. BARONE,
                            IN PROPRIA PERSONA
19

20

21   FOR THE RESPONDENT:    KULIK GOTTESMAN SIEGEL & WARE LLP
                            BY:  JUSTIN NASH, ESQ.
                            15303 VENTURA BOULEVARD
22                          SUITE 1400
                            SHERMAN OAKS, CALIFORNIA 91403
23

24

25

26

27                          JENNIFER HOLMES, CSR NO. 10976

28                          OFFICIAL REPORTER



DEFENDANT'S
EXHIBIT
19
BARONE

1       M A S T E R   I N D E X

2

3

4       JANUARY 29, 2020

5

6

7

8

9       CHRONOLOGICAL AND ALPHABETICAL INDEX OF WITNESSES

10

11      NONE

12

13

14

15

16

17

18      EXHIBITS

19

20      NONE OFFERED

21

22

23

24

25

26

27

28

```
 1   CASE NUMBER:            20CHR000029
 2   CASE NAME:              BARONE VS. WAGNER
 3   CHATSWORTH, CA          WEDNESDAY, JANUARY 29, 2020
 4   DEPARTMENT NO. F50      HON. DAVID A. ROSEN, JUDGE
 5   APPEARANCES:            (AS HERETOFORE NOTED.)
 6   REPORTER:               JENNIFER HOLMES, CSR NO. 10976
 7   TIME:                   A.M. SESSION
 8
 9
10        THE COURT:  NOW, MOVING ON TO NUMBER TEN, WHICH IS
11   CHRISTOPHER BARONE AND SHELBY WAGNER, 20CHR000029.
12             SIR, YOU'RE CHRISTOPHER BARONE, THE
13   PETITIONER REPRESENTING YOURSELF?
14        THE PETITIONER:  YES, SIR.
15        THE COURT:  AND YOU'RE SHELBY WAGNER, MA'AM, THE
16   RESPONDENT?  DO YOU HAVE COUNSEL?
17        THE RESPONDENT:  YES, I DO.  THEY ARE IN
18   COURTROOM 48 RIGHT NOW.
19        THE COURT:  ALL RIGHT.  WE'LL CALL THIS AGAIN IN A
20   FEW MINUTES.  YOU CAN BOTH BE SEATED.
21
22             (OFF THE RECORD.)
23
24        THE COURT:  ALL RIGHT.  NUMBER TEN NOW,
25   CHRISTOPHER BARONE AND SHELBY WAGNER.
26             IS MS. WAGNER AND HER LAWYER HERE?
27        THE BAILIFF:  NO, YOUR HONOR.  THEY LEFT.
28        THE COURT:  THEY LEFT?
```

2

```
 1        THE BAILIFF:  YES, YOUR HONOR.
 2        THE COURT:  SIR, YOU'RE CHRISTOPHER BARONE, THE
 3   PETITIONER REPRESENTING YOURSELF IN THIS MATTER?
 4        THE PETITIONER:  YES, YOUR HONOR.
 5        THE COURT:  AND THIS IS 20CHR000029.
 6        THE PETITIONER:  YES, YOUR HONOR.
 7        THE COURT:  LET ME HAVE THE PETITIONER SWORN IN.
 8        THE CLERK:  PLEASE RAISE YOUR RIGHT HAND.
 9            DO YOU SOLEMNLY STATE THAT THE TESTIMONY
10   YOU MAY GIVE IN THE CAUSE NOW PENDING BEFORE THIS COURT
11   SHALL BE THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE
12   TRUTH, SO HELP YOU GOD?
13        THE PETITIONER:  I DO.
14        THE CLERK:  THANK YOU.
15        THE COURT:  ALL RIGHT.  YOU CAN BE SEATED, SIR.
16            THE RESPONDENT AND SOMEONE WHO CHECKED IN
17   AS HER COUNSEL, JUSTIN NASH, WERE PRESENT BEFORE THE
18   COURT EARLIER THIS MORNING.
19            DO YOU KNOW, MR. BARONE, WHY THEY LEFT?
20        THE PETITIONER:  I DO NOT KNOW SPECIFICALLY.
21        THE COURT:  DID THEY SAY ANYTHING TO YOU BEFORE
22   THEY LEFT?
23        THE PETITIONER:  THEY DID NOT, YOUR HONOR.
24        THE COURT:  DEPUTY, HOW DO YOU KNOW THAT THEY
25   LEFT?
26        THE BAILIFF:  THE ATTORNEY APPROACHED ME AND
27   STATED THAT HIS CLIENT HAD TEXTED HIM SAYING THAT SHE
28   LEFT FOR LUNCH, AND THAT SHE WAS UNDER THE IMPRESSION
```

