PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
Los Angeles County Sheriff's Department,
Deputy Alexandria Metcalf, and Deputy Heather Parks

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER T. BARONE, <br><br> Plaintiff, <br><br> vs. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; et al., <br><br> Defendants. | Case No. 2:21-cv-04200-JWH-PD <br><br> Honorable Patricia A. Donahue <br><br> **DEFENDANTS' STATUS REPORT RE SETTLEMENT CONFERENCE; DECLARATION OF PAUL B. BEACH IN SUPPORT THEREOF** |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

At the conclusion of the April 28, 2023 Status Conference in this matter, with regard to participating in a settlement conference, the Court directed the parties to decide if they wished to proceed before the Honorable Patricia A. Donahue or a different magistrate judge, as well as proposed dates for the conference. Defendants Los Angeles County Sheriff's Department, Deputy Alexandra Metcalf, and Deputy Heather Parks (collectively, "Defendants") hereby submit the following Status Report regarding their efforts.

//

1

# STATUS REPORT

The details of the parties' efforts and their communications regarding same are described in detail in the attached Declaration of Paul B. Beach.  In short, the Defendants agree to proceed with a settlement conference before Magistrate Judge Donahue.  The Defendants cannot speak for Mr. Barone, but it is the impression of their counsel that Mr. Barone concurs.  Also, appropriate representatives from the County of Los Angeles (i.e., the Office of County Counsel and the Los Angeles County Sheriff's Department) and their counsel can be available for a settlement conference on either June 28 or July 10, 11 or 12, 2023 (or other dates if those are inconvenient to the Court).  Again, it is the impression of counsel for Defendants that Mr. Barone is also available on said dates, but Mr. Barone can and should confirm same with the Court.

Dated: May 12, 2023                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____ /s/ Paul B. Beach _____
    Paul B. Beach
    Attorneys for Defendants
    Los Angeles County
    Sheriff's Department,
    Deputy Alexandria Metcalf and
    Deputy Heather Park

## DECLARATION OF PAUL B. BEACH

I, Paul B. Beach, declare as follows:

1.     I am an attorney at law, duly authorized to practice before this Court and I am a shareholder in the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants Los Angeles County Sheriff's Department, Alexandria Metcalf, and Heather Parks (collectively, "Defendants") in the above-entitled action.  I have personal knowledge of the facts stated herein, except those stated upon information and belief and as to those matters, I believe them to be true.  If called to testify to the matters herein, I could and would competently do so.

2.     On Friday April 28, 2023, the Court held a Status Conference in this matter.  After conferring with Plaintiff Christopher Barone ("Plaintiff") and myself, the Court asked the parties to file with the Court a document that confirmed whether they wished to attend a settlement conference before the Honorable Patricia A. Donahue or a different magistrate judge.  The Court also asked the parties to provide possible dates for the conference.  Lastly, the Court asked me to take the lead preparing said document.

3.     The following week, I prepared and communicated with my clients about the results of the proceeding.  I also made arrangements to meet with the appropriate County representatives to determine how they wished to proceed.  As reflected in the proposed Stipulation that is attached hereto as Exhibit "A," which has my electronic signature, Defendants agree to proceed before Magistrate Judge Donahue, and further understand and agree that they may not object to her consideration or ruling on any later filed dispositive motion because of her participation as a settlement officer in this matter.  Furthermore, I then coordinated their available dates and started drafting a document for Plaintiff's review, input, and approval, while also attending to other business (including preparing a complex

summary judgment motion).  Apparently, I did not send Plaintiff a draft as quickly as he wanted.

4.     On May 9, 2023, I received an email from Plaintiff, a true and correct copy of which is attached hereto as **Exhibit "A."**  I will not characterize the correspondence (or any other correspondence of his attached to this Declaration) because, if history is any guide, it will only cause Plaintiff to threaten to seek meritless sanctions against me (which he has done, repeatedly, throughout the course of this action).

