UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER T. BARONE,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, et al.<br><br>Defendants. | Case No. 2:21-cv-04200-SSS-PD<br><br>**ORDER ACCEPTING REPORT AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint ("SAC"), the summary judgment motion filed by Defendants Los Angeles County Sheriff's Department, Deputy Alexandria Metcalf, and Deputy Heather Parks ("Motion"), the records on file, the Report and Recommendation of United States Magistrate Judge recommending granting the Motion ("Report"), Plaintiff's Objections to the Report, and Defendants' Response to Plaintiff's Objections. [Dkt. 39, 62–64, 70, 71, 73].

The Court has conducted a *de novo* review of the portions of the Report to which Objections were directed. Although not required, the Court briefly discusses Plaintiff's Objections. *See United States v. Ramos*, 65 F.4th 427, 434

-1-

(9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

Plaintiff did not file an opposition to the Motion. Plaintiff asserts five objections to the Report: (1) there are disputes of material fact regarding whether there was probable cause to arrest Plaintiff; (2) there are disputes of material fact with respect to the reasonableness of Deputy Metcalf's search of Plaintiff; (3) the *Monell* claim raises triable issues of fact; (4) Defendants failed to meet their burden with respect to non-compliance with the Government Claims Act; and (5) sufficient evidence exists to support an intentional infliction of emotional distress claim. [Dkt. 71].

**Objection One**

Plaintiff objects to the Report's finding that there was probable cause for his arrest based on his claims that the temporary restraining order ("TRO") had expired, he was never served with the TRO, his arrest lacked probable cause because the TRO required him to stay away from Michael Allan, who was not present at the time of his arrest, he should be excused because some unspecified deputies at unspecified times purportedly did not arrest others for their violations of unspecified restraining orders, and Deputies Parks and Metcalf's decision to call the reporting party, Ms. Wagner, to the scene to assist in their investigation somehow undermined probable cause for Plaintiff's arrest. [Dkt. 71 at 2–5, 8]. This objection is without merit for the reasons set forth in the Report, which addresses each of these allegations in detail.

In particular, Plaintiff's objection that he was unaware that the TRO had been extended is contradicted by court records showing that he appeared at the hearing where it was extended. [Dkt. 64 at 51, 54].

**Objection Two**

Plaintiff objects to the Report's discussion of the post-arrest search. [Dkt. 71 at 8, 11–15]. Plaintiff submits that triable issues of fact exist as to whether Deputy Metcalf's search violated the Fourth Amendment, that no evidence suggested that Deputy Metcalf had reason to believe that Plaintiff was concealing contraband, and that his allegations alone create a triable issue of fact. [*Id.*]. Plaintiff's objections are without merit for the reasons set forth in the Report.

In the Objections, Plaintiff states that Deputy Metcalf "forcibly fondled [his] genitals for several minutes." [Dkt. 71 at 11]. However, at his deposition, Plaintiff testified that Deputy Metcalf performed the pat-down search of his body, and that the entire search lasted about a minute. [Dkt. 63-1 at 67]. As discussed in the Report, the undisputed evidence demonstrates that the search conducted by Deputy Metcalf constituted de minimis touching for purposes of Fourth Amendment analysis and that the Deputies are entitled to summary judgment on Plaintiff's unreasonable search and seizure claim. Further, Plaintiff's reliance on *Minnesota v. Dickerson*, 508 U.S. 366 (1993) and *Safford Unified School District #1 v. Redding,* 557 U.S. 364 (2009), [Dkt. 71 at 12–13], is misplaced, because those cases relate to expanding the scope of a pat-down search, such as through reaching into pockets (*Minnesota*) and searching underwear (*Safford*), which did not occur here. Deputy Metcalf searched Plaintiff through his outer clothing and did not exceed the scope of a reasonable pat-down search.

Plaintiff also argues that his allegation that Deputies Parks and Metcalf inappropriately groped his genitals alone raises a "triable issue on the federal § 1983 claim, regardless of probable cause for the initial arrest." [*Id.* at 8]. Plaintiff is mistaken. On summary judgment the non-moving party "may not rest upon mere allegation or denials of his pleadings." *Anderson,* 477 U.S. at

256. Rather, the nonmoving party "must present affirmative evidence ... from which a jury might return a verdict in his favor." *Id.* A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Here, there are no triable issues of fact as to Plaintiff's claim that Deputy Metcalf's search was unreasonable and violated the Fourth Amendment.

Plaintiff further objects to the Report's conclusion that Deputies Metcalf and Parks are entitled to qualified immunity. [Dkt. 71 at 9, 13–14]. He argues that his allegations regarding the violation of the Equal Protection Clause "could demonstrate that he was improperly singled out" and therefore, qualified immunity would not shield Defendants. [*Id.* at 9]. However, Plaintiff did not raise an Equal Protection claim in the SAC, and he does not allege that he belonged to a protected class or suffered any discrimination and fails to provide any evidence supporting his claim. In the Objections, Plaintiff also asserts that under *Mendez v. County of Los Angeles*, 897 F.3d 1067 (9th Cir. 2018), a "reasonable officer would know that fondling a restrained subject's genitals without justification violates the suspect's clearly established rights." [*Id.* at 13–14]. However, *Mendez* has nothing to do with post-arrest or pat-down searches. Further, as explained in the Report, there is no evidence of misconduct during the brief pat-down search.