1    THAT OTHER CASES WERE GOING TO BE CALLED BEFORE HERS.

2    SO SHE LEFT, AND HE LEFT FOLLOWING HER.

3         THE COURT:  DID THEY INDICATE THAT THEY'RE COMING

4    BACK?

5         THE BAILIFF:  AFTER LUNCH, YOUR HONOR.

6         THE COURT:  OH, YOU DIDN'T SAY THAT.

7              ALL RIGHT.  SINCE IT'S NOW 11:57 A.M.,

8    WE'RE GOING TO ADJOURN NOW UNTIL AFTER LUNCH, WHICH WILL

9    BE AT 1:30.

10             SO ALL OF THE FOLLOWING MATTERS, INCLUDING

11   THE ONE THAT'S BEFORE ME NOW, ARE TO RETURN TO THIS

12   COURTROOM AT 1:30:

13             SANCHEZ AND MONTIEL, 17CHFL01353; ARAUZ AND

14   ARAUZ; ABDERLRAHIM AND FISHBACK; RUDGE AND LEWIS,

15   20CHR000032; CHRISTIAN RUIZ AND RENE LINO, 20CHR000039;

16   AND THE SAME TWO PARTIES IN 000134, AND THE MATTER THAT

17   DID NOT STIPULATE TO THE TEMPORARY JUDGE FROM F48, LINCH

18   AND LINCH, PD060997.  THE PARTIES ARE ALL ADVISED THAT

19   WE ALSO HAVE A TRIAL AT 1:30 IN GIBSON AND GIBSON,

20   18CHFL00743.

21             WE'RE ADJOURNED UNTIL 1:30.

22        THE PETITIONER:  PERMISSION TO ASK THE COURT, YOUR

23   HONOR?

24        THE COURT:  WHAT DO YOU NEED?

25        THE PETITIONER:  AT 10:05, WE CAME BEFORE THE

26   COURT BECAUSE THE ATTORNEY WASN'T PRESENT AND THE

27   RESPONDENT WAS NOT PRESENT.  WE'VE COME HERE AGAIN.

28        THE COURT:  NO, THE RESPONDENT WAS PRESENT AT

4

1    10:05.

2         THE PETITIONER:  BUT HE WASN'T ABLE TO ADDRESS THE

3    COURT, YOUR HONOR.  AND AGAIN, THIS IS THE SECOND TIME

4    THIS MORNING THAT THEY COULDN'T.  MY ONLY REQUEST IS

5    THAT IF THAT WERE THE CASE, THEN SOMETHING WOULD HAVE

6    BEEN SAID TO ME IF THEY'RE NOT INTERESTED IN PROCEEDING.

7         THE COURT:  ALL RIGHT.  THANK YOU FOR YOUR

8    COMMENTS.  I'LL SEE YOU AT 1:30.

9         THE PETITIONER:  THANK YOU, SIR.

10

11        (WHEREUPON AT 12:00 P.M. A LUNCH RECESS

12         WAS TAKEN UNTIL 1:30 OF THE SAME DAY.)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
1    CASE NUMBER:              20CHRO00029

2    CASE NAME:               BARONE VS. WAGNER

3    CHATSWORTH, CA           WEDNESDAY, JANUARY 29, 2020

4    DEPARTMENT NO. F50       HON. DAVID A. ROSEN, JUDGE

5    APPEARANCES:             (AS HERETOFORE NOTED.)

6    REPORTER:                JENNIFER HOLMES, CSR NO. 10976

7    TIME:                    P.M. SESSION

8

9

10        THE COURT:  MOVING NOW TO NUMBER TEN, WHICH IS

11   CHRISTOPHER BARONE AND SHELBY WAGNER.  JUST ONE MOMENT.

12            ALL RIGHT.  SIR, YOU ARE CHRISTOPHER

13   BARONE, THE PETITIONER REPRESENTING YOURSELF?

14        THE PETITIONER:  YES.

15        THE COURT:  AND I DON'T THINK I SAID IT.  THIS IS

16   20CHRO00029.