5.     On May 10, 2023, I finished and sent to Plaintiff an email and proposed Stipulation in accordance with the Court's instruction, true and correct copies of which are collectively attached hereto as **Exhibit "B."**

6.     On May 11, 2023, I received an email and attachment from Plaintiff, true and correct copies of which are collectively attached hereto as **Exhibit "C."**

7.     Approximately 20 minutes later, I sent Plaintiff a reply email, a true and correct copy of which is attached hereto as **Exhibit "D."**  In short, on behalf of Defendants, I declined to stipulate to attend a "pre-settlement" meeting with Plaintiff. If I believed that it would have had any value or increased the potential for settlement, then I would have agreed.  However, based on my extensive experience with Plaintiff over the course of this action, I strongly believed that it would have been unproductive and nothing more than a waste of my limited time and my clients' money.

8.     I have spent many hours conferring with Plaintiff about the details of this case, the applicable law and the positions of the parties.  I have been practicing in this Court for three decades, and have successfully handled thousands of cases.  In this case, I have gone to great efforts to be professional, patient, and accommodating with Plaintiff, only to have him try to use my generosity against me.  And nothing requires me to meet with a party who, in my opinion, has a false sense of reality and

repeatedly, without any basis in fact or law, makes frivolous threats to file motions for sanctions.

9.      On the evening of May 11, 2023, I received another email from Plaintiff, a true and correct copy of which is attached hereto as **Exhibit "E."**

10.     Given the above, I decided that the most productive way to move this matter forward was to file the instant Status Report.  I hope and assume that the Court shall set a settlement conference, whereat the parties can confer with the Court in hopes of resolving this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 12, 2023, at Pasadena, California.

*/s/ Paul B. Beach*

Paul B. Beach

# Exhibit A

**Paul Beach**

| | |
|---|---|
| **From:** | thectb <thectb@yahoo.com> |
| **Sent:** | Tuesday, May 9, 2023 4:45 PM |
| **To:** | Paul Beach |
| **Cc:** | Austin Raymundo |
| **Subject:** | Urgent: Request for Expedited Action on Settlement Stipulation: C. Barone v. LASD, et al. |

Dear Counsel,

I trust this correspondence finds you in good health. I write to express my consternation at the delay in the exchange of the agreed-upon stipulation, following our court hearing held on April 28, 2023. I had anticipated a more prompt response, considering the reputability and professionalism associated with your esteemed firm.

My previous interactions with you and your team, and indeed, our collective interactions with the court, have been underscored by a spirit of fairness and mutual respect. It is in keeping with this ethos that I would prefer to avoid escalating this matter further by filing another motion for sanctions.

I am cognizant of your stance that such an action could potentially entitle you to costs should the court rule contrary to my motion. However, given the absence of any apparent impediments from your side, I am left in a quandary as to why the agreed-upon stipulation has not been forthcoming.

In light of the above, I request you to kindly provide a comprehensive update as to the reasons behind the delay. I must emphasize the importance of expeditious resolution of this issue given its direct impact on the ongoing proceedings. It would be highly regrettable if your firm's inertia necessitates the filing of another motion for sanctions, as this has the potential to cause further delays and exacerbate the already strenuous circumstances.

If by the close of business this Friday, I do not receive either the stipulation or a satisfactory explanation for the delay, I shall, with regret but with resolution, proceed with the filing of another motion for sanctions. I may also take additional steps to file other pertinent documents related to this case.

Please understand that this course of action is not one I undertake lightly, but is borne out of a need to maintain the integrity of our legal process and to ensure that justice is served. I have always endeavored to keep my commitments, and as such, I am compelled to follow through on this issue if necessary.

I trust you understand the gravity of this communication and will act accordingly. I am hopeful that we can resolve this matter without further court intervention, in a manner befitting the decorum of our profession.

I await your prompt response.

Best regards,

Christopher T. Barone

On Monday, April 24, 2023 at 01:03:27 PM PDT, thectb <thectb@yahoo.com> wrote:

Dear Mr. Beach,

   I hope this message finds you in good health and spirits. I understand that you may be concerned about the sanction hearing against you.  My decision to bring forth the sanction hearing is not driven by personal animosity, but rather by my unwavering commitment to maintain the integrity of the judicial process. As an advocate dedicated to upholding the highest standards of the legal profession and diligently protecting my interests, I am compelled to pursue every appropriate avenue available under the law to ensure justice is served.

   In the event that you manifest an inclination to tender a settlement proposition congruous with the severity of my grievances and evincive of a genuine dedication to the expeditious settlement of this affair, I might entertain the prospect of retracting my request for a sanction hearing in favor of engendering a collaborative and reciprocally advantageous resolution for all involved including the court.