**Objection Three**

Plaintiff objects to the Report's discussion of the *Monell* claim. [Dkt. 71 at 14–16, 19–22.] Plaintiff asserts that the allegations in his SAC of prior incidents involving LASD deputies engaging in the same types of misconduct at issue here demonstrate a pattern of unlawful conduct (citing the SAC at ¶¶ 54–62), and that his allegations "must be accepted as true at this stage" and are sufficient to raise a triable issue of fact. [*Id.* at 19–22]. Plaintiff also asserts that

his allegations regarding the LASD's failure to discipline deputies involved in prior incidents of misconduct (citing the SAC at ¶¶ 63-65), bolster his *Monell* claim by supporting an inference of deliberate indifference by LASD policymakers. [*Id.* at 20-21]. Plaintiff further asserts that the allegations and reasonable inferences in the SAC, are sufficient to raise genuine disputes of material fact as to the existence of a county custom or practice of unconstitutional conduct. [*Id.* at 21–22].

These objections are without merit. Plaintiff's reference to the unverified SAC do not support a *Monell* claim, as paragraphs 54-62 do not demonstrate a pattern of misconduct and paragraphs 63-65 do not support an inference of deliberate indifference. Further, as noted above, the non-moving party on summary judgment "may not rest upon mere allegation or denials of his pleadings." *Anderson,* 477 U.S. at 256. As explained in the Report, an improper custom cannot be based "on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citation omitted). Here, there is no evidence linking a county policy or custom to the conduct of any individual Defendants with respect to Plaintiff's claims. In sum, Plaintiff has raised no triable issue of fact as to his *Monell* claim.

**Objection Four**

Plaintiff objects to the Report's finding that he failed to produce evidence showing compliance with the Government Claims Act. [Dkt. 71 at 16–22]. Plaintiff asserts that Defendants did not meet their burden of demonstrating the absence of a triable issue of fact as to this issue, the declaration of Katherine Medina lacks foundation and personal knowledge, is unauthenticated and hearsay, and is contradicted by Plaintiff's testimony, the SAC alleges compliance with the Government Claims Act (citing the SAC at ¶¶ 66–67),

granting summary judgment would be a miscarriage of justice given evidence of Plaintiff's compliance and, to the extent this is alleged, the purpose of the Government Claims Act is to provide notice to public entities, not serve as a technical trap for plaintiffs. [Dkt. 71 at 16–22].

These objections are without merit. As explained in the Report, Defendants produced a declaration under penalty of perjury from Ms. Medina, Deputy Clerk of the Board of Supervisors for the County of Los Angeles, attesting that the County had never received a claim from Plaintiff—and Plaintiff failed to produce any competent contrary evidence or oppose it on summary judgment. [Dkt. 63-3 at 2–3]. Further, Plaintiff's reference to the unverified SAC does not demonstrate compliance, as paragraphs 66 and 67 do not allege compliance or make reference to the Government Claims Act. Further, as explained above, allegations made in pleadings are not evidence. *See Anderson,* 477 U.S. at 256.

The Report states that the Court ordered Plaintiff to produce to Defendants by November 30, 2022, the document showing he had complied with the Government Claims Act, and that he never produced this document. [Dkt. 70 at 20 n.6]. In his Objections, Plaintiff asserts that he complied with the Government Claims Act and filed his tort claim on July 5, 2020. [Dkt. 71 at 18.] Attached to the Objections is a document entitled "Claims for Damages to Person or Property" that bears the date July 6, 2020. [*Id.* at 46]. This document is not authenticated. Construing the allegation liberally because Plaintiff is proceeding pro se, this document could constitute evidence that Plaintiff filed a tort claim on July 6, 2020, and thus preclude summary judgment based on Defendants' argument that Plaintiff failed to comply with the Government Claims Act. A Court has discretion, but is not required to, consider arguments or evidence presented for the first time in objections to a report and recommendation. *Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012); *United

*States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000), *cert. denied*, 534 U.S. 831 (2001). The Court exercises its discretion to consider this document and, therefore, does not adopt the recommendation in the Report that the Motion be granted on the ground that Plaintiff failed to comply with the Government Claims Act. However, even if this document had been timely produced and authenticated, Defendants have met their burden of establishing the absence of a genuine issue of material fact as to the state law claims in the SAC. Plaintiff did not object to the Report's recommendation granting summary judgment to Defendants on Plaintiff's state law claims for false arrest/false imprisonment, the Bane Act, and negligence. The Court therefore adopts the recommendation in the Report that the Motion be granted on the state law claims in the SAC.

**Objection Five**

Plaintiff objects to the Report's finding that there was insufficient evidence to sustain his intentional infliction of emotional distress claim. [Dkt. 71 at 22–26]. Plaintiff asserts that he has offered ample evidence to create a triable issue of fact—with respect to "Deputy Metcalf's invasive and abusive search" and the "baseless arrest on an invalid warrant"—to find extreme and outrageous conduct. [*Id.* at 22]. These objections are without merit. As explained in the Report, the search did not violate the Fourth Amendment and there was probable cause to arrest him. Plaintiff did not produce admissible evidence that Defendants engaged in any "extreme or outrageous" conduct.

The Court accepts the findings and recommendations of the Magistrate Judge and adopts them as its own findings and conclusions with the exception as set forth above.

//

//

//

1     **IT THEREFORE IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**, and that judgment be entered dismissing the SAC and this action **WITH PREJUDICE**.

    **IT IS SO ORDERED.**

DATED: June 12, 2024

SUNSHINE S. SYKES  
United States District Judge