17            COUNSEL.

18        MR. NASH:  GOOD AFTERNOON, YOUR HONOR.

19   JUSTIN NASH ON BEHALF OF THE RESPONDENT, SHELBY WAGNER.

20   MS. WAGNER IS PRESENT.

21        THE COURT:  LET ME HAVE BOTH PARTIES SWORN IN,

22   PLEASE.

23        THE CLERK:  PLEASE RAISE YOUR RIGHT HAND.

24            DO EACH OF YOU SOLEMNLY STATE THAT THE

25   TESTIMONY YOU MAY GIVE IN THE CAUSE NOW PENDING BEFORE

26   THIS COURT SHALL BE THE TRUTH, THE WHOLE TRUTH, AND

27   NOTHING BUT THE TRUTH, SO HELP YOU GOD?

28        THE PETITIONER:  I DO.
```

1    THE RESPONDENT:  YES.

2    THE COURT:  THANK YOU.  EVERYBODY MAY BE SEATED.

3         WE ARE HERE ON THE PETITIONER,

4    MR. BARONE'S, REQUEST FOR A CIVIL HARASSMENT RESTRAINING

5    ORDER SEEKING TO PROTECT HIMSELF AND SEEKING TO RESTRAIN

6    THE RESPONDENT.

7         THE COURT FINDS THAT THE FOLLOWING CASES

8    ARE ALL RELATED, AND BEAR WITH ME AS I READ THEM INTO

9    THE RECORD.  THE RELATED CASES ARE AS FOLLOWS:

10        20CHRO00027.  THAT'S JUDY WHITE VERSUS

11   MICHAEL ALLEN.  THIS CASE, 20CHRO00029, MR. --

12        IS IT BARONE OR BARONE, SIR?

13   THE PETITIONER:  BARONE.

14   THE COURT:  I HAD A PARTNER NAMED BARONE, AND HE

15   TOLD ME IT USED TO BE BARONE.

16        ANYWAY, MR. BARONE VERSUS MS. WAGNER;

17   19CHRO01634, CHRISTOPHER BARONE VERSUS HARRIET COHEN;

18   20CHRO00060, LAKE LINDERO HOMEOWNERS ASSOCIATION, A

19   CORPORATION, VERSUS CHRISTOPHER T. BARONE; 19CHRO01496,

20   CHRISTOPHER BARONE VERSUS ARIANNA RICO.  ARIANNA IS

21   A-R-I-A-N-N-A; 19CHRO01603, CAROLINE FERADAY,

22   F-E-R-A-D-A-Y, VERSUS CHRISTOPHER BARONE; 19CHRO000156,

23   MARCO GONZALEZ VERSUS CHRISTOPHER BARONE.

24        ALSO RELATED TO THE CASES I'VE ALREADY

25   MENTIONED ARE THE FOLLOWING CASES:

26        20CHRO000136, 000137, AND 000144.

27        I BELIEVE I'VE GIVEN A TOTAL OF TEN CASE

28   NUMBERS THAT ARE NOW DEEMED RELATED BY THE COURT AS

1   ARISING OUT OF THE SAME SET OF FACTS.

2            WITHOUT FURTHER NEED FOR EVIDENCE, THE

3   COURT FINDS THAT AS A MATTER OF JUDICIAL ECONOMY, ALL

4   TEN OF THESE MATTERS ARE TO BE HEARD TOGETHER, AND THE

5   COURT FINDS AS A MATTER OF JUDICIAL ECONOMY AND CALENDAR

6   CONGESTION, BUT ALSO PURSUANT TO THE ORDERS OF THE

7   SUPERVISING JUDGE OF THE FAMILY LAW DIVISION OF

8   LOS ANGELES COUNTY SUPERIOR COURT, THAT THE HEARING ON

9   THESE TEN RELATED MATTERS WILL BE A LONG CAUSE MATTER IN

10  THAT THE HEARING WILL CLEARLY TAKE MORE THAN ONE HOUR OF

11  COURT TIME ON A CIVIL HARASSMENT RESTRAINING ORDER, OR

12  AS IN THE CASE OF SOME OF THE CASE NUMBERS, WORKPLACE

13  VIOLENCE RESTRAINING ORDERS.

14           THEREFORE, ALL TEN OF THE CASES ARE TO BE

15  TRANSFERRED NOW TO DEPARTMENT 2, DEPARTMENT 2 IN THE

16  STANLEY MOSK COURTHOUSE ON A DATE -- ON THE FOLLOWING

17  DATE AND TIME:  MARCH 13, MARCH 13, 2020, 8:30 A.M.

18           TO THE EXTENT THAT ANY OF THE OTHER CASES

19  WHOSE CASE NUMBERS I'VE LISTED INTO THE RECORD ALREADY

20  HAVE HEARING DATES OTHER THAN MARCH 13, 2020, THOSE

21  HEARING DATES ARE NOW ADVANCED AND CONTINUED TO

22  MARCH 13, 2020, AT 8:30 A.M., IN DEPARTMENT 2 OF THE

23  STANLEY MOSK COURTHOUSE.