   I have faith that you will endeavor to construe this communique with the acuity and sagacity that your client trusted, and that you will act in your client's best interests, as I resolutely persevere in doing so for myself.

I appreciate your understanding in this matter and extend my best wishes to you as we continue to navigate these proceedings. May the pursuit of justice and the adherence to your professional responsibilities guide us to an equitable resolution.

Respectfully,

Christopher T. Barone

On Monday, April 24, 2023 at 10:36:23 AM PDT, Paul Beach <pbeach@lbaclaw.com> wrote:

Dear Mr. Barone,

     I hope that you are well, and that you had a pleasant weekend.

I have received and made a preliminary review of the motion for sanctions that you recently filed.  I would respectfully request that you file a notice of withdrawal, informing the Court that you have decided to not proceed on the motion.  I do not believe that it has merit or complies with the applicable legal standards and rules, and that if it had to be opposed, the County would insist that the Court be asked to award the fees and costs incurred.  Obviously, I would like to avoid that if possible.  I know that during the course of litigating your claims there have been some ups and downs between the parties, however, I also believe that we have gotten along much more than there has been disagreement, and that the parties could agree to move forward, focusing on the merits of the claims and defenses.  Please let me know your thoughts, and have a nice day.

Very truly yours,

Paul B. Beach



150 South Los Robles, Suite 660
Pasadena, California 91101
Phone: (818) 545-1925 ext. 222
E-mail: pbeach@lbaclaw.com
http://www.lawrencebeach.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925. Thank you.

Exhibit B

## Paul Beach

| | |
|---|---|
| **From:** | Paul Beach |
| **Sent:** | Wednesday, May 10, 2023 2:32 PM |
| **To:** | Christopher T. Barone |
| **Cc:** | Tiano Carson |
| **Subject:** | C. Barone v. LASD -- Stipulation to Use Magistrate Judge |
| **Attachments:** | 2023-05-10 Stipulation to Use Magistrate Judge.pdf |

Mr. Barone,

Please see the attached stipulation and advise if my office has your permission to affix your electronic signature and file it with the Court.

Very truly yours,


Paul B. Beach

LAWRENCE BEACH | ATTORNEYS AT LAW
ALLEN & CHOI · PC

150 South Los Robles, Suite 660
Pasadena, California 91101
Phone: (818) 545-1925 ext. 222
E-mail: pbeach@lbaclaw.com
http://www.lawrencebeach.com


This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925. Thank you.

PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
Los Angeles County Sheriff's Department,
Deputy Alexandria Metcalf, and Deputy Heather Parks

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER T. BARONE,<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-04200-JWH-PD<br><br>Honorable Patricia A. Donahue<br><br>**STIPULATION TO USE MAGISTRATE JUDGE AS SETTLEMENT OFFICER** |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

The Parties, Plaintiff Christopher Barone ("Plaintiff"), in pro per, and Defendants Los Angeles County Sheriff's Department, Deputy Alexandria Metcalf, and Deputy Heather Parks (collectively, "Defendants"), through their respective counsel of record (if any), hereby enter into the following Stipulation:

WHEREAS the Parties hereby agree to use the Honorable Magistrate Judge Patricia A. Donahue ("Magistrate") as a settlement officer in this proceeding. The Parties understand that during said settlement conference, confidential

1

information relevant to settlement shall be shared by the Parties with the Magistrate.  The Parties further understand that if the case does not resolve at the settlement conference, then the Magistrate may hear and rule upon any dispositive motions filed in this case.  The Parties further understand and agree that they may <u>not</u> in the future object to the Magistrate hearing or ruling upon said motions on the basis that she presided over the Parties' settlement conference.

WHEREAS the Parties further agree that they may be available to attend said settlement conference on either June 28, or July 10, 11 or 12, 2023, or other date convenient to the Magistrate and the Parties.

Dated: May 10, 2023                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____*/s/  Paul B. Beach*_____
        Paul B. Beach[1]
        Attorneys for Defendants
        Los Angeles County
        Sheriff's Department,
        Deputy Alexandria Metcalf and
        Deputy Heather Park


Dated: May 10, 2023                    PLAINTIFF IN PRO PER


By _____
        Christopher Barone
        Plaintiff in Pro Per

_____

[1] As the filer of this Stipulation, I, Paul B. Beach, attest that Christopher Barone concurs in the contents of this Stipulation and has authorized its filing.