24           PURSUANT TO LOCAL RULES, THE LOWEST CASE

25  NUMBER, THAT IS THE EARLIEST FILED CASE, WILL BE THE

26  LEAD CASE, AND I BELIEVE THAT THAT IS 19CHR000156, WHICH

27  IS MARCO GONZALEZ VERSUS CHRISTOPHER BARONE, AND HAPPILY

28  ENOUGH, THE EARLIEST FILED CASE HAPPENS TO BE THE CASE

1  THAT'S ALREADY SET FOR HEARING ON MARCH 13, 2020 IN

2  DEPARTMENT 2 OF STANLEY MOSK.

3           I'M GOING TO REQUIRE -- ACTUALLY, WHAT I'M

4  GOING TO DO IS HAVE THE JUDICIAL ASSISTANT GIVE NOTICE,

5  WHICH WILL PROBABLY TAKE UNTIL, I DON'T KNOW, MARCH 1ST

6  TO GET PREPARED, BUT WE WILL GET NOTICE OUT TO ALL OF

7  THE PARTIES IN ALL OF THE TEN CASES THAT THE HEARINGS ON

8  ALL TEN CASES ARE SET FOR MARCH 13, 2020 AT 8:30 A.M. IN

9  DEPARTMENT 2 OF STANLEY MOSK.

10          THE COURT ALSO MAKES FINDINGS BASED UPON

11  CALENDAR CONGESTION AND JUDICIAL ECONOMY THAT AS TO

12  THOSE CASES WHERE THERE IS A TEMPORARY RESTRAINING ORDER

13  IN PLACE, THE TEMPORARY RESTRAINING ORDERS ARE BEING

14  REISSUED AND WILL REMAIN IN FULL FORCE AND EFFECT

15  THROUGH THE MARCH 13, 2020 HEARING, AND THAT THERE IS

16  GOOD CAUSE BASED UPON THE COURT'S FINDINGS TO HAVE THAT

17  HEARING BEYOND THE STATUTORY TIME OF 21 TO 25 DAYS FROM

18  TODAY.

19          TO THE EXTENT THAT OTHER HEARINGS ARE SET

20  IN THIS COURTHOUSE IN ANY OF THE TEN CASE NUMBERS THAT

21  I'VE READ INTO THE RECORD BETWEEN NOW AND MARCH 13TH, IF

22  THE PARTIES HAVEN'T RECEIVED NOTICE OF THE CONTINUANCE

23  BY THE TIME OF THEIR NEXT HEARING, THE SAME ORDERS WILL

24  BE MADE AT THOSE HEARINGS HERE SO THAT ALL TEN CASES

25  WILL BE IN DEPARTMENT 2, STANLEY MOSK COURTHOUSE,

26  MARCH 13, 2020, 8:30 A.M.

27          AS I'VE EXPLAINED TO OTHER PARTIES IN OTHER

28  CASES, ON MARCH 13TH ALL OF THE PARTIES AND ALL OF THE

1   CASES AND ANY WITNESSES THAT ANY OF THE PARTIES ARE

2   CALLING ARE TO BE IN DEPARTMENT 2 AT 8:30.  THE COURT

3   WILL THEN ASSIGN THE MATTERS TOGETHER TO ONE DEDICATED

4   OR LONG CAUSE TRIAL COURTROOM.  THAT WILL ALMOST

5   ASSUREDLY BE A COURTROOM WITHIN THE STANLEY MOSK

6   COURTHOUSE, OR IT MAY BE ANOTHER COURTHOUSE DOWN THE

7   STREET LITERALLY ABOUT SEVEN MINUTES' WALK FROM

8   STANLEY MOSK.

9           THERE IS A SMALL POSSIBILITY THAT I HAVE TO

10  MENTION IT ANYWAY THAT IF ALL THE DEDICATED TRIAL

11  COURTROOMS IN DOWNTOWN L.A. ARE FULL THAT DAY, THE

12  MATTERS COULD BE SENT FOR HEARING TO ANOTHER DEDICATED

13  TRIAL COURTROOM IN ANOTHER COURTHOUSE IN L.A. COUNTY,

14  BUT I KNOW YOU WON'T BE BACK HERE IN NORTHRIDGE -- I'M

15  SORRY -- IN CHATSWORTH OR IN VAN NUYS BECAUSE THERE ARE

16  NO DEDICATED TRIAL COURTROOMS IN FAMILY LAW IN EITHER OF

17  THOSE COURTHOUSES.

18          WITH RESPECT TO THIS CASE, 20CHRO00029, THE

19  PARTIES ARE ORDERED TO REMAIN IN THE COURTROOM TO

20  RECEIVE THEIR COPY OF TODAY'S ORDERS REISSUING THE

21  TEMPORARY RESTRAINING ORDER AS I MENTIONED, LEAVING IT

22  IN FULL FORCE AND EFFECT UNTIL THE MARCH 13, 2020

23  HEARING AND CONTINUING THE HEARINGS AS I'VE MENTIONED.

24  THANK YOU.

25      THE PETITIONER:  THANK YOU.

26      MR. NASH:  THANK YOU, YOUR HONOR.

27

28          (THE PROCEEDINGS WERE CONCLUDED.)