2

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Tiano Carson, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 150 South Los Robles Avenue, Suite 660, Pasadena, California 91101.

On May 10, 2023, I served the foregoing **STIPULATION TO USE MAGISTRATE JUDGE AS SETTLEMENT OFFICER** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Christopher Barone
5523 Old Salt Ln.
Agoura Hills, CA 91301
thectb@yahoo.com

BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business.  I am aware that on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 10, 2023, at Pasadena, California.


By _____
                    Declarant

3

Exhibit C

**Paul Beach**

| | |
|---|---|
| **From:** | thectb <thectb@yahoo.com> |
| **Sent:** | Thursday, May 11, 2023 10:10 AM |
| **To:** | Paul Beach |
| **Cc:** | Tiano Carson |
| **Subject:** | Re: C. Barone v. LASD -- Stipulation to Use Magistrate Judge |
| **Attachments:** | 2023-05-11 Stipulation to Use Magistrate Judge.pdf |

Dear Mr. Beach,

I trust this email finds you well.

Please find attached the revised stipulation agreement regarding the use of Magistrate Judge Patricia A. Donahue as our settlement officer. In response to our previous discussions, a clause regarding a pre-settlement meeting has been included. This meeting is intended to facilitate a comprehensive review and discussion of key issues, facts, and arguments related to the case ahead of the formal settlement conference, thus promoting efficiency and potentially reducing the time spent in court.

Please note that this is the only modification to the agreement; all other clauses and stipulations remain unchanged (Date). I have signed the agreement in anticipation of your approval. If the revisions are acceptable to you, please feel free to file the agreement with the court.

Regarding the pre-settlement meeting, kindly let me know your availability so that we can schedule this at the earliest convenience. I believe this meeting will be instrumental in ensuring a smoother and more productive settlement conference.

I would also like to express my preference for the June 28th date for the settlement conference, as stipulated in the agreement. While I understand that there are factors which may necessitate alternative dates, I must voice my concern over the nearly three-month delay. Such a delay, in my view, does not align with the spirit of good faith that we have been striving for in this process. It is my hope that we can agree on a date that respects the urgency and gravity of the matters at hand.

Please review the attached document at your earliest convenience and provide your feedback. I look forward to hearing from you soon.

Thank you for your attention to this matter.

Christopher T. Barone

On Wednesday, May 10, 2023 at 02:32:20 PM PDT, Paul Beach <pbeach@lbaclaw.com> wrote:

Mr. Barone,

Please see the attached stipulation and advise if my office has your permission to affix your electronic signature and file it with the Court.

Very truly yours,

Paul B. Beach



150 South Los Robles, Suite 660
Pasadena, California 91101
Phone: (818) 545-1925 ext. 222
E-mail: pbeach@lbaclaw.com
http://www.lawrencebeach.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this

transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925. Thank you.

PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
Los Angeles County Sheriff's Department,
Deputy Alexandria Metcalf, and Deputy Heather Parks

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher T. Barone, <br><br>        Plaintiffs, <br><br>    vs. <br><br> Los Angeles County Sheriff's Department et al., <br><br>        Defendant | Case No.  2:21-cv-04200-JWH-PD <br><br> Honorable Patricia A. Donahue <br><br> **STIPULATION TO USE MAGISTRATE JUDGE AS SETTLEMENT OFFICER** |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

The Parties, Plaintiff Christopher Barone ("Plaintiff"), in pro per, and Defendants Los Angeles County Sheriff's Department, Deputy Alexandria Metcalf, and Deputy Heather Parks (collectively, "Defendants"), through their respective counsel of record (if any), hereby enter into the following Stipulation:

WHEREAS the Parties hereby agree to use the Honorable Magistrate Judge Patricia A. Donahue ("Magistrate") as a settlement officer in this

proceeding. The Parties understand that during said settlement conference, confidential information relevant to settlement shall be shared by the Parties with the Magistrate. The Parties further understand that if the case does not resolve at the settlement conference, then the Magistrate may hear and rule upon any dispositive motions filed in this case. The Parties further understand and agree that they may not in the future object to the Magistrate hearing or ruling upon said motions on the basis that she presided over the Parties' settlement conference.