```
 1                SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                     FOR THE COUNTY OF LOS ANGELES

 3    DEPARTMENT F50              HON. DAVID A. ROSEN, JUDGE

 4

 5    CHRISTOPHER T. BARONE,      )
                                  )
 6              PETITIONER,       )   NO. 20CHRO00029
                                  )
 7         VS.                    )
                                  )
 8    SHELBY LYNN WAGNER,         )   REPORTER'S
                                  )   CERTIFICATE
 9              RESPONDENT.       )
      _____)

10

11

12

13         I, JENNIFER HOLMES, OFFICIAL REPORTER OF THE

14    SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

15    COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT I DID

16    CORRECTLY REPORT THE PROCEEDINGS CONTAINED HEREIN AND

17    THAT THE FOREGOING PAGES 1 THROUGH 9, INCLUSIVE,

18    COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT OF THE

19    PROCEEDINGS AND TESTIMONY TAKEN IN THE MATTER OF THE

20    ABOVE-ENTITLED CAUSE ON WEDNESDAY, JANUARY 29, 2020.

21

22              DATED THIS  22ND  DAY OF DECEMBER, 2022.

23

24

25

26

27    _____
      JENNIFER HOLMES, CSR NO. 10976
28    OFFICIAL REPORTER
```

# EXHIBIT D

Restraining Order against Shelby Wagner
6 pages

**WV-110**    **Temporary Restraining Order**

*Clerk stamps date here when form is filed.*

**FILED**
Superior Court of California
County of Los Angeles

JAN 13 2020

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Yvonne Villarreal

**(1) Petitioner (Employer)**

a. Name: Lake Lindero Homeowner  A o ciation
   Lawyer for Petitioner *(if any, for this case):*
   Name: _____    State Bar No.: _____
   Firm Name: _____

b. Your Addre  *(If you have a lawyer, give your lawyer's information.):*
   Addre : 1275 Center Court Drive
   City: Covina    State: CA    Zip: 91724
   Telephone: 626-967-7921    Fax: _____
   E-Mail Addre : clientcare2003@mylordon.com

*Fill in court name and street address:*

Superior Court of California, County of
   Lo  Angele
   Chat worth Courthou e
   9425 Penfield Ave.
   Chat worth, CA 91311

*Court fills in case number when form is filed.*

**Case Number:**

**20CHRO000060**

**(2) Employee (Protected Person)**
Full Name: Michael Allan

**(3) Respondent (Restrained Person)**
Full Name: Christopher T. Barone
De cription: _____

| | |
|---|---|
| Sex: ☒ M  ☐ F   Height: 5' 7 "   Weight: 220 lb   Date of Birth: 10/1/1974 | |
| Hair Color: gray black   Eye Color: brown   Age: 45   Race: Cauca ian | |
| Home Addre  *(if known):* 5523 Old Salt Lane | |
| City: Agoura Hill   State: CA   Zip: 91301 | |
| Relation hip to Employee: Former Employee | |

**(4) ☒ Additional Protected Persons**

In addition to the employee, the following family or hou ehold member  or other employee  are protected by the temporary order  indicated below:

| Full Name | Sex | Age | Hou ehold Member? | Relation to Employee |
|---|---|---|---|---|
| _____ | ___ | ___ | ☐ Ye  ☐ No | _____ |
| _____ | ___ | ___ | ☐ Ye  ☐ No | _____ |
| _____ | ___ | ___ | ☐ Ye  ☐ No | _____ |

☒ Additional protected per on  are li ted at the end of thi  Order on Attachment 4.

**(5) Expiration Date**

*This Order expires at the end of the hearing scheduled for the date and time below:*

Date: 2/5/20    Time: 8:30   ☒ a.m.  ☐ p.m.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2017, Mandatory Form
Code of Civil Procedure, §§ 527.8 and 527.9
Approved by DOJ

**Temporary Restraining Order (CLETS—TWH)**
(Workplace Violence Prevention)



DEFENDANT'S
EXHIBIT
14
BARONE
2-23

Case Number: **20CHR000060**

## To the Respondent:

The court has issued the temporary orders checked as granted below. If you do not obey these orders, you can be arrested and charged with a crime. You may have to go to jail for up to one year, pay a fine of up to $1,000, or both.

**(6) Personal Conduct Orders**

☐ Not Requested   ☐ Denied Until the Hearing   ☒ Granted as Follows:

a. You are ordered not do the following thing to the employee ☒ and to the other protected person listed in (4):

   (1) ☒ Harass, molest, strike, assault (sexually or otherwise), batter, abuse, destroy personal property of, or disturb the peace of the person.

   (2) ☒ Commit acts of violence or make threats of violence against the person.

   (3) ☒ Follow or talk the person during work hours or to or from the place of work.

   (4) ☒ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by e-mail, by fax, or by other electronic means.

   (5) ☒ Enter the workplace of the person.

   (6) ☒ Take any action to obtain the person's address or location. If this item is not checked, the court has found good cause not to make this order.

   (7) ☐ Other (specify):
       ☐ Other personal conduct orders are attached at the end of this Order on Attachment 6a(7).
       _____
       _____
       _____
       _____

b. Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order. However, you may have your papers served by mail on the petitioner.

**(7) Stay-Away Order**

☐ Not Requested   ☐ Denied Until the Hearing   ☒ Granted as Follows:

a. You must stay at least ___100___ yards away from (check all that apply):

   (1) ☒ The employee
   (2) ☐ Each other protected person listed in (4)
   (3) ☒ The employee's workplace
   (4) ☒ The employee's home
   (5) ☐ The employee's school
   (6) ☐ The employee's children's school

   (7) ☐ The employee's children's place of child care
   (8) ☒ The employee's vehicle