PRE-SETTLEMENT MEETING: The Parties stipulate and agree to meet prior to the settlement conference to discuss key issues, facts, and arguments related to this case. The purpose of this pre-meeting is to prepare for the settlement conference, to promote efficiency by potentially resolving or narrowing down points of contention, and to reduce the burden on the court. The Parties agree to cooperate fully and act in good faith in this pre-meeting to promote these objectives.

WHEREAS the Parties further agree that they may be available to attend said settlement conference on either June 28, or July 10, 11 or 12, 2023, or other date convenient to the Magistrate and the Parties.

Dated: May 11, 2023               LAWRENCE BEACH ALLEN & CHOI, PC

By _____ /s/ Paul B. Beach _____
        Paul B. Beach[1]
        Attorneys for Defendants
        Los Angeles County
        Sheriff's Department,
        Deputy Alexandria Metcalf and
        Deputy Heather Park

---

[1] As the filer of this Stipulation, I, Paul B. Beach, attest that Christopher Barone concurs in the contents of this Stipulation and has authorized its filing.

Dated: May 11, 2023

PLAINTIFF IN PRO PER

By _____

Christopher T. Barone
Self-represented Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>PROOF OF SERVICE</u>**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I, Tiano Carson, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 150 South Los Robles Avenue, Suite 660, Pasadena, California 91101.

  On May 10, 2023, I served the foregoing **STIPULATION TO USE MAGISTRATE JUDGE AS SETTLEMENT OFFICER** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Christopher Barone
5523 Old Salt Ln.
Agoura Hills, CA 91301
thectb@yahoo.com

  BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

  Executed on May 10, 2023, at Pasadena, California.

     By _____

        Declarant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit D

**Paul Beach**

| | |
|---|---|
| **From:** | Paul Beach |
| **Sent:** | Thursday, May 11, 2023 10:24 AM |
| **To:** | thectb |
| **Cc:** | Tiano Carson |
| **Subject:** | Re: C. Barone v. LASD -- Stipulation to Use Magistrate Judge |

Mr. Barone,

      Thank you for your email.  Your addition of the paragraph to the stipulation exceeds that which the Court asked the parties to prepare and submit to the Court.  Furthermore, as you know, Defendants have tried, repeatedly, to express to you their position with respect to the litigation.  I do not believe that the "pre-settlement conference" to which you refer would be helpful.  Again, as the Court noted at the last status conference, ultimately, the parties do not need to agree on the facts, they only have to agree to resolve the case.  With that being said, of course, you are welcome, at any time, to send something to my office that you believe that the Defendants should consider in advance and as part of the settlement process.  What settlement communication you provide to me, I will provide to the County.

      In the meantime, to not delay the settlement process, I would ask that you authorize my office to file the stipulation that we sent to you yesterday (or return your signature on said stipulation).  Thank you for your time.

Paul Beach

On May 11, 2023, at 10:10 AM, thectb <thectb@yahoo.com> wrote:

Dear Mr. Beach,

I trust this email finds you well.

Please find attached the revised stipulation agreement regarding the use of Magistrate Judge Patricia A. Donahue as our settlement officer. In response to our previous discussions, a clause regarding a pre-settlement meeting has been included. This meeting is intended to facilitate a comprehensive review and discussion of key issues, facts, and arguments related to the case ahead of the formal settlement conference, thus promoting efficiency and potentially reducing the time spent in court.

Please note that this is the only modification to the agreement; all other clauses and stipulations remain unchanged (Date). I have signed the agreement in anticipation of your approval. If the revisions are acceptable to you, please feel free to file the agreement with the court.

Regarding the pre-settlement meeting, kindly let me know your availability so that we can schedule this at the earliest convenience. I believe this meeting will be instrumental in ensuring a smoother and more productive settlement conference.

I would also like to express my preference for the June 28th date for the settlement conference, as stipulated in the agreement. While I understand that there are factors which may necessitate alternative dates, I must voice my concern over the nearly three-month delay. Such a delay, in my view, does not align with the spirit of good faith that we have been striving for in this process. It is my hope that we can agree on a date that respects the urgency and gravity of the matters at hand.