   (9) ☐ Other (specify):
       _____
       _____
       _____
       _____

b. This stay-away order does not prevent you from going to or from your home or place of employment.

## This is a Court Order.

Case Number:
**20CHRO000060**

**8** **No Guns or Other Firearms and Ammunition**

   a. You cannot own, po e , have, buy or try to buy, receive or try to receive, or in any other way get gun , other firearm , or ammunition.

   b. You mu t:

      (1) Sell to or tore with a licen ed gun dealer or turn in to a law enforcement agency any gun or other firearm in your immediate po e io n or control. Thi mu t be done within 24 hour of being erved with thi Order.

      (2) File a receipt with the court within 48 hour of receiving thi Order that prove that your gun or firearm have been turned in, old, or to red. *(You may use form WV-800, Proof of Firearm Turned In, Sold, or Stored for the receipt.)*

   c. ☒ The court ha received information that you own or po e a firearm.

**9** **Other Orders**

   ☒ Not Requested   ☐ Denied Until the Hearing   ☐ Granted as Follows *(specify):*

_____
_____
_____

   ☐ Additional order a re attached at the end of thi Order on Attachment 9.

**To the Petitioner:**

**10** **Mandatory Entry of Order Into CARPOS Through CLETS**

Thi Order mu t be entered into the California Re training and Protective Order Sy te m (CARPOS) through the California Law Enforcement Telecommunication Sy tem (CLETS). *(Check one):*

   a. ☐ The clerk will enter thi Order and it proof-of- ervice form into CARPOS.

   b. ☐ The clerk will tran mit thi Order and it proof-of- ervice form to a law enforcement agency to be entered into CARPOS.

   c. ☒ By the clo e of bu ine on the date that thi Order i made, the employer or the employer' lawyer hould deliver a copy of the Order and it proof-of- ervice form to the law enforcement agencie li ted below to enter into CARPOS:

Name of Law Enforcement Agency      Addre *(City, State, Zip)*
_Malibu - Lost Hills_      _2 7050 Agoura Rd, Agoura CA 91301_

   ☐ Additional law enforcement agencie are li ted at the end of thi Order on Attachment 10.

**11** **No Fee to Serve (Notify) Restrained Person**    ☒ Ordered   ☐ Not Ordered

The he riff or mar hal will erve thi Order without charge becau e:

   a. ☒ The Order i ba ed on a credible threat of violence or talking.

   b. ☐ The petitioner i entitled to a fee waiver.

**This is a Court Order.**

**Temporary Restraining Order (CLETS—TWH)**
**(Workplace Violence Prevention)**

WV-110, Page 3 of 5
→

Case Number: **20CHRO00060**

(12) Number of page  attached to thi  Order, if any: _____

Date: _____ JAN 1 3 2020 _____

*Judicial Officer*

**JONATHAN L. ROSENBLOOM**

## Warnings and Notices to the Restrained Person in ②

### You Cannot Have Guns or Firearms

You cannot own, have, po e , buy or try to buy, receive or try to receive, or otherwi e get gun , other firearm , or ammunition while thi  Order i  in effect. If you do, you can go to jail and pay a $1,000 fine. You mu t ell to or  to re with a licen ed gun dealer or turn in to a law enforcement agency any gun  or other firearm  that you have or control a  tated in item ⑧ above. The court will require you to prove that you did o.

### Notice Regarding Nonappearance at Hearing and Service of Order

If you have been per onally  erved with thi  Temporary Re training Order and form WV-109, *Notice of Court Hearing*, but you do not appear at the hearing either in per on or by a lawyer, and a re training order that i  the  ame a  thi  Temporary Re training Order except for the expiration date i  i ued at the hearing, a copy of the order will be  erved on you by mail at the addre  in item ③.

If thi  addre  i  not correct or you wi h to verify that the Temporary Re training Order wa  converted into a re training order at the hearing without  ub tantive change, or to find out the duration of the order, contact the clerk of the court.

### After You Have Been Served With a Restraining Order

- Obey all the order . Any intentional violation of thi  Order i  a mi demeanor puni hable by a fine or by impri onment in a county jail, or by both fine and impri onment. (Pen. Code, § 273.6.)
- Read form WV-120-INFO, *How Can I Respond to a Petition for Orders to Stop Workplace Violence?*, to learn how to re pond to th:  Order.
- If you want to re pond, fill out form WV-120, *Response to Petition for Workplace Violence Restraining Orders*, and file it with the court clerk. You do not have to pay any fee to file your re pon e if the petition claim  that you threatened violence rgain t or  talked the employee, or placed the employee in rea onable fear of violence.
- You mu t have form WV-120  erved on the petitioner or the petitioner'  attorney by mail. You cannot do thi  your elf. The per on who doe  the  ervice  hould complete and  ign form WV-250, *Proof of Service of Response by Mail*. File the completed proof of  ervice with the court clerk before the hearing date or bring it with you to the hearing.

- In addition to the re pon e, you may file and have declaration  erved,  igned by you and other per on  who have per onal knowledge of the fact . You may u e form MC-030, *Declaration*, for thi  purpo e. It i  available from the clerk'  office at the court  hown on page 1 of thi  form or at *www.courts.ca.gov/forms*. If you do not know how to prepare a declaration, you  hould  ee a lawyer.
- Whether or not you file a re pon e, you  hould attend the hearing. If you have any witne  e , they mu t al o go to the hearing.