Please review the attached document at your earliest convenience and provide your feedback. I look forward to hearing from you soon.

Thank you for your attention to this matter.

Christopher T. Barone

On Wednesday, May 10, 2023 at 02:32:20 PM PDT, Paul Beach <pbeach@lbaclaw.com> wrote:

Mr. Barone,

Please see the attached stipulation and advise if my office has your permission to affix your electronic signature and file it with the Court.

Very truly yours,

Paul B. Beach

<image001.jpg>

150 South Los Robles, Suite 660
Pasadena, California 91101
Phone: (818) 545-1925 ext. 222
E-mail: pbeach@lbaclaw.com
http://www.lawrencebeach.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925. Thank you.

<2023-05-11 Stipulation to Use Magistrate Judge.pdf>

Exhibit E

**Paul Beach**

| | |
|---|---|
| **From:** | thectb <thectb@yahoo.com> |
| **Sent:** | Thursday, May 11, 2023 7:45 PM |
| **To:** | Paul Beach |
| **Cc:** | Tiano Carson |
| **Subject:** | Re: C. Barone v. LASD -- Stipulation to Use Magistrate Judge |

Dear Esteemed Counsel for the Los Angeles County Sheriff's Department Mr. Beach,

This email shall serve as notice that my revised stipulation was in fact rejected by you given your response and is no longer valid.

The fundamental tenets of Rule 56(a) under the Federal Rules of Civil Procedure delineate that summary judgment is fitting when there is an absence of genuine contention regarding any material fact, and the party making the motion is eligible for judgment according to law. The case at hand provides incontrovertible evidence that I am a victim of wrongful imprisonment. This is a fact not subject to dispute of material fact. Consequently, it follows I am entitled to judgment as per the law.  Not only were the attempts to intimidate me with lame claims of MSJ it served to be added as evidence later on if needed.

My primary objective has consistently been to expedite a fair resolution to this case. Regrettably, your recent responses coupled with the conspicuous absence of a satisfactory settlement offer intimates a disheartening lack of good faith in your approach to this case. Given the relative simplicity of this case, substantiated by the overwhelming evidence in favor of my claims, it is somewhat disconcerting that our negotiations persist at this length. In the pursuit of justice and cognizant of your professional obligations, I am compelled to request that you reconsider your current position. I acknowledge the nuanced balance between the defense of your clients and the demonstration of good faith. Nevertheless, your proposed stipulation, under these circumstances, appears more as a calculated attempt to protract proceedings rather than a genuine endeavor to resolve the matter.

Should I not receive a settlement offer from your clients that respects and acknowledges the unequivocal facts of this case by I will once again be obliged to submit a notice to the court regarding your apparent lack of good faith in this stipulation attempt and another motion for sanctions for which I will argue vigorously defend and pursue unlike my kind, good faith appearance last time.

I beseech you to exercise client control in this case to help your client. My patience, albeit substantial, is not infinite. Should we fail to reach a swift agreement, I will be necessitated to take the required steps to expedite the conclusion of this matter to finalize this case.

I am certain that you understand the seriousness of the situation and will act accordingly. Your immediate attention to this matter is highly appreciated, sir.

Respectfully,

Christopher T. Barone

On Thursday, May 11, 2023 at 11:54:11 AM PDT, thectb <thectb@yahoo.com> wrote:

Dear Mr. Beach,

Thank you for your response.

As we proceed with this litigation, it is crucial that we keep in mind the essence of this case. I was wrongfully imprisoned, as supported by the evidence you presented. This is not a case of complexity or ambiguity, but rather a straightforward matter of justice.

The proposed addition of a pre-settlement meeting to the stipulation was made with a view towards expediting a resolution, not complicating the process. As previously stated, this meeting is intended to encourage dialogue and resolution in line with the Court's advice.

Despite my substantial reduction in the claim from $2,000,000 to $1,000,000, we have yet to receive a counter-offer or any substantive settlement discussions from the Defendants. This absence of response is causing unnecessary delays and impeding the path to resolution and makes questionable the good faith effort by your clients.

I would like to underscore that the Court, I, and presumably the Defendants, all share a vested interest in resolving this case promptly. If we cannot achieve forward momentum in this direction, it may become necessary for me to explore other legal avenues. Given the clear and compelling evidence of wrongful imprisonment among other issues, one such recourse could be filing a motion for summary judgment, an action which could significantly hasten the resolution of this case.