- At the hearing, the judge can make re training order  again t you that la t for up to three year . Tell the judge why you di agree with the order  reque ted.

## This is a Court Order.



Case Number: 20CHRO00060

## Instructions for Law Enforcement

### Enforcing the Restraining Order
Thi  order i  enforceable by any law enforcement agency that ha  received the order, i  hown a copy of the order, or ha verified it  exi tence on the California Re training and Protective Order  Sy tem (CARPOS). Agencie  are encouraged to enter violation me age  into CARPOS. If the law enforcement agency ha  no t received proof of  ervice on the re trained per on, the agency mu t advi e the re trained per on of the term  of the order and then mu t enforce it. Violation  of thi  order are  ubject to criminal penaltie .

### Start Date and End Date of Orders
Thi  order *starts* on the date next to the judge' ignature on page 4. The order *ends* on the expiration date in item 5 on page 1.

### If the Protected Person Contacts the Restrained Person
Even if the protected per on invite  or con ent  to contact with the re trained per on, thi  order remain  in effect and mu t be enforced. The protected per on cannot be arre ted for inviting or con enting to contact with the re trained per on. The order can be changed only by another court order. (Pen. Code, § 13710(b).)

### Conflicting Orders—Priorities for Enforcement
### If more than one restraining order has been issued, the orders must be enforced according to the following priorities: (See Pen. Code, § 136.2, Fam. Code, §§ 6383(h)(2), 6405(b).)
1. *EPO:* If one of the order  i  an *Emergency Protective Order* (form EPO-001) and i  more re trictive than other re training or protective order , it ha  precedence in enforcement over all other order .
2. *No Contact Order:* If there i  no EPO, a no-contact order that i  included in a re training or protective order ha precedence over any other re training or protective order.
3. *Criminal Order:* If none of the order  include  a no contact order, a dome tic violence protective order i ue d in a criminal ca e take  precedence in enforcement over any conflicting civil court order. Any nonconflicting term of the civil re training order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil re training or protective order ha  b een i ue d, the one that wa  i ued la t mu t be enforced.



(Clerk will fill out this part.)
—Clerk's Certificate—

I certify that thi  *Temporary Restraining Order* i  a true and correct copy of the original on file in the court.

Date: JAN 1 3 2020    Clerk, by _____, Deputy

**C. CASTELLANOS**

## This is a Court Order.

WV-110   Attachment 4         case #_____   20CHR000060

**Lake Lindero Homeowners Association**
vs
**Christopher T. Barone**

(Continued)

| Full Name | Sex | HH Member? | Relationship to Employee |
|---|---|---|---|
| Arturo Palomer | M | No | employee |
| Arturo Palomer Sr. | M | No | employee |
| Cassie Silic | F | No | employee |
| Manny Savala | M | No | employee |
| Mike Keegan | M | No | employee |
| Nicolas Espinoza | M | No | employee |
| Robert Dyer | M | No | employee |
| Ron Soffer | M | No | employee |
| Susan Silic | M | No | employee |
| Mike Umann | M | No | employee |
| Dave DiNapoli | M | No | employee |
| Paul Bromley | M | No | employee |
| Hal Siegel | M | No | employee |

<u>Vendors</u>

| | |
|---|---|
| Allied Nationwide Security | High Tech Irrigation |
| American FootGolf League, Inc. | IPFS Corporation of California |
| Bugs N Things, Inc. | JC True Landscaping Corp. 300.00 |
| California Pest Management | Nutrien AG Solutions, Inc. |
| Cline Agency Insurance Brokers | P W Gillibrands Co Inc |
| Competitive Aquatic Supply | Pacific Energy Service, Inc. |
| Conejo Valley Construction, Inc. | Rigo's Tree Service |
| Department of Alcoholic Beverage Control | Sam Hill & Sons, Inc. |
| Department of Water Resources | Slade Industrial Landscape |
| Direct TV | Smith Pipe & Supply |
| Ecolab Inc. | Southcoast Pool & Spa, Inc |
| EZLinks Golf Holdings LLC | Speedy Enterprises |
| First Insurance Funding | Sunbelt Rentals, Inc. |
| Fox & Stephens, CPA's Inc | Superior Turf Consulting |
| Golf Course Capital Repair | Tavern Service, Inc. |
| GWIS Corp | The Acorn |
| Hanover Insurance Co. | Tiger Natural Gas, Inc. |
| Harbor Distributing, LLC | Turf Star, Inc. |

Malibu Canyon Aquatics
MATCH Tough Tennis Academy
Chantal Andress Barclay

# EXHIBIT E

Thomson Reuters Charges
4 pages

# Invoice

Page 1 of 4

 THOMSON REUTERS®

Thomson Reuters
West Publishing Corporation, as agent for
Thomson Reuters Enterprise Centre GmbH
610 Opperman Drive
Eagan, MN 55123 1396

**PIVOTAL BUS CORP**

Invoice #: Redacted
Account #: Redacted
Invoice date: April 1, 2023
Purchase order #:

PIVOTAL BUS CORP
ACCOUNTS PAYABLE
5523 OLD SALT LN
OAK PARK, CA 91301-1940

| Total Due in USD |
| :---: |
| **750.00** |
| Payment Due by |
| **May 1, 2023** |

| Summary | Charge USD | Tax USD | Total USD |
| --- | ---: | ---: | ---: |
| ONLINE/SOFTWARE SUBSCRIPTION CHARGES | 750.00 | 0.00 | 750.00 |
| **TOTAL INVOICE AMOUNT** | **750.00** | **0.00** | **750.00** |

**Billing Note**
Find information on how to read your invoice and other commonly asked billing questions under the Billing, payment, returns & refunds section online at
legal.thomsonreuters.com/en/support.

---

**Self-Service online resources**

Sign up for E delivery of invoices at http://ebilling.thomsonreuters.com