Considering your proposed stipulation is scheduled two months away, such a timeframe provides ample opportunity for me to prepare and file this motion. I assure you I harbor no reservations about undertaking this task; my resources and time are well-equipped to handle it. I am confident that filing such a motion could prove beneficial for my client's position, providing a strong foundation for any potential appeal if necessary.

Meanwhile, I urge you to reconsider our proposed stipulation that includes a pre-settlement meeting or, at the very least, to engage in meaningful settlement discussions.

I look forward to your response and a constructive path forward in this matter.

2

Sincerely,

Christopher T. Barone


On Thursday, May 11, 2023 at 10:24:08 AM PDT, Paul Beach <pbeach@lbaclaw.com> wrote:

Mr. Barone,

Thank you for your email.  Your addition of the paragraph to the stipulation exceeds that which the Court asked the parties to prepare and submit to the Court.  Furthermore, as you know, Defendants have tried, repeatedly, to express to you their position with respect to the litigation.  I do not believe that the "pre-settlement conference" to which you refer would be helpful.  Again, as the Court noted at the last status conference, ultimately, the parties do not need to agree on the facts, they only have to agree to resolve the case.  With that being said, of course, you are welcome, at any time, to send something to my office that you believe that the Defendants should consider in advance and as part of the settlement process.  What settlement communication you provide to me, I will provide to the County.
In the meantime, to not delay the settlement process, I would ask that you authorize my office to file the stipulation that we sent to you yesterday (or return your signature on said stipulation).  Thank you for your time.

Paul Beach


On May 11, 2023, at 10:10 AM, thectb <thectb@yahoo.com> wrote:

Dear Mr. Beach,

I trust this email finds you well.

Please find attached the revised stipulation agreement regarding the use of Magistrate Judge Patricia A. Donahue as our settlement officer. In response to our previous discussions, a clause regarding a pre-settlement meeting has been included. This meeting is intended to facilitate a comprehensive review and discussion of key issues, facts, and arguments related to the case ahead of the formal settlement conference, thus promoting efficiency and potentially reducing the time spent in court.

Please note that this is the only modification to the agreement; all other clauses and stipulations remain unchanged (Date). I have signed the agreement in anticipation of your approval. If the revisions are acceptable to you, please feel free to file the agreement with the court.

3

Regarding the pre-settlement meeting, kindly let me know your availability so that we can schedule this at the earliest convenience. I believe this meeting will be instrumental in ensuring a smoother and more productive settlement conference.

I would also like to express my preference for the June 28th date for the settlement conference, as stipulated in the agreement. While I understand that there are factors which may necessitate alternative dates, I must voice my concern over the nearly three-month delay. Such a delay, in my view, does not align with the spirit of good faith that we have been striving for in this process. It is my hope that we can agree on a date that respects the urgency and gravity of the matters at hand.

Please review the attached document at your earliest convenience and provide your feedback. I look forward to hearing from you soon.

Thank you for your attention to this matter.

Christopher T. Barone

On Wednesday, May 10, 2023 at 02:32:20 PM PDT, Paul Beach <pbeach@lbaclaw.com> wrote:

Mr. Barone,

Please see the attached stipulation and advise if my office has your permission to affix your electronic signature and file it with the Court.

Very truly yours,

Paul B. Beach

<image001.jpg>

150 South Los Robles, Suite 660
Pasadena, California 91101
Phone: (818) 545-1925 ext. 222
E-mail: pbeach@lbaclaw.com
http://www.lawrencebeach.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this in error, please notify Lawrence Beach Allen & Choi, PC immediately by telephone at (818) 545-1925. Thank you.

<2023-05-11 Stipulation to Use Magistrate Judge.pdf>

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I, Tiano Carson, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 150 South Los Robles Avenue, Suite 660, Pasadena, California 91101.

     On May 12, 2023, I served the foregoing **DEFENDANTS' STATUS REPORT RE SETTLEMENT CONFERENCE; DECLARATION OF PAUL B. BEACH IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Christopher Barone
5523 Old Salt Ln.
Agoura Hills, CA 91301

     BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business.  I am aware that on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on May 12, 2023, at Pasadena, California.

By _____
         Declarant

6