To manage your account sign up at MyAccount: http://myaccount.tr.com/westlaw

For online support contact us at http://legal.thomsonreuters.com/en/support

A

**Include this portion with your payment  -  Folding and stapling may delay your payment.**

**PIVOTAL   BUS   CORP**
Invoice#:Redacted
 Account #: Redacted
Invoice date: April 1, 2023

Invoice due date: May 1, 2023
Amount due in USD: 750.00

**Amount enclosed:** _____

**Pay online:**
To make a payment electronically log on to
https://www.thomsonreuters.com/en_us/account/billing/guest/pay
Set up your payment to be withdrawn electronically using
direct debit or credit card.

**Please make checks payable to the following, as agent for
Thomson Reuters Enterprise Centre GmbH:**

Thomson Reuters   West
Payment Center
P.O. Box 6292
Carol Stream, IL 60197 6292

# Information and **payment details**



 **Do more with your account online**

http://myaccount.tr.com/westlaw
• Manage payments online and review account balances
• Update addresses and review order status
• View and download invoice details
• Manage online users' access

http://www.quickview.com
• Obtain free usage reporting for cost recovery
• Obtain eDiscovery matter details

https://legal.thomsonreuters.com/billing-portal-request
• Sign up to recieve your invoice through a billing portal

http://ebilling.thomsonreuters.com
• Go Green with eInvoicing for time savings and convenience

https://ue.thomsonreuters.com/en-us/account/billing/guest/pay
• Easily and quickly enroll in our Autopay program
• Easily make updates after setup

**Contact us online**

https://legal.thomsonreuters.com/en/support
• Provides answers to commonly asked questions and web forms for submitting account-related requests

 **Thomson Reuters Enterprise Centre GmbH tax information**

| VAT Reg Numbers | Federal Tax ID |
| --- | --- |
| redacted | Redacted |

 **Payment options and terms**

Include your invoice number to assist with applying your payment or email the remittance to west.arpaymentcenter@thomsonreuters.com

**Pay online**
To make a payment online or sign up for Autopay, please visit
http://myaccount.tr.com/westlaw

**Electronic payments in US currency should be issued to
The following, as agent for Thomson Reuters Enterprise Centre GmbH**
West Publishing Corporation
BMO Harris Bank N.A.,
111 West Monroe Street, 9th Floor West, Chicago IL 60603
Bank Routing #:  071000288
Bank Account #:  4445615
SWIFT Code:  HATRUS44

**Electronic payment details for other currencies**
http://legal.tr.com/electronic-funds-transfer

**Pay via phone**
To make a payment via telephone, please call 1-800-328-4880
Say "*Account Services*," then provide account number, say "*make a payment.*"

**Check**
Check payments should be mailed to the address on the front of invoice in the remittance section. To ensure timely application, return the remittance portion with your check payment.

• Terms: Net 30; products are shipped FOB shipping point
• Please do not enclose cash or additional correspondence
• Payments marked "paid in full," or with any other restrictive language, shall not operate as an accord and satisfaction without the prior written approval of West (Thomson Reuters).

# Invoice


**THOMSON REUTERS®**

Thomson Reuters
West Publishing Corporation, as agent for
Thomson Reuters Enterprise Centre GmbH
610 Opperman Drive
Eagan, MN 55123 1396

**PIVOTAL BUS CORP**

Invoice #: Redacted
Account #: Redacted
Invoice date: April 1, 2023
Purchase order #:

## Account location detail

| Product Detail | Units | Charge USD | Tax USD | Total USD |
|---|---|---|---|---|
| redacted | | | | |
| Reference # redacted | | | | |
| PIVOTAL BUS CORP | | | | |
| ACCOUNTS PAYABLE | | | | |
| 5523 OLD SALT LN | | | | |
| OAK PARK CA 91301 1940 | | | | |

**Online/Software Subscription Charges**

| | | | | |
|---|---|---|---|---|
| March 1, 2023   March 31, 2023 | | | | |
| redacted | | | | |
| DATABASE CHARGES | | 750.00 | 0.00 | 750.00 |

**Online/Software Subscription Charges Total USD**
**750.00**

**Location Total USD**
**750.00**

**Total USD**
**750.00**

*Indicates system credit                    1005736751    A

**PIVOTAL BUS CORP**

 **THOMSON REUTERS®**

Thomson Reuters
West Publishing Corporation, as agent for
Thomson Reuters Enterprise Centre GmbH
610 Opperman Drive
Eagan, MN 55123 1396

# Monthly **account summary**

**Account #:**  Redacted

## Charges as of April 1, 2023

| Document date | Document # | Description | Amount USD | Notes | Due Date |
|---|---|---|---|---|---|
| 10/01/2022 | 0847158810 | Invoice | 100.00 | | 10/31/2022 |
| 11/01/2022 | 0847315726 | Invoice | 3,363.88 | | 12/01/2022 |
| 12/01/2022 | 0847484311 | Invoice | 4,708.20 | | 12/31/2022 |
| 01/01/2023 | 0847647806 | Invoice | 1,458.08 | | 01/31/2023 |
| 02/01/2023 | 0847812341 | Invoice | 1,056.39 | | 03/03/2023 |
| 03/01/2023 | 0847965883 | Invoice | 750.00 | | 03/31/2023 |
| 04/01/2023 | 0848123601 | Invoice | 750.00 | | 05/01/2023 |

Charges in USD as of April 1, 2023          **12,186.55**

The Monthly account summary is a comprehensive report of all account activity for the current subscription billing period. Payments made within the last 48 hours may not be included. Go to http://myaccount.tr.com/westlaw if more details are needed around these invoices or payments.

If you have questions about your outstanding balance, please contact our Accounts Receivable department by calling 1-800-522-0552 and select account